1 | LAURENCE W. PARADIS (California Bar No. 122336)
STUART SEABORN (California Bar No. 198590)
2 | MICHAEL S. NUNEZ (California Bar No. 280535)
DISABILITY RIGHTS ADVOCATES
3 | 2001 Center Street, Third Floor
Berkeley, California 94704
4 | Telephone:  (510) 665-8644
Facsimile:  (510) 665-8511
5 | TTY:  (510) 665-8716

6 | JAY KOSLOFSKY (California Bar No. 97024)
LAW OFFICES OF JAY KOSLOFSKY
7 | P.O. Box 9236
Berkeley, CA  94709
8 | Telephone:  (510) 280-5627
Fax:  (510) 845-3707

9

10



11

## UNITED STATES DISTRICT COURT

12

## NORTHERN DISTRICT OF CALIFORNIA

13

## SAN FRANCISCO DIVISION

14

15 | LIGHTHOUSE FOR THE BLIND AND
VISUALLY IMPAIRED, on behalf of itself

C12-00195

16 | and all others similarly situated, ANGELA
GRIFFITH, on behalf of herself and all others

**CLASS ACTION**

17 | similarly situated, LISAMARIA MARTINEZ,
on behalf of herself and all others similarly

**COMPLAINT FOR VIOLATIONS OF
THE AMERICANS WITH DISABILITIES**

18 | situated, JOSH SAUNDERS, on behalf of
himself and all others similarly situated,

**ACT, 42 U.S.C. §§ 12101, et seq., THE
UNRUH CIVIL RIGHTS ACT, CAL. CIV.**

19 | SHANA RAY, on behalf of herself and all
others similarly situated, and JENNIFER

**CODE § 51, et seq., and THE
CALIFORNIA DISABLED PERSONS**

20 | WESTBROOK, on behalf of herself and all
others similarly situated,

**ACT, CAL. CIV. CODE §§ 54-54.3**

21

22 |     Plaintiffs,

23 | v.

24 | REDBOX AUTOMATED RETAIL, LLC,
AND SAVE MART SUPERMARKETS,

25

26 |     Defendants.

27

28

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

## INTRODUCTION

Plaintiffs complain of Defendants and allege herein as follows:

1.       This class action seeks to put an end to systemic civil rights violations committed by Defendants Redbox Automated Retail LLC (hereafter "Redbox") and Save Mart Supermarkets (hereafter "Save Mart") against blind persons in California.  Redbox and Save Mart are denying blind individuals equal access to the goods and services they provide at inaccessible Redbox DVD rental kiosks at Save Mart's supermarkets and thousands of other locations throughout California.  The kiosks provide an array of services to tens of thousands of customers (or more) in California on a daily basis. These services include the ability to browse and select DVDs and Blue-Ray video disks (hereafter "DVDs") as well as the ability to rent and pay for DVDs independently, without the assistance of a store clerk or a third party.  All Redbox kiosks make use of an exclusively visual, touch-screen interface that is inaccessible to the blind.

2.       In the wave of automation and self-service shopping made possible by technological advances in recent years, self-service kiosks are becoming an increasingly prominent part of the way people shop.  Additionally, with the closing of many video rental stores as a reality of today's economy, video rental kiosks are among the few remaining options in the DVD rental market.

3.       Plaintiffs use the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.  Some blind people who meet this definition have limited vision. Others have no vision.

4.       Many blind people enjoy films and on their own as well as with sighted friends and family, just as sighted people do.  Many blind people enjoy watching films with friends who can describe the action. They also enjoy dialogue driven films on their own.  The lack of accessible video rental kiosks means that blind people are excluded from the rapidly expanding self-service, retail economy and from independently accessing this ever-popular form of entertainment.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

1    5.    Despite readily available accessible technology, such as the technology in use at

2    accessible ATMs, which makes use of tactile controls and screen reading software, Redbox has

3    chosen to rely on an exclusively visual interface.  Redbox's sighted customers can independently

4    browse, select, and pay for DVDs at Redbox kiosks without the assistance of others.  However,

5    blind people must rely on sighted companions or strangers to assist them in renting and returning

6    DVDs at Redbox kiosks.  Blind people must also disclose personal information, including their

7    zip codes, to these other individuals in order to complete a rental at the Redbox kiosks.

8    6.    By failing to make its kiosks accessible to blind persons, Redbox is violating

9    basic equal access requirements under both state and federal law. By providing customers with

10   Redbox kiosks in its stores without accessible features, Save Mart is also violating basic equal

11   access requirements under federal and California state law.

12   7.    Congress provided a clear and national mandate for the elimination of

13   discrimination against individuals with disabilities when it enacted the Americans with

14   Disabilities Act. Such discrimination includes barriers to full integration, independent living, and

15   equal opportunity for persons with disabilities, including those barriers created by self-service

16   retail kiosks in supermarkets and other public accommodations that are inaccessible to blind and

17   visually impaired persons.  Similarly, California state law requires full and equal access to all

18   business establishments and places where the public is invited.

19   8.    Plaintiffs, consisting of several blind individuals and the Lighthouse for the Blind

20   and Visually Impaired, attempted to resolve this matter without a lawsuit, but were unable to

21   obtain a commitment by Redbox or Save Mart to remedy these barriers to full and equal access.

22                                **JURISDICTION**

23   9.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §

24   1331 and 42 U.S.C. § 12188, for Plaintiffs' claims arising under the Americans with Disabilities

25   Act, 42 U.S.C. §§ 12101, *et seq*.

26   10.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over

27   Plaintiffs' pendent claims under the California Unruh Civil Rights Act (California Civil Code §§

28   51, *et seq*.), and the Disabled Persons Act (California Civil Code §§ 54-54.3).

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

1

## VENUE

2    11.    Venue is proper in the Northern District pursuant to 28 U.S.C. §§ 1391(b)-(c) and

3    1441(a).

4    12.    Defendants Redbox and Save Mart are registered to do business in California and

5    have been doing business in California, including the Northern District of California.  Defendant

6    Save Mart owns and/or operates at least 200 stores in California and has over seventy stores in

7    the Northern District of California, many of those under the brand name "Lucky."  Defendant

8    Redbox maintains thousands of video rental kiosks in California, including several hundred in

9    the Northern District of California.  Defendants are subject to personal jurisdiction in this

10    District.  Defendants also have been and are committing the acts alleged herein in the Northern

11    District of California, have been and are violating the rights of consumers in the Northern

12    District of California, and have been and are causing injury to consumers in the Northern District

13    of California.  A substantial part of the acts and omissions giving rise to Plaintiffs' claims have

14    occurred in the Northern District of California.

15    13.    Members of the class reside throughout California including in the Northern

16    District.  Plaintiff Griffith is a California citizen and resides in the Northern District of

17    California.  She experienced injury in this District as a result of an inaccessible, touch-screen

18    Redbox kiosk in El Cerrito, California.  Plaintiff Martinez is a California citizen and resides in

19    the Northern District of California.  She experienced injury in this District as a result of an

20    inaccessible, touch-screen Redbox kiosk in Fremont, California.  Plaintiffs Saunders and Ray are

21    California citizens and reside in the Northern District of California.  They experienced injury in

22    this district as a result of an inaccessible touch-screen Redbox kiosk in El Cerrito, California.

23    Plaintiff Westbrook is a California citizen and resides in the Northern District of California.  She

24    experienced injury in this District as a result of inaccessible touch-screen Redbox kiosks in

25    Pleasant Hill, California.  Additionally, the Lighthouse for the Blind and Visually Impaired is

26    headquartered in San Francisco, California.

27    / / /

28    / / /

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

## PARTIES

14.     Plaintiff the Lighthouse for the Blind and Visually Impaired (hereafter "the Lighthouse"), a non-profit corporation, is one of California's oldest organizations serving the blind and visually impaired community.  The Lighthouse is dedicated to aiding blind and visually impaired individuals in leading productive, enriching, and independent lives.  To further its mission, the Lighthouse offers members of the blind and visually impaired community training to help them independently enjoy numerous recreational activities, such as film.  This training includes orientation and mobility instruction designed to teach blind and visually impaired individuals how to independently travel to and access local services, such as video rental establishments.  The Lighthouse sues on behalf of itself and in furtherance of its extensive efforts and expenditure of resources in promoting its mission of strengthening the independence of blind and visually impaired persons in all aspects of their lives, as well as on behalf of other blind and visually impaired individuals throughout California.

15.     Plaintiff Griffith is a citizen of California and resident of El Cerrito, California.  Ms. Griffith is blind and a member of a protected class under the Americans with Disabilities Act, the Unruh Civil Rights Act and the Disabled Persons Act.  Ms. Griffith is a student and a part-time consultant at the Lighthouse.  Ms. Griffith attempted to use a Redbox touch-screen kiosk at one of Defendant Save Mart's Lucky supermarkets in El Cerrito, California.  However, because Redbox's inaccessible touch-screen kiosk did not offer a non-visual means of operation, Ms. Griffith was unable to rent a film independently using the kiosk and had to seek the assistance of a third party to do so.

16.     Plaintiff Martinez is a citizen of California and resident of Union City, California.  Ms. Martinez is a person with a visual impairment and a member of a protected class under the Americans with Disabilities Act, the Unruh Civil Rights Act and the Disabled Persons Act.  Ms. Martinez is a staff member at the Lighthouse.  Ms. Martinez would like to independently rent DVDs to watch with her husband and her son.  Ms. Martinez attempted to use a Redbox kiosk at a Lucky supermarket in Fremont, CA and was unable to do so without seeking the assistance of a third party due to the inaccessible touch-screen and exclusively visual interface.

17.     Plaintiff Saunders is a citizen of California and a resident of El Cerrito, California. Mr. Saunders has 20 x 400 vision and is legally blind. He is a member of a protected class under the Americans with Disabilities Act, the Unruh Act and the Disabled Persons Act. Mr. Saunders has some remaining vision and frequently enjoys watching movies on DVD. Mr. Saunders attempted to use a Redbox kiosk at a Lucky supermarket in El Cerrito, California. Although Mr. Saunders has some limited vision, he was unable to see the touch-screen commands on the Redbox kiosk and was, therefore, unable to browse, rent or pay for a DVD using the Redbox kiosk.

18.     Plaintiff Ray is a citizen of California and a resident of El Cerrito, California. Ms. Ray is blind and a member of a protected class under the Americans with Disabilities Act, the Unruh Civil Rights Act and the Disabled Persons Act. Ms. Ray frequently enjoys watching movies with her friends. Ms. Ray attempted to use a Redbox kiosk at a Lucky supermarket in El Cerrito, California and was unable to do so on her own due to the inaccessible touch-screen and exclusively visual interface.

19.     Plaintiff Westbrook is a citizen of California and a resident of Pleasant Hill, California. Ms. Westbrook is legally blind. She has no vision in one eye and has 20 X 500 vision in her other eye. Ms. Westbrook is a member of a protected class under the Americans with Disabilities Act, the Unruh Civil Rights Act, and the Disabled Persons Act. Ms. Westbrook frequently enjoys watching movies on DVD by herself and with her two children. Ms. Westbrook attempted to use a Redbox kiosk outside a 7-11 store in Pleasant Hill, California. Although Ms. Westbrook has some limited vision, she was unable to see the touchscreen commands and, therefore, was unable to rent a DVD using the kiosk. Ms. Westbrook also attempted to use a Redbox kiosk at a Lucky supermarket in Pleasant Hill, California. Ms. Westbrook was unable to see the touchscreen commands on the Redbox kiosk and, therefore, unable to use the kiosk on her own.

20.     Defendant Redbox is an Illinois-based, for-profit corporation that owns, operates and/or maintains Redbox DVD rental kiosks at thousands of places of public accommodation, including Save Mart's supermarkets, throughout California. Redbox's facilities are located both

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

1   inside and outside various retail stores or other facilities so that, at some locations, sighted

2   customers never have to enter the store in order to use the Redbox kiosk. Redbox's self-service

3   kiosks are used by tens of thousands of customers in California every day. Redbox has used a

4   uniform design so that each of the kiosks it operates in California offers Redbox's customers a

5   variety of services through the same touch-screen interface. All of Redbox's DVD rental kiosks

6   in California are inaccessible to blind persons. Plaintiffs seek full and equal access to the

7   accommodations, advantages, facilities, privileges, and services provided by Redbox at its

8   numerous facilities throughout California.

9        21.    Defendant Save Mart is a for-profit corporation based in Modesto, California.

10  Save Mart owns, operates, and/or maintains over two hundred supermarket stores throughout

11  California under various brand names including "Save Mart" and "Lucky." Save Mart operates

12  approximately seventy of its stores in Northern California under the brand name, "Lucky."

13  Nearly all of Save Mart's supermarket stores in California provide customers Redbox kiosks and

14  the accommodations, advantages, facilities, privileges, and services offered to customers by such

15  kiosks. All of the Redbox kiosks Save Mart provides at its stores are inaccessible to blind and

16  visually impaired individuals.

17                          **CLASS ACTION ALLEGATIONS**

18       22.    Plaintiffs seek certification of the following Class pursuant to Fed. R. Civ. P.

19  23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals who have been and/or

20  are being denied access to Redbox kiosks in California."

21       23.    The persons in the class are so numerous that joinder of all such persons is

22  impractical and the disposition of their claims in a class action is a benefit to the parties and to

23  the Court.

24       24.    This case arises out of Defendants' common policy and practice of denying blind

25  persons access to the goods and services of Redbox kiosks since all Redbox kiosks are

26  inaccessible to blind persons. Due to Defendants' policy and practice of failing to remove access

27  barriers, blind persons have been and are being denied full and equal access to Redbox kiosks

28  and the goods and services they offer.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

25.     There are common questions of law and fact involved affecting the parties to be represented in that they all are legally blind and have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of the accommodations, advantages, facilities, privileges, and services provided at Redbox kiosks, due to the lack of accessible features at such kiosks, as required by law for persons with disabilities.

26.     The claims of the named Plaintiffs are typical of those of the class.

27.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiffs have retained and are represented by counsel competent and experienced in complex class action litigation, including class actions brought under the Americans with Disabilities Act and California law requiring full and equal access for people with disabilities.

28.     Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole.

29.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

30.     References to Plaintiffs shall be deemed to include the named Plaintiffs and each member of the class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

31.     Redbox kiosks are self-service, automated machines that allow sighted customers to rent and return DVDs independently by using a touch-screen interface, without the assistance of a store clerk or any other third party.  Redbox operates its touch-screen kiosks at hundreds of Save Mart's supermarkets and thousands of other business establishments throughout California. Redbox provides its self-service kiosks both inside and outside of such stores. Where Redbox kiosks are physically located outside of these stores, customers do not need to enter these stores

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

to rent and/or return DVDs using the kiosks. Redbox DVD rentals account for approximately 34% of the DVD rental market nationwide, and Redbox surpassed 1 billion DVD rentals nationally in September 2010. Tens of thousands of Californians (or more) use Redbox kiosks to browse, select, pay for, and return DVDs every day.

32.   Defendant Save Mart provides Redbox self-service DVD rental kiosks as accommodations, advantages, facilities, privileges, and services of its supermarket stores at approximately two hundred locations in California.

33.   Redbox's kiosks are inaccessible to blind and visually impaired individuals. The kiosks make use of an exclusively visual interface that requires users to identify and interact with command icons to browse film titles visually, on the screen, without any adaptive features, such as a screen reader with audio description or tactile buttons used to control commands. As a result, all of the services and features provided at Redbox kiosks are only available to sighted customers.

34.   Sighted customers who use Redbox kiosks at Save Mart and other business establishments have access to a variety of accommodations, advantages, facilities, privileges, and services, including the following:

- The ability to browse and select DVD titles independently, without the assistance of a store clerk or another third party.

- The ability to pay for DVD titles privately and independently, without having to disclose any personal information, such as a zip code, to a store clerk or a third party.

- The ability to return rented DVD titles independently, without the assistance of a store clerk or another third party.

35.   In contrast, blind customers must seek the assistance of companions, strangers, or other third parties in order to use Redbox kiosks at all. Additionally, to rent any DVDs at the Redbox kiosks, blind individuals must disclose their zip codes to a third party so that the third party can enter the zip codes for them on the inaccessible touch screen. Finally, blind customers

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

1 must seek the assistance of companions, strangers, or other third parties to return rented DVDs,

2 since the commands that customers use to return items at the kiosks require the use of the

3 inaccessible touch-screen.

4     36.   Technology exists that would render Redbox's touch-screen kiosks accessible to

5 blind customers, and this technology is already in use by other sales establishments and at

6 automated bank teller machines throughout California. This technology includes an audio

7 interface system, a tactile keyboard, and/or interactive screen reader technology for use with

8 touch screens.

9     37.   Defendant Redbox has long been aware of means by which its existing kiosks

10 could be made accessible to blind individuals and/or accessible kiosk models commercially

11 available for purchase. Nevertheless, Redbox has refused to make its kiosks accessible or

12 purchase inaccessible kiosks.

13     38.   Defendant Save Mart has long been aware of means by which DVD rental

14 services can be made accessible to blind and customers. Nevertheless, Save Mart has refused to

15 provide accessible DVD rental services in its stores.

16     39.   Defendants Redbox and Save Mart thus provide accommodations, advantages,

17 facilities, privileges, and services to customers that contain access barriers. These barriers deny

18 full and equal access to Plaintiffs, who would otherwise use the Redbox kiosks and who would

19 otherwise be able to fully and equally enjoy the benefits and services of Redbox kiosks, Save

20 Mart's supermarket stores, and thousands of other business establishments throughout California.

21     40.   On November 9, 2011, Plaintiffs notified Defendants of the unlawful accessibility

22 barriers at Redbox's touch-screen kiosks and requested that Defendants commit to make the

23 kiosks accessible as required under current law. Defendants have failed and refused to make

24 such a commitment.

25 **FIRST CAUSE OF ACTION**

26 (Violation of 42 U.S.C. §§ 12181, *et seq.* – Title III of the Americans with Disabilities Act)
(on behalf of Individual Named Plaintiffs and the Class)

27

28

1    41.    Plaintiffs incorporate by reference the foregoing allegations as if set forth fully

2  herein.

3    42.    Section 302(a) of Title III of the Americans with Disabilities Act of 1990, 42

4  U.S.C. §§ 12101 *et seq.*, provides:

5    No individual shall be discriminated against on the basis of disability in the full
     and equal enjoyment of the goods, services, facilities, privileges, advantages, or
6    accommodations of any place of public accommodation by any person who owns,
     leases (or leases to), or operates a place of public accommodation.
7

8    43.    Redbox DVD rental kiosks are rental establishments and, therefore, places of

9  public accommodation within the definition of Title III of the ADA. 42 U.S.C. §§12181(7)(E).

10    44.    Save Mart's supermarkets and the other stores where Redbox kiosks are located

11  throughout California are sales and rental establishments and, therefore, places of public

12  accommodation within the definition of Title III of the ADA.  42 U.S.C. §§12181(7)(E).  Redbox

13  kiosks are a service, privilege, facility, accommodation or advantage of these stores and

14  thousands of other sales and rental establishments where Redbox kiosks are provided throughout

15  California.

16    45.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to

17  deny individuals with disabilities or a class of individuals with disabilities the opportunity to

18  participate in or benefit from the goods, services, facilities, privileges, advantages, or

19  accommodations of a place of public accommodation.

20    46.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to

21  deny individuals with disabilities or a class of individuals with disabilities an opportunity to

22  participate in or benefit from the goods, services, facilities, privileges, advantages, or

23  accommodations of a place of public accommodation, which is equal to the opportunities

24  afforded to other individuals.

25    47.    Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also

26  includes, among other things:

27    a failure to make reasonable modifications in policies, practices, or procedures, when
     such modifications are necessary to afford such goods, services, facilities, privileges,
28    advantages, or accommodations to individuals with disabilities, unless the entity can
     demonstrate that making such modifications would fundamentally alter the nature of such

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

goods, services, facilities, privileges, advantages, or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

48.     The acts alleged herein constitute violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, and the regulations promulgated thereunder.  Patrons of Redbox, Save Mart, and thousands of other places of public accommodation in California where Redbox kiosks are provided who are blind have been denied full and equal access to such stores, places of public accommodation, and sales establishments, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct.  These violations are ongoing.  Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiffs and members of the class will continue to suffer irreparable harm.

49.     The actions of Defendants were and are in violation of the Americans with Disabilities Act 42 U.S.C. §§ 12181, *et seq.*, and therefore Plaintiffs are entitled to injunctive relief to remedy the discrimination.

WHEREFORE, Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiffs request relief as set forth below.

## SECOND CAUSE OF ACTION

(Violation of California Civil Code §§ 51, *et seq.* – the Unruh Civil Rights Act)
(on behalf of Individual Named Plaintiffs and the Class)

50.     Plaintiffs incorporate by reference the foregoing allegations as though fully set forth herein.

51.     The California Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.,* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

1  Defendants are systematically violating the Unruh Civil Rights Act, California Civil Code §§ 51,
2  *et seq.*

3      52.    Redbox's system for offering to the public DVD rentals through its system of
4  kiosks at thousands of locations throughout California is a "business establishment" within the
5  meaning of California Civil Code §§ 51, *et seq.* Save Mart's supermarkets throughout California
6  are also "business establishments" within the meaning of California Civil Code §§ 51, *et seq.*
7  Redbox generates hundreds of millions of dollars in revenue from the rental of goods at its
8  kiosks throughout California. Save Mart's supermarkets generate hundreds of millions of dollars
9  in revenue from the sale of goods in California through their approximately 200 stores. The
10 Redbox kiosks are accommodations, advantages, facilities, privileges, and services provided by
11 Redbox and Save Mart, which are inaccessible to blind patrons. This inaccessibility denies blind
12 patrons full and equal access to the accommodations, advantages, facilities, privileges, and
13 services that Defendants make available to the non-disabled public, in violation of the Unruh
14 Civil Rights Act, California Civil Code §§ 51, *et seq.* These violations are ongoing.

15     53.    Defendants' actions constitute intentional discrimination against the class on the
16 basis of a disability in violation of California Civil Code §§51 *et seq.*, Defendants are aware of
17 the complete lack of access of the Redbox kiosks to blind persons yet have deliberately chosen to
18 provide a benefit and service that is inaccessible to the blind. Moreover, Plaintiffs provided
19 Defendants written notice that Defendants are discriminating against blind individuals by
20 providing self-service, touch-screen DVD rental kiosks that are inaccessible to the blind.
21 Defendants have failed and refused to take any actions whatsoever to correct the access barriers
22 at issue even after being notified of the discrimination that such barriers cause.

23     54.    Defendants' failure to guarantee equal access for persons with disabilities to their
24 accommodations, advantages, facilities, privileges, and services as required by the Unruh Act,
25 California Civil Code §§ 51, et seq., is also demonstrated by their violation of the existing
26 accessibility standards for Automated Teller Machines in the California Building Code at 24
27 CCR §§ 1117B.7.1 and 1117B.7.6. Redbox kiosks are "Automated Teller Machines" within the
28 meaning of 24 CCR § 1117B.7.1, in that they are "point-of-sale machines used in grocery stores,

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

1   ticket sales facilities, and other business entities." Redbox kiosks violate the California Building

2   Code's existing access standards for automated teller machines, including point-of-sale

3   machines, because they fail to make available instructions and all information for the services

4   they offer accessible to and independently usable by persons with visual impairments. Failure to

5   comply with the building code also demonstrates a failure to provide full and equal access to

6   people with disabilities.

7        55.     Defendants are additionally violating California Civil Code § 51, in that the

8   conduct alleged herein constitutes a violation of various provisions of the Americans with

9   Disabilities Act (hereafter "ADA"), 42 U.S.C. §§ 12101, *et seq.*, as set forth above.  California

10   Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall

11   also constitute a violation of the Unruh Civil Rights Act.

12        56.     The actions of Defendants were and are in violation of the Unruh Civil Rights

13   Act, California Civil Code §§ 51, *et seq.*, and therefore Plaintiffs are entitled to injunctive relief

14   remedying the discrimination.  Unless the Court enjoins Defendants from continuing to engage

15   in these unlawful practices, Plaintiffs and members of the class will continue to suffer irreparable

16   harm.

17        57.     Plaintiffs are also entitled to statutory minimum damages pursuant to California

18   Civil Code § 52 for each and every offense.

19        WHEREFORE, Plaintiffs request relief as set forth below.

20

21   ### THIRD CAUSE OF ACTION

22   (Violation of Cal. Civ. Code §§ 54-54.3. – the Disabled Persons Act)
     (on behalf of Individual Named Plaintiffs and the Class)

23        58.     Plaintiffs incorporate by reference the foregoing allegations as set forth fully

24   herein.

25        59.     California Civil Code §§ 54-54.3 guarantee full and equal access for people with

26   disabilities to all accommodations, advantages, facilities, and privileges of "all places of public

27   accommodation" and "other places to which the general public is invited."  Redbox's thousands

28   of DVD rental kiosks throughout California constitute "places of public accommodation" or

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

"other places where the public is invited" within the meaning of California Civil Code §§ 54-54.3. Save Mart's supermarkets where Redbox kiosks are provided throughout California also constitute "places of public accommodation" or "other places where the public is invited" within the meaning of California Civil Code §§ 54-54.3.

60.    Redbox kiosks constitute accommodations, advantages, facilities, and privileges provided by Defendants to members of the public in California and are, therefore, subject to the access requirements of California Civil Code § 54.1 applicable to "all places of public accommodation" and "other places to which the general public is invited."

61.    Defendants are violating the right of blind persons to full and equal access to public places by denying full and equal access to Redbox kiosks in violation of California Civil Code §§ 54-54.3.

62.    Defendants are also violating California Civil Code §§ 54-54.3, in that their actions are a violation of the ADA. Any violation of the ADA is also a violation of California Civil Code § 54.1.

63.    Defendants' violation of the existing accessibility standards for Automated Teller Machines in the California Building Code at 24 CCR §§ 1117B.7.1 and 1117B.7.6 also constitutes a violation of Civil Code §§ 54-54.3. Redbox kiosks are "Automated Teller Machines" within the meaning of 24 CCR § 1117B.7.1, in that they are "point-of-sale machines used in grocery stores, ticket sales facilities, and other business entities." Redbox kiosks violate the California Building Code's existing access standards for automated teller machines, including point-of-sale machines, because they fail to make available instructions and all information for the services they offer accessible to and independently usable by persons with visual impairments. Failure to comply with the building code also demonstrates a failure to provide full and equal access to people with disabilities.

64.    As a result of Defendants' wrongful conduct, the individual named Plaintiffs and the Class are entitled to statutory minimum damages under California Civil Code § 54.3 for each offense.

WHEREFORE, Plaintiffs request relief as set forth below.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204

# FOURTH CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiffs and the Class)

65.   Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

66.   An actual controversy has arisen and now exists between the parties in that Plaintiffs contend, and are informed and believe that Defendants deny, that Defendants, by providing inaccessible Redbox kiosks at public accommodations and business establishments throughout California, fail to comply with applicable laws including, but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* California Civil Code §§ 51, *et seq.*, and California Civil Code §§ 54-54.3 prohibiting discrimination against the blind and visually impaired.

67.   A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiffs request relief as set forth below.

# RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment as follows:

1.   A preliminary and permanent injunction to prohibit Defendants from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and California Civil Code §§ 51, *et seq.*;

2.   A preliminary and permanent injunction requiring Defendants to take the steps necessary to make Redbox kiosks provided at Save Mart's supermarkets in California as well as all other locations where Redbox kiosks are provided throughout California readily accessible to and usable by blind and visually impaired individuals.

3.   A declaration that Redbox and Save Mart are owning, maintaining and/or operating Redbox kiosks in a manner which discriminates against the blind and visually impaired and which fails to provide access for persons with disabilities as required by the Americans with

1 Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, California Civil Code §§ 51, *et seq.* and California

2 Civil Code §§54-54.3;

3      4.    An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2)

4 and/or (b)(3), appointing Plaintiffs as Class Representatives, and their attorneys as Class

5 Counsel;

6      5.    Damages in an amount to be determined by proof, including all applicable

7 statutory damages;

8      6.    Plaintiffs' reasonable attorneys' fees, expenses, and costs of suit as provided by

9 law;

10      7.    For pre-judgment interest to the extent permitted by law; and

11      8.    Such other and further relief as the Court deems just and proper.

12

13 DATED:  January 12, 2012

                  DISABILITY RIGHTS ADVOCATES

14                   LAW OFFICES OF JAY KOSLOFSKY

15

16             By: *Michael Nunez*

17                   Michael Nunez
                  Attorney for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*Lighthouse for the Blind, et al. v. Redbox, et al.*
Complaint