Sue J. Stott, Bar No. 91144
SStott@perkinscoie.com
Anahit Samarjian, Bar No. 279417
ASamarjian@perkinscoie.com
PERKINS COIE LLP
4 Embarcadero Center, Suite 2400
San Francisco, CA 94111
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant
SAVE MART SUPERMARKETS and
REDBOX AUTOMATED RETAIL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LIGHTHOUSE FOR THE BLIND AND VISUALLY IMPAIRED, on behalf of itself and all others similarly situated, ANGELA GRIFFITH, on behalf of herself and all others similarly situated, LISA MARIA MARTINEZ, on behalf of herself and all others similarly situated, JOSH SAUNDERS, on behalf of himself and all others similarly situated, SHANA RAY, on behalf of herself and all others similarly situated, and JENNIFER WESTBROOK, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REDBOX AUTOMATED RETAIL, LLC, and SAVE MART SUPERMARKETS,<br><br>Defendants. | Case No. C 12-0195 PJH<br><br>DEFENDANT SAVE MART SUPERMARKETS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Date: May 30, 2012<br>Time: 9:00am<br>Courtroom: Courtroom 3, Third Floor<br>Judge: Hon. Phyllis J. Hamilton |

### I.  SUMMARY OF ARGUMENT

Plaintiffs bring this putative class action against Redbox Automated Retail, LLC ("Redbox") and Save Mart Supermarkets ("Save Mart") alleging that Redbox kiosks violate Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, as well as

California state law, because they use a visual touch screen interface that allegedly is inaccessible to the blind or visually impaired. Plaintiffs' complaint focuses on the kiosks themselves and the nature of the touch screen, and names Save Mart apparently only because some of Redbox's numerous kiosks are located in Save Mart stores. Plaintiffs, however, fail to allege that Save Mart is an owner, operator, lessee, or lessor of the kiosks, a necessary predicate to bringing a Title III claim. *Lonberg v. Sanborn Theaters Inc.*, 259 F.3d 1029, 1033 (9th Cir. 2001). Indeed, they cannot allege as much, because the agreement between Redbox and Save Mart (referenced and relied upon in the Complaint) makes clear that Save Mart is none of these things. Because Save Mart is not an owner, operator, lessor, or lessee of the kiosks, Plaintiffs' claims against Save Mart should be dismissed in their entirety.

## II.   FACTUAL BACKGROUND

### A.   Plaintiffs' Complaint

Five individuals and an advocacy group, Lighthouse for the Blind and Visually Impaired, (collectively, "Plaintiffs") have filed this action against Redbox and Save Mart, alleging that Redbox kiosks are places of public accommodation offered at various Save Mart locations, and that Redbox and Save Mart have violated the ADA and similar California laws because the kiosks are not accessible to the blind and visually impaired without assistance.[1] Specifically, Plaintiffs bring causes of action under Section 302(b)(1) (codified as 42 U.S.C. §§ 12182(b)(1)(A)(i) and 12182(b)(1)(A)(ii)) (denial of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity; and denial of opportunity to participate "equal to [the opportunities] afforded to other individuals") and Section 302(b)(2) (codified as 42 U.S.C. § 12182(b)(2)(ii) and (iii)) (failure to make reasonable modification and failure to take steps to ensure disabled persons are not excluded). Complaint ¶¶ 45-47. Plaintiffs primarily seek injunctive relief "requiring Defendants to take the steps necessary to make Redbox kiosks . . . readily accessible to and usable by blind and visually impaired individuals."

---

[1] Save Mart does not concede or admit the factual accuracy of Plaintiffs' allegations, including whether the kiosks are places of public accommodation or violate the ADA and related laws. In the context of this Rule 12(b)(6) motion, Save Mart treats Plaintiffs' factual allegations as true, as it must. *Leatherman v. Tarrant Cnty Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

Complaint at p. 15. Plaintiffs also seek a declaration "that Redbox and Save Mart are owning, maintaining and/or operating Redbox kiosks in a manner that discriminates against the blind and visually impaired." *Id*. Finally, Plaintiffs claim damages (not available under Title III of the ADA) and attorneys' fees. *Id*. at *15-16.

**B.     Plaintiffs' Factual Allegations against Redbox**

Plaintiffs' Complaint repeatedly asserts that the kiosks belong to Redbox and that Redbox designed, owns, and operates the kiosks. For example, Plaintiffs allege that "*Redbox* DVD rental kiosks constitute rental establishments and, therefore, places of public accommodation." Complaint ¶ 43 (emphasis added). They further allege that "*[a]ll Redbox kiosks* make use of an exclusively visual, touch-screen interface that is inaccessible to the blind." *Id*. (emphasis added). In particular, Plaintiffs allege that "*Redbox* kiosks are self-service, automated machines that allow sighted customers to rent and return DVDs independently," and that "*Redbox* operates its touch-screen kiosks at hundreds of Save Mart's supermarkets." *Id*. ¶ 31 (emphasis added). Therefore, because "*Redbox* has chosen to rely on an exclusively visual interface," Plaintiffs assert that Redbox is violating state and federal law "[b]y failing to make *its* kiosks accessible to blind persons." *Id*. ¶ 5 (emphasis added). The Complaint further alleges that "*Redbox* provides its self-service kiosks both inside and outside of such stores." *Id*. (emphasis added).

**C.     Plaintiffs' Factual Allegations against Save Mart**

On the other hand, the Complaint is devoid of factual allegations that *Save Mart* is an owner, operator, lessor, or lessee of the kiosks, or that it otherwise exercised any control over the design or operation of Redbox kiosks. Plaintiffs merely allege that "Save Mart *provides* Redbox self-service DVD rental kiosks" at its stores, *id*. ¶ 32 (emphasis added), and that "Save Mart's supermarkets and the other stores *where Redbox kiosks are located* . . . are . . . places of public accommodation." *Id*. ¶ 43 (emphasis added). Plaintiffs do not assert any cause of action against Save Mart which is not asserted against Redbox.

**D.      Plaintiffs' Reference and Incorporation of the Agreement Between Redbox and Save Mart**

Throughout their Complaint, Plaintiffs repeatedly make reference to the fact that Save Mart has agreed to allow Redbox to install and operate its kiosks at Save Mart stores. *See* Complaint ¶ 21 ("Nearly all of Save Mart's supermarket stores in California provide customers Redbox kiosks . . . ."); *id*. ¶ 32 ("Defendant Save Mart provides Redbox self-service DVD rental kiosks as accommodations, advantages, facilities, privileges, and services of it supermarket stores at approximately two hundred locations in California."); *id*. ¶ 24 (referring to "Defendants' common policy and practice of denying blind persons access to the goods and services of Redbox's kiosks"). Because the Complaint necessarily references, incorporates, and relies on the existence of an agreement between Redbox and Save Mart, Save Mart references the DVD Kiosk Operating Agreement between Redbox and Save Mart in its motion. *See* DVD Operating Agreement ("Agreement"), Attached as Exhibit A to Declaration of Charles Swanson in Support of Defendant Save Mart Supermarkets' Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief May Be Granted. The Court may consider it without converting this motion to one for summary judgment.[2]  Alternatively, the Court may take judicial notice of the Agreement pursuant to Fed. R. Evid. 201(b). *See Carnero v. Fed. Home Loan Mortg. Corp.*, No. C 11–01029, 2012 WL 177560, at *2 (N.D. Cal. Jan. 23, 2012) and accompanying Motion for Judicial Notice.

The terms of the agreement between Save Mart and Redbox make clear that Save Mart does not own, operate, or lease the Redbox kiosks.[3]  Rather, Redbox is the sole operator of the

---

[2] When ruling on a Rule 12(b)(6) motion to dismiss, courts may consider documents that were not attached to the complaint, but were "incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Golinski v. U.S. Office of Personnel Mgmt.*, __ F. Supp. 2d __, No. C 10-00257, 2012 WL 569685, at *5 (N.D. Cal. Feb. 22, 2012) ("Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without "convert[ing] the motion to dismiss into a motion for summary judgment."); *Wolff v. Hyatt Corp.*, No. CV 10-7266, 2011 WL 165003, at *2 (C.D. Cal. Jan. 18, 2011) (noting "that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment" so long as the document is one "on which plaintiff's complaint necessarily relies").

[3] The agreement has been filed under seal with the court.

kiosks, with Save Mart simply providing space in some of its stores under a revenue share agreement. *See*, *e.g*., Agreement §§ 1.1, 1.2., 6.4, 13.1, 6.5; 7.[4]  In sum, Save Mart has no control over the manufacture, design, or operation of the kiosks.

### III.   ARGUMENT

#### A.   Legal Standard on a Motion to Dismiss

The Court should dismiss a complaint under Fed. R. Civ. P. ("Rule") 12(b)(6) if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 570 (2007).  To be considered plausible, a claim must be more than merely conceivable.  *Id*. at 555.  Rather, the factual allegations of a pleading "must be enough to raise a *right to relief* above the speculative level."  *Id*. (emphasis added).  In order to withstand a motion to dismiss under Rule 12(b)(6), Plaintiffs' Complaint must contain "sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged."  *Carnero*, 2012 WL 177560, at *2.

#### B.   Plaintiffs Have Not Alleged that Save Mart Is an Owner, Operator, Lessor, or Lessee of the Kiosks

Plaintiffs' primary claim arises under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, which prohibits discrimination against the disabled in places of public accommodation.  The "general rule" in Title III reads as follows:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).  Thus, while other sections of Title III (including §§ 302(b)(1) and (b)(2), under which Plaintiffs bring their specific claims) define what constitutes discrimination, the Ninth Circuit has held that, by its plain text, Title III limits liability to those who own, lease (or lease to), or operate a place of public accommodation.  *Lonberg*, 259 F.3d at 1033-36 (holding that architects could not be liable for design of noncompliant facility because a defendant must be

---

[4] Because the Agreement is being filed under seal, Save Mart refers to but does not quote specific provisions of the Agreement in order to avoid the need to file this motion under seal.

an owner, operator, lessor, or lessee).  *See also Paralyzed Veterans of Am. v. Ellerbe Becket Architects & Engineers*, 945 F. Supp. 1, 2 (D.D.C. 1996) (refusing to extend liability to architects because the "plain language" of the ADA limits liability to owners, operators, lessors, and lessees), *aff'd*, *Paralyzed Veterans of Am. v. D.C. Arena L.P.*, 117 F.3d 579 (D.C. Cir. 1997).  This limitation applies no matter what kind of discrimination Plaintiffs allege under Title III.  *Lonberg*, 259 F.3d at 1036 (noting that "only an owner, lessee, lessor, or operator . . . can be liable under Title III of the ADA"); *see also Paulick v. Ritz-Carlton Hotel Co.*, No. C 10–04107, C 10-01115, 2011 WL 6141015, at *3 (N.D. Cal. Dec. 9, 2011) ("*Sanborn* stands for the proposition that the ADA subjects only owners, lessees, lessors, and operators of non-compliant facilities to liability for design and construction (*or any other kind of*) discrimination.") (emphasis added).  In other words, Plaintiffs' claims under Section 302(b)(1) and Section 302(b)(2) are still subject to the general rule in Title III that limits liability to operators, owners, lessors, or lessees of the challenged facility.

Plaintiffs' Complaint against Save Mart should be dismissed because Plaintiffs have not alleged that Save Mart is an owner, operator, lessor, or lessee of the kiosks.  The only allegations Plaintiffs assert against Save Mart is that it "provides" the kiosks at its stores, Complaint ¶¶ 1, 21, 32, 38, 39, and that Save Mart stores are one of many places where "Redbox kiosks are physically located."  Complaint ¶ 31.  Furthermore, Plaintiffs' Complaint relies on an agreement between Redbox and Save Mart that explicitly provides that Redbox, and Redbox alone, owns and operates the kiosks.  The Agreement disclaims any nature of ownership by Save Mart and makes clear that Save Mart does not lease the kiosks from Redbox.  Accordingly, neither Plaintiffs' allegations nor the agreement itself creates a reasonable inference that Save Mart owns the kiosks, operates the kiosks, leases the kiosks from Redbox, or leases the kiosks to Redbox.

At most, Plaintiffs' allegations amount to a contention that Save Mart provides space for kiosks within some of its stores.  Under *Lonberg*, however, provision of space would not be enough to subject Save Mart to liability unless Save Mart were *also* the owner, operator, lessor, or lessee of the challenged facility itself—the kiosk.  *Lonberg*, 259 F.3d at 1036; *Paulick*, 2011 WL

6141015, at *3.  *See also Stoutenborough v. National Football League*, 59 F.3d 580, 583 (6th Cir. 1995) ("It is all of the services which the [challenged] public accommodation offers, not all services which the lessor of the public accommodation offers which fall within the scope of Title III.").

This interpretation is supported by the Ninth Circuit interpretation of Title III and the federal regulations.  The Ninth Circuit has interpreted the phrase "a person who . . . *leases (or leases to)*, as meaning a *lessee* or a *lessor*" of the challenged facility.  *Paulick,* 2011 WL 6141015 at *2 n.1 (citing *Lonberg*, 259 F.3d at 1033-34) (emphasis added).  In other words, the defendant must be a lessor of the *challenged facility*—here, the kiosks.  For example, a franchisor may license its name and other elements of a business to a franchisee (often including the way a franchise facility appears), but courts have repeatedly held that a franchisor who is not an owner or lessor of the challenged building itself and who lacks control to make modifications is not liable under the ADA.  *E.g.*, *Pona v. Cecil Whittaker's, Inc.*, 155 F.3d 1034, 1036 (8th Cir. 1998) (dismissing claim against franchisor who was not an owner or lessor of the challenged facility and therefore "had no right to control the manager's actions in any relevant respect, and, absent any such right, no violation of the ADA appears"); *Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063, 1066-69 (5th Cir. 1995) (holding that franchise agreement made clear that franchisor was not an owner or lessor and that franchisee controlled all modifications of the store itself); *United States v. Days Inns of Am.*, 22 F. Supp. 2d 612, 615-16 (E.D. Ky. 1998) (refusing to extend liability to franchisors because they did not own or lease the challenged facility and therefore have insufficient control over the facility to qualify as an operator); *United States v. Days Inns*, No. CIV. S-96-260, 1998 WL 461203 at *4 (E.D. Cal. Jan. 12, 1998) (refusing to extend liability to franchisors because they are not "in the best position to insure accessibility").

Other cases affirm that those who do not control the challenged facility are not liable under the ADA.  For example, in *Pickern v. Pier 1 Imports (U.S.), Inc.*, the Ninth Circuit considered whether a defendant was liable under the ADA for a grassy strip that it did not own or lease, but which surrounded its store, making it inaccessible to wheelchairs.  457 F.3d 963, 966

1  (9th Cir. 2006). The court found that the defendant was not liable because it "[did] not manage
2  the strip of grass, mow it, or maintain it in any manner." *Id*. at 967. In particular, the court
3  considered the contractual agreement between the defendant and the City of Chico, which did not
4  provide the defendant with control over the strip of land. *Id*. Notably, in that case the plaintiffs
5  argued that liability should attach because the defendant "*could* control or manage the grassy
6  strip" if it so chose. *Id*. (emphasis in original). The court rejected this argument because the
7  statute "says nothing about liability by persons who *could* operate," but only applies to those who
8  currently operate, own, or lease the accommodation. *Id*. (emphasis added). Likewise, in *Aikens
9  v. St. Helena Hosp.*, 843 F. Supp. 1329, 1335 (N.D. Cal. 1994), the Northern District held that a
10 physician who works at a hospital as an independent contractor could not be liable for an ADA
11 claim against the hospital brought by a deaf woman who claimed the hospital failed to provide
12 her interpretive services, because the physician "lack[ed] the power to control hospital policy on
13 the use of interpreters . . . ." Here, Plaintiffs have not plausibly alleged (and cannot allege) that
14 Save Mart does control or even *could* control Redbox's kiosks.

15      Because Plaintiffs do not allege that Save Mart is an owner, operator, lessor, or lessee of
16 the kiosks, the Court should dismiss Save Mart.

17 **C.     Injunctive Relief Against Save Mart Would Be Meaningless**

18      Dismissal of Save Mart is also required because injunctive relief against Save Mart would
19 be meaningless. Under Title III, injunctive relief is the exclusive remedy for private parties. *See*
20 42 U.S.C. § 12188(a); 28 C.F.R. § 36.501(a) (noting that to remedy a violation of the ADA in a
21 private suit, a court may issue only "a permanent or temporary injunction, restraining order or
22 other order"). The most obvious and common form of injunctive relief is an order to alter or
23 modify a facility to make it readily accessible to the disabled. 28 C.F.R. § 36.501(b).

24      In deciding *Lonberg*, the Ninth Circuit relied in part on a determination that only
25 operators, owners, lessors, or lessees could be liable under Title III because "injunctive relief is
26 only meaningful against the person currently in control of the building." 259 F.3d at 1036. The
27 court therefore refused to "create liability in persons against whom there is no meaningful remedy
28

1  provided by the statute." *Id.* Under this same theory, courts have recognized that only an entity
2  with the power to make modifications, if required, is a proper party. *See, e.g.*, *Pickern*, 457 F.3d
3  at 966 (dismissing ADA claim because lease agreement showed that defendant did not control the
4  facility in question); *Paulick*, 2011 WL 6141015, at *4 n.9 (recognizing that a plaintiff may bring
5  an ADA claim only against party that "is in a position to remedy the violations pursuant to an
6  injunction"); *Coddington v. Adelphi Univ.*, 45 F. Supp. 2d 211, 217 (E.D.N.Y. 1999) (noting that
7  the party with the power to make the requested modification is the proper defendant); *Howard v.*
8  *Cherry Hills Cutters, Inc.*, 979 F. Supp. 1307, 1309 (D. Colo. 1997) (dismissing Title III ADA
9  claim because plaintiff failed to allege that individual defendant was "in a position of sufficient
10 control and authority to effect the policy modifications requested"); *Aikens*, 843 F. Supp. at 1335.
11 Likewise, the regulations implementing Title III recognize that the entity with responsibility to
12 control ADA compliance in a landlord tenant relationship is the proper party to the suit. 28 CFR
13 § 36.201

14 Because, as Plaintiffs' allege and it is clear from the Agreement, Redbox is the owner and
15 operator of the kiosks, it is Redbox—not Save Mart—that can control modifications (to the extent
16 required by law). The fact that Save Mart has no such control is evidenced by the fact that
17 Plaintiffs themselves allege that Redbox's kiosks are uniform in design and appearance and that
18 only *some* of Redbox's thousands of kiosks are located in Save Mart stores. Complaint ¶ 31.
19 That is, Redbox kiosks are located at *other* retail outlets in California. *Id.* Not only does Save
20 Mart have no control over the kiosks in its stores, but it certainly has no control whatsoever over
21 kiosks in other stores. Since the Court cannot craft an injunction that would grant Save Mart the
22 authority to modify Redbox's kiosks, Plaintiffs have failed to state a claim against Save Mart
23 upon which this Court may grant relief. Plaintiffs can only receive relief (if they are entitled to
24 any) from Redbox.

25 **D.    Amendment Would be Futile**

26 The Court should dismiss Plaintiffs' claims against Save Mart with prejudice because
27 Plaintiffs cannot cure the deficits in their Complaint by amendment. *See Stern v. Sony Corp.*, No.
28

CV 09–7710, 2010 WL 8022226, at *4 (C.D. Cal. Feb. 8, 2010) (dismissing an ADA claim with prejudice because plaintiff could not amend the claim to cure its deficiency), *aff'd*, No. 10-55348, 2011 WL 5854899 (9th Cir. 2011).  The Ninth Circuit does not grant plaintiffs leave to amend insufficient pleadings when further amendment would be futile.  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv.*, Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  Here, the agreement between Redbox and Save Mart makes clear that Save Mart is not the owner, operator, lessor, or lessee of the kiosks, and that injunctive relief against Save Mart would be meaningless.

**E.    Because Save Mart Is Not Liable Under the ADA, the Court Also Should Dismiss Defendants' State Law Claims**

The Court should also dismiss Plaintiffs' state law claims, which are essentially predicated upon and redundant with their federal claim under the ADA.  Cal. Civ. Code § 54.1(a)(3) (noting that "'[f]ull and equal access,' . . . means access that meets the standards of Titles II and III of the Americans with Disabilities Act of 1990"); *see also Urhausen v. Longs Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 263 (2007) (explaining that the California Disabled Persons Act requires that "either the structure of the public facility, or some policy of its operator, precluded equal access"); *Hankins v. El Torito Rests., Inc.*, 63 Cal. App. 4th 510, 521 (1998) ["[T]he *owner* of a public accommodation whose violation of a structural access standard results in the denial of access to a handicapped individual is liable under Civil Code section 54 et seq.") (emphasis added).  Courts routinely dismiss both state law claims where a plaintiff has failed to establish a violation of the ADA.  *See Tater-Alexander v. Amerjan*, No. 1:08–CV–00372, 2011 WL 3568026, at *7 (E.D. Cal. Aug. 12, 2011) (stating that for the plaintiff to establish "a violation of the Unruh Civil Rights Act or the DPA he must establish an ADA violation"); *Wolff v. Hyatt Corp.*, No. CV 10-7266, 2011 WL 165003, at *3 n.1 (C.D. Cal. Jan. 18, 2011) (noting that the Unruh Civil Rights Act and the Disabled Persons Act both have similar ownership requirements to the ADA).

Specifically, the Unruh Civil Rights Act and the DPA both require intentional discrimination unless the claim is based on an ADA violation.  *Lentini v. Cal. Ctr. for the Arts*,

370 F.3d 837, 847 (9th Cir. 2004).  If the Court dismisses the ADA claim against Save Mart, the state law claims only survive if Plaintiffs have sufficiently pled intentional discrimination, which they have failed to do.  Intent to discriminate cannot be inferred simply because an otherwise facially neutral policy has adverse effects on a protected class.  *Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824, 854 (2006).  Rather, Plaintiffs must allege and prove that Save Mart entered into its agreement with Redbox *for the purpose of* discriminating against blind people.  *Id*.  Because Plaintiffs fail to plead that Save Mart is intentionally discriminating against blind persons, its state law claims should be dismissed.[5]

## IV.   CONCLUSION

The Court should dismiss Plaintiffs' claims against Save Mart because they failed to plead facts sufficient to demonstrate liability under the ADA.

DATED:  April 16, 2012              **PERKINS COIE LLP**

By:   /s/ Sue Stott
      Sue J. Stott
      Anahit Samarjian

Attorneys for Defendant Save Mart Supermarkets and Redbox Automated Retail, LLC

---

[5] Moreover, because Plaintiffs' other claims are based on state law, the ADA claims are necessary for the Court to exercise original jurisdiction.  Where a district court has dismissed all claims over which it has original jurisdiction, 28 U.S.C.A. § 1367(c)(3) expressly authorizes the court to decline to exercise supplemental jurisdiction over the remaining state-law claims.  Whether to exercise supplemental jurisdiction under such circumstances lies within the discretion of the court.  As a general rule, the balance of factors to be considered will point towards declining to exercise jurisdiction over state-law claims when the federal claims have been eliminated prior to trial. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Dezell v. Day Island Yacht Club*, 796 F.2d 324, 328-29 (9th Cir. 1986).  Accordingly, if the Court concludes that Plaintiffs' ADA claims against Save Mart should be dismissed, it should decline to exercise supplemental jurisdiction over claims based solely on California law.  *See* 28 U.S.C. 1367; *Yates v. Belli Deli*, No. C 07-01405, 2007 WL 2318923, at *7 (N.D. Cal. Aug. 13, 2007).