UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIGHTHOUSE FOR THE BLIND AND
VISUALLY IMPAIRED, et al.,

    Plaintiffs,

    v.

REDBOX AUTOMATED RETAIL, LLC,
et al.,

    Defendants.
_____/

No. C 12-0195 PJH

**ORDER DENYING MOTION TO DISMISS**

    Before the court is the motion of defendant Save Mart Supermarkets for an order dismissing the claims asserted against it for failure to state a claim. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby rules as follows.

    Plaintiffs in this proposed class action assert disability access claims under federal and state law against defendants Redbox Automated Retail, LLC ("Redbox") and Save Mart Supermarkets ("Save Mart"). Save Mart is a chain supermarket that operates numerous stores in California. Redbox rents DVDs to consumers from self-service kiosks that are installed in various locations, including in approximately 200 Save Mart supermarkets in California.

    Plaintiffs allege that the Redbox kiosks – which utilize a touchscreen that cannot be navigated by anyone who cannot see it – are inaccessible to blind and visually impaired

individuals. Plaintiffs assert a claim against both defendants under ADA § 302(b)(1), 42 U.S.C. § 12182(b)(1)(A)(i), (ii) (denial of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity, and denial of opportunity to participate "equal to [the opportunities] afforded to other individuals"); and also under ADA § 302(b)(2), 42 U.S.C. § 12182(b)(2)(ii), (iii) (failure to make reasonable modification and failure to take steps to ensure disabled persons are not excluded).

Plaintiffs also assert causes of action under California Civil Code § 51, et seq. and under California Civil Code §§ 54-54.3, as well as a claim for declaratory relief. Plaintiffs primarily seek injunctive relief "requiring [d]efendants to take the steps necessary to make Redbox kiosks . . . readily accessible to and usable by blind and visually impaired individuals."

Save Mart now seeks an order dismissing the claims asserted against it, pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on

its face. See Twombly, 550 U.S. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

Save Mart argues that because plaintiffs have not alleged that Save Mart is an owner, operator, lessor, or lessee of the kiosks, they cannot state a claim against Save Mart under Title III of the ADA.

ADA Title III provides that

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation.

42 U.S.C. § 12182(a); see Lonberg v. Sanborn Theaters, Inc., 259 F.3d 1029, 1033-36, amended on denial of reh'g and reh'g en banc, 271 F.3d 953 (9th Cir. 2001).

Here, Save Mart contends, the only allegation against it is that it "provides" the kiosks at its stores, and that Save Mart stores are one of many places where "Redbox kiosks are physically located." In addition, Save Mart asserts, the complaint relies on an Agreement between Redbox and Save Mart that explicitly provides that Redbox – and Redbox alone – owns and operates the kiosks.

Save Mart requests the court to take judicial notice of the Agreement, and contends that the Agreement disclaims any nature of ownership by Save Mart, and makes it clear that Save Mart does not lease the kiosks from Redbox. Thus, Save Mart argues, neither the allegations in the complaint nor the Agreement itself creates a reasonable inference that Save Mart owns the kiosks, operates the kiosks, leases the kiosks from Redbox, or leases the kiosks to Redbox.

Save Mart asserts that at most, plaintiffs' allegations amount to a contention that Save Mart provides space for some of the kiosks within its stores. Save Mart argues that under Lonberg, the mere provision of space is not sufficient to subject Save Mart to liability unless Save Mart is also the owner or lessor/lessee or operator of the challenged facility itself. Save Mart contends that those who do not control the challenged facility cannot be

3

held liable under the ADA.

Save Mart also argues that injunctive relief against Save Mart – the only relief available under the ADA – would be meaningless, because injunctive relief can be imposed only against the person in control of the non-compliant facility, and Save Mart does not control the design or operation of the kiosks, and has no power to change them. Finally, Save Mart contends that the dismissal should be with prejudice, because amendment would be futile, and that the court should also dismiss the state law claims because they are predicated upon and redundant with their federal claim under the ADA.

In response, plaintiffs argue that Save Mart has mischaracterized the allegations in the complaint. Plaintiffs' position is that Save Mart's stores are places of public accommodation; that the Redbox kiosks – which they identify as "rental establishments" – are one of the services, privileges, facilities, advantages or accommodations that are offered at the Save Mart stores; and that Save Mart is liable under ADA Title III for providing the inaccessible kiosks. Plaintiffs assert that this is sufficient for purposes of pleading an ADA Title III violation.

Plaintiffs contend that it would be improper for the court to take judicial notice of the Agreement, but also argue that the Agreement does not absolve Save Mart of its liability under Title III. Plaintiffs assert that if an owner or operator of a place of public accommodation enters into a contract with a third party to provide goods or services at the place of public accommodation, and the third party does so in a way that discriminates on the basis of disability, then the owner or operator is liable under Title III for discrimination on the basis of disability.

Alternatively, plaintiffs argue that Save Mart is also liable as a lessor, because the Agreement makes clear that Save Mart leases space to Redbox, and that Redbox operates a place of public accommodation. Plaintiffs assert that pursuant to DOJ regulations, while a landlord and a tenant may allocate responsibility between themselves for complying with particular ADA provisions, such an agreement has no effect on the rights of third parties, and both landlord and tenant are fully liable for compliance with all provisions of the ADA.

4

Nevertheless, they contend that they did not allege in the complaint that Save Mart is an owner, operator, lessor, or lessee of the Redbox kiosks because the validity of their claims against Redbox does not rely on that allegation.

With regard to Save Mart's argument regarding injunctive relief, plaintiffs contend that as the owner/operator of its supermarkets, Save Mart has complete control over all the goods and services it offers within the store. Thus, plaintiffs assert, Save Mart can require Redbox, or any other operator of services within its supermarkets, to ensure that its services are accessible.

The two main issues raised by this motion are whether plaintiffs can state a claim against Save Mart under ADA Title III for failing to provide accessible kiosks, and, if so, whether it is possible for Save Mart to provide meaningful relief to remedy the alleged violation. While the court finds Save Mart's arguments to be more persuasive, on balance, the court does not agree that the ADA claim against Save Mart can be dismissed with prejudice on a Rule 12(b)(6) motion.

To state a claim under Title III of the ADA, a plaintiff must allege that he is disabled within the meaning of the ADA; that the defendant is a private entity that owns, leases, or operates a place of public accommodation; and that the plaintiff was denied public accommodations by the defendant because of his disability. Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010); see also Young v. Facebook, Inc., 790 F.Supp. 2d 1110, 1114-15 (N.D. Cal. 2011).

The court agrees with Save Mart that plaintiffs have not alleged that Save Mart owns, operates, or leases the challenged place of public accommodation, such that it can be liable under Title III for the inaccessibility of the kiosks. Thus, the first element is not met. Plaintiffs' theory of the case appears to be either that Save Mart leases the space to Redbox, and thus leases the public accommodation, or that Save Mart owns and operates the supermarkets where the kiosks are located, and thus the kiosks are a service, privilege, facility, accommodation, or advantage of the Save Mart supermarkets.

However, the major point that Save Mart argues here – that the Agreement

5

1  establishes that it is not an owner, operator, or lessor/lessee of the Redbox kiosks – raises
2  factual issues that are not appropriate for consideration in a 12(b)(6) motion. Moreover, the
3  court does not agree that the Agreement can be judicially noticed.

4        The general rule is that the court may not look beyond the four corners of the
5  complaint in ruling on a Rule 12(b)(6) motion, with the exception of documents incorporated
6  into the complaint by reference, and any relevant matters subject to judicial notice. Swartz
7  v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d 668,
8  688-89 (9th Cir. 2001).

9        Under the doctrine of incorporation by reference, the court may consider on a Rule
10 12(b)(6) motion not only documents attached to the complaint, but also documents whose
11 contents are alleged in the complaint, provided the complaint "necessarily relies" on the
12 documents or contents thereof, the document's authenticity is uncontested, and the
13 document's relevance is uncontested. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038
14 (9th Cir. 2010); see Lee, 250 F.3d at 688-89.  The purpose of this rule is to "prevent
15 plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon
16 which their claims are based." Swartz, 476 F.3d at 763.

17       In general, the court may take judicial notice of matters that are either generally
18 known within the trial court's territorial jurisdiction, or capable of accurate and ready
19 determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.
20 R. Evid. 201(b).

21       Here, the court does not agree with Save Mart that the Agreement is "referenced" in
22 the complaint, or even that it should be "incorporated by reference."  Indeed, the complaint
23 does not even mention the Agreement, and is silent on the precise nature of the
24 relationship between Save Mart and Redbox.  Nor can the Agreement be judicially noticed
25 pursuant to Rule 201(b).

26       The court can perhaps take judicial notice of the fact of the Agreement, as the
27 complaint does allege that Redbox and Save Mart are separate entities, and that Save Mart
28 "provides" Redbox kiosks for customers in most of its California supermarkets, which

suggests that there is some sort of business arrangement between the two defendants. However, it is impossible to determine the exact nature of that relationship without interpreting the Agreement.  More to the point, the question whether plaintiffs can maintain an ADA Title III claim against Save Mart based on the allegedly inaccessible kiosks cannot be resolved without – at a minimum – interpreting the Agreement.

As for the question whether any injunctive relief plaintiffs might obtain from Save Mart would be "meaningful" in the sense of remedying the inaccessible kiosks, the sole remedy available under the ADA is injunctive relief, and it may well be that Save Mart is not in a position to comply with an order directing that the kiosks be made accessible. Nevertheless, the court finds that this issue cannot be resolved in the present motion, again because it is largely dependent on the development of a factual record.

Finally, having found that the ADA claim against Save Mart cannot be dismissed with prejudice, the court does not address the arguments regarding the state law claims.

Based on the uncertain status of the ADA claim against Save Mart, as explained above, the court finds that the best and most efficient course would be to DENY the motion to dismiss, and to schedule the matter for an early summary judgment motion. Accordingly, no later than June 4, 2012, the parties shall submit a stipulation regarding a proposed schedule for briefing an early summary judgment motion by Save Mart.

The May 30, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: May , 2012

_____
PHYLLIS J. HAMILTON
United States District Judge