1  LAURENCE W. PARADIS (California Bar No. 122336)
   STUART SEABORN (California Bar No. 198590)
2  MICHAEL S. NUNEZ (California Bar No. 280535)
   DISABILITY RIGHTS ADVOCATES
3  2001 Center Street, Fourth Floor
   Berkeley, California 94704-1204
4  Telephone:    (510) 665-8644
   Facsimile:    (510) 665-8511
5  TTY:          (510) 665-8716

6  JAY KOSLOFSKY (California Bar No. 97024)
7  LAW OFFICES OF JAY KOSLOFSKY
   P.O. Box 9236
8  Berkeley, CA 94709
   Telephone: (510)280-5627
9  Fax: (510) 845-3707

10  Attorneys for Plaintiffs

11  (Additional attorneys listed on next page)

12                    **UNITED STATES DISTRICT COURT**

13                  **NORTHERN DISTRICT OF CALIFORNIA**

14

15

16  LIGHTHOUSE FOR THE BLIND AND              **Case No.: C12-00195 PJH**
    VISUALLY IMPAIRED, on behalf of itself
17  and all others similarly situated, ANGELA     **JOINT MOTION FOR PRELIMINARY**
    GRIFFITH, on behalf of herself and all others  **APPROVAL OF SETTLEMENT**
18  similarly situated, LISAMARIA MARTINEZ,
    on behalf of herself and all others similarly
19  situated, JOSH SAUNDERS, on behalf of
    himself and all others similarly situated,    Date:     July 30, 2014
20  SHANA RAY, on behalf of herself and all       Time:     9:00 AM PST
    others similarly situated, and JENNIFER       Place:    Courtroom 3- 3rd floor, 1301 Clay
21  WESTBROOK, on behalf of herself and all                 Street, Oakland, CA 94612
    others similarly situated,                    Judge:    Hon. Phyllis J. Hamilton

22              Plaintiffs,

23  v.

24  REDBOX AUTOMATED RETAIL, LLC,
    AND SAVE MART SUPERMARKETS,
25
                Defendants.
26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  Sue Stott (Bar No. 91144)
   SStott@perkinscoie.com
2  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
3  San Francisco, CA 94111-4131
   Telephone: 415.344.7000
4  Facsimile: 415.344.7050

5  Amanda J. Beane (*pro hac vice*)
   ABeane@perkinscoie.com
6  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
7  Seattle, WA 98101-3099
   Telephone: 206.359.8000
8  Facsimile: 206.359.9000

9  Attorneys for Defendants
   REDBOX AUTOMATED RETAIL, LLC and SAVE MART SUPERMARKETS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# TABLE OF CONTENTS

I.   Introduction ................................................................................................ 2

II.  The Parties ................................................................................................ 4

III. Procedural History and Settlement Negotiations ...................................... 5

    A.  Pre-Litigation Stage and Initial Litigation .......................................... 6

    B.  Settlement Negotiations ...................................................................... 6

IV.  Summary of the Settlement ........................................................................ 7

    A.  Modifications to Redbox Kiosks in California and Redbox's
        Website .................................................................................................. 7

    B.  Remote Customer Assistance ............................................................... 8

    C.  Monitoring Compliance with the Agreement ....................................... 9

    D.  Responding to Complaints from Blind and Visually Impaired
        Customers .............................................................................................. 9

    E.  Duration of Agreement ...................................................................... 10

    F.  Damages Settlement Fund .................................................................. 10

    G.  Opt-Out Right ..................................................................................... 12

    H.  Notice .................................................................................................. 13

    I.  Release of Injunctive and Damages Claims ....................................... 13

    J.  Payment to Named Plaintiffs ............................................................. 14

    K.  Dispute Resolution Process ............................................................... 14

    L.  Attorneys' Fees and Costs ................................................................. 14

    M.  Class Action Fairness Act Compliance ............................................. 15

V.  Legal Argument ........................................................................................ 15

    A.  Certifying the Class Is Appropriate Under FRCP 23(a) and (b)(3) ..... 15

        1.  The Proposed Class Meets the Numerosity, Commonality,
            Typicality, and Adequate Representation Requirements of
            Rule 23(a) ..................................................................................... 16

        2.  The Proposed Class is Also Sufficiently Ascertainable ................ 19

        3.  The Proposed Class Meets the Requirements of Rule
            23(b)(3) ........................................................................................ 20

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

B.     Preliminarily Approving the Proposed Settlement Agreement Is Appropriate ............................................................................................ 22

C.     The Court Should Direct Distribution of the Notice of Settlement ..................... 25

D.     The Service Award Payments to Class Representatives are Justified and Reasonable ...................................................................... 32

E.     The Court Should Approve the Proposed Scheduling Order ............................... 33

VI.    Conclusion ......................................................................................................... 33

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# TABLE OF AUTHORITES

**Cases**

*Abdullah v. U.S. Sec. Associates, Inc.*,
  731 F.3d 952 (9th Cir. 2012) ............................................................ 17, 20

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997) ...................................................................... 20, 22

*Armstrong v. Board of School Directors*,
  616 F.2d 305 (7th Cir. 1980) ................................................................. 22

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir.2001) ................................................................. 17

*Arnold v. United Artists Theatre Circuit,Inc.*,
  866 F. Supp. 433 (N.D. Cal. 1994) ...................................................... 16, 20

*Astiana v Kashi Co.*,
  291 F.R.D. 493 (S.D. Cal. 2013) ............................................................ 19

*Bolton v. U.S. Nursing Corp.*,
  2013 WL 5700403 (N.D. Cal. Oct. 18, 2013) ........................................... 32

*Boston v. Paul McNally Realty.*,
  216 F.3d 827 (9th Cir.2000) ................................................................. 21

*Evon v. Law Offices of Sidney Mickell*,
  688 F.3d 1015 (9th Cir. 2012) ......................................................... 16, 17,18

*Gay v. Waiters' & Dairy Lunchmen's Union*,
  489 F. Supp. 282 (N.D. Cal. 1980), *aff'd*, 649 F.2d 531 (9th Cir. 1982) ................ 16

*Glass v. UBS Financial Services, Inc.*,
  2007 WL 221862 (N.D. Cal. Jan, 26, 2007) .............................................. 32

*Gray v Golden Gate National Recreation Area*,
  279 F.R.D. 501 (N.D. Cal. 2011)............................................................... 7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ........................................ 17, 18, 19, 21, 22, 23

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir.1992) ................................................................. 18

*Harris v. Alvarado*,
  No. 08-16860, 2010 WL 4296636 (9th Cir. Oct. 28, 2010) .............................. 17

*Horton v. Merrill Lynch*,
  855 F. Supp. 825 (E.D.N.C. 1994) .......................................................... 22

*In re Whirlpool Corp. Front–Loading Washer Products Liability Litigation*,
  722 F.3d 838 (6th Cir. 2013) ................................................................. 20

*In Vandervort v. Balboa Capital Corp.*,
  --- F. Supp. 2d ----, 2014 WL 1274049 (C.D. Cal. March 27, 2014) ...................................... 11

*Lane v. Facebook, Inc.*,
  696 F.3d 811 (9th Cir. 2012) ............................................................................. 12, 22, 23

*Lanovaz v. Twinings North America, Inc.*,
  2014 WL 1652338 (N.D. Cal.  April 24, 2014) ................................................................ 19

*Leyva v. Medline Industries, Inc.*,
  716 F.3d 510 (9th Cir.2013) ......................................................................................... 22

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir.2012) ......................................................................................... 17

*McCrary v The Elations Co., LLC*,
  2014 U.S. Dist. LEXIS 8443 (C.D. Cal. Jan. 13, 2014) ............................................... 19

*Meyer v. Portfolio Recovery Associates*,
  *LLC*, 707 F.3d 1036 (9th Cir. 2012) ............................................................................ 18

*Mullane v. Central Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) .................................................................................................... 25

*Murillo v. Texas A&M Univ. Sys.*,
  921 F. Supp. 443 (S.D. Tex. 1996) .............................................................................. 23

*Nachshin v. AOL, LLC*,
  663 F.3d 1034 (9th Cir.2011) ...................................................................................... 12

*Nat'l Fed'n of the Blind v. Target, Corp.*,
  582 F. Supp. 2d 1185 (N.D. Cal. 2007) ................................................................... 7, 21

*Nwabueze v. AT&T, Inc.*
  2013 WL 6199596 (N.D. Cal. Nov. 27, 2013) ............................................................. 33

*Peters v. National R.R. Passengers Corp.*,
  966 F.3d 1483 (D.C. Cir. 1992) ................................................................................... 25

*Radcliffe v. Experian Info. Solutions*,
  715 F.3d 1157 (9th Cir. 2013). .................................................................................... 32

*Rodriguez v. West Publishing Corp.*,
  563 F.3d 948 (9th Cir. 2009) ....................................................................................... 32

*Wal–Mart Stores Inc. v. Dukes*,
  131 S. Ct. 2541 (2011) ................................................................................................. 17

**Statutes**

42 U.S.C. §§ 12101 *et seq.* ......................................................................................... 5, 6

Americans with Disabilities Act ................................................................................. 5, 6

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

California Civil Code § 54.56............................................................................................. 16, 20

California Civil Code §§ 51 *et seq.*.................................................................................. 5, 6, 11, 21

California Civil Code §§ 54-54.3..................................................................................... 5, 6, 11, 22

Class Action Fairness Act .............................................................................................................. 15

**Rules**

Federal Rule of Civil Procedure 23 ........................................................................................... 18, 25

Federal Rule of Civil Procedure 23(a) .......................................................................................... 1, 4, 16

Federal Rule of Civil Procedure 23(a)(1) ............................................................................................ 16

Federal Rule of Civil Procedure 23(a)(2) ............................................................................................ 17

Federal Rule of Civil Procedure 23(a)(3). ........................................................................................... 18

Federal Rule of Civil Procedure 23(b)(2) ............................................................................................ 15

Federal Rule of Civil Procedure 23(b)(3) ....................................................................... 1, 4, 12, 15, 20, 21

Federal Rule of Civil Procedure 12(b)(6) ............................................................................................. 6

Federal Rule of Civil Procedure 23(e) ........................................................................................... 22, 25

Federal Rule of Civil Procedure 23(e)(2) ............................................................................................ 23

Genearl Order 56.......................................................................................................................... 6

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on July 30, 2014 or as soon thereafter as the matter may be heard, Plaintiffs and Defendants Redbox Automated Retail, LLC and Save Mart Supermarkets (hereafter "the Parties") will jointly move the Court for (i) preliminary approval of the proposed class settlement agreement ("the Agreement") submitted herewith and incorporated herein by reference in the above-captioned matter, (ii) for an order certifying the proposed settlement class under Federal Rule of Civil Procedure 23(a) and b(3) , (iii) an order directing notice to the proposed settlement class and an opportunity to opt out of the damages settlement; (iv) for a scheduling order setting deadlines for objections and opt-outs and setting a fairness hearing, and (v) for final approval of the Agreement following a fairness hearing.

In support of this motion, the Parties state:

1. The Agreement represents a comprehensive settlement of the issues raised in the above-captioned case.

2. The parties believe that the Agreement offers a fair and equitable result to those affected by it.

3. The parties believe that the Agreement will result in significant long-term benefits both for individuals who are members of the proposed settlement class and for Defendants.

# RELIEF SOUGHT

The parties respectfully request that the Court enter the attached proposed order:

1. Conditionally certifying a settlement class for injunctive and monetary relief;

2. Granting preliminary approval of the Agreement so that the Parties may proceed with notice to the class and to a fairness hearing for final approval of the Agreement;

3. Directing the proposed form of notice to the settlement class; and

4. Setting a schedule for notice to the class, objections, and a fairness hearing for final approval.

# POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit and the proposed class settlement agreement address barriers alleged by the Lighthouse for the Blind and Visually Impaired ("Lighthouse") and other legally blind and visually-impaired customers involving the goods and services of Redbox video-rental kiosks found in defendant Save Mart Supermarkets ("Save Mart") grocery stores and other locations throughout California. The settlement agreement, attached as Exhibit 1, is the product of thorough, arms-length negotiations, substantial exchanges of information among the parties to determine the most technically feasible relief for the class, and six in-person mediation sessions over the course of nearly two years (three mediation sessions with JAMS mediator Catherine Yanni and additional three mediation sessions with former California Court of Appeal Justice James R. Lambden). The agreement results in significant injunctive relief that will provide accessibility solutions for all kiosks in California, damages to be paid to the class, and payment of attorneys' fees and costs. The settling parties request an Order from the Court determining that the settlement is fair and reasonable.

While Defendants Redbox and Save Mart Supermarkets deny liability, Redbox has agreed to modifications that will result in the undisputed ability for legally blind persons to independently browse, select, pay for, and return movies or other media at Redbox kiosks. Under the agreement, Redbox will add headphone jacks, tactile controls, and audio output to all of Redbox kiosks in California to make them accessible to legally blind persons.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Redbox is currently providing legally blind persons with access to its video rental services through telephone customer assistance. By calling this customer assistance number, consumers who cannot use the visual-interface will be helped by a customer service agent who can remotely browse, select, and vend videos or games. This customer assistance number will be in place at least until Redbox completes the agreed-upon modifications to its kiosks in California.

Redbox is also making certain changes to redbox.com to improve accessibility of the website.

The settlement process presented both novel legal questions, such as the coverage of Redbox kiosks under state and federal accessibility statutes, and complex factual determinations, such as the feasibility of the accessibility solutions proposed by Plaintiffs. The parties arrived at the proposed agreement after several full-day mediation sessions, multiple meetings between Plaintiffs' technical consultant and Redbox's engineers, significant sharing of information and relevant documents, and the exchange of several written proposals. While Defendants have denied liability, they acknowledge the risks presented by litigating Plaintiffs' claims and contesting Plaintiffs' arguments in protracted litigation.

The agreement is conditioned upon certification of the proposed class made up of:

> All Legally Blind individuals who, due to the visual interface utilized at the Redbox Kiosks located in California, have attempted but were unable to access the products or services available at Redbox Kiosks located in California, or were deterred from accessing those products or services at the Redbox Kiosks in California, between January 12, 2010 and the end of the claims period to be set by the Court. "Legally Blind" individuals include all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200 in the better eye, or they have a visual field limitation such that the widest diameter of the visual field, in the better eye, subtends an angle no greater than 20 degrees, as measured with a Goldmann III4e or equivalent size stimulus. Some people who meet this definition have limited vision. Others have no vision.[1]

---

[1] The proposed settlement class is coextensive with the class proposed in the Complaint. As explained herein, the parties have stipulated to a settlement class that explicitly includes legally blind individuals who have been deterred from accessing the services of Redbox kiosks in California due to the exclusively visual interface utilized by the kiosks.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

The parties stipulate that certification of the proposed class under Federal Rules of Civil Procedure 23(a) and (b)(3) is appropriate for settlement purposes. It is undisputed that all Redbox kiosks in California use a uniformly-designed, visual user interface that is alleged to be inaccessible for independent use by legally blind persons. An accessibility fix to the uniform design resolves barriers alleged at all Redbox kiosks throughout the state. Plaintiffs believe that common issues predominate and Defendants will not contest predominance here because of the risks inherent in litigating novel questions of disability access on a class-wide basis. By the same token, Plaintiffs contend that the determination of damages for individual class members is simple, as they have all been affected by the same barriers, with the same result. The parties agree that a certified settlement class and the streamlined claims process described herein is a far superior method of adjudicating class member claims for statutory damages since numerous individual damages lawsuits would burden the courts and, in practice, many of the members of the proposed class have no alternate means to prosecute claims on their own.

By virtue of the Parties' arm's length negotiations, the critical benefits extended to the class, and the avoidance of protracted and unnecessary litigation, this settlement is fair, adequate, and reasonable. Accordingly, the Parties respectfully request: (1) certification of the proposed class under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (2) preliminary approval of the settlement agreement; (3) an order approving notice to the class of the settlement agreement, the claims process and opt out procedures and setting a fairness hearing; and (4) final approval of this agreement at the time of the fairness hearing. The Parties' counsel have negotiated the foregoing and agree to the form and content.

## II. THE PARTIES

The Lighthouse for the Blind and Visually Impaired (hereafter "the Lighthouse"), a non-profit corporation, is one of California's oldest organizations serving the blind and visually impaired community. The Lighthouse is dedicated to aiding blind and visually impaired individuals in leading productive, enriching, and independent lives. To further its mission, the Lighthouse offers members of the blind and visually impaired community employment counseling, orientational mobility training, and training to access a variety of recreational

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  activities, including film. Individual plaintiffs Lisamaria Martinez, Josh Saunders, Shana Ray,

2  Angela Griffith, and Jennifer Westbrook are legally blind residents of California who allege that

3  they attempted to rent movies at Redbox kiosks in Save Mart Supermarkets located in California.

4      Redbox operates the nation's leading video rental service through a network of

5  automated, self-service video rental kiosks.  Redbox kiosks offer customers a convenient and

6  affordable way to rent DVDs, Blu-ray discs, and video games.  Redbox is a low-cost video rental

7  provider, with the price of a DVD rental at $1.20 per night.  Redbox has several thousand

8  Redbox kiosks in California.  Redbox kiosks are located at Save Mart Supermarkets and many

9  other retailers throughout the State.

10      Save Mart is a privately held company based in Modesto, California.  Save Mart operates

11  more than two hundred supermarkets in California under the brand names Lucky, Save Mart, and

12  FoodMaxx.  Redbox kiosks are located on the premises of some Save Mart Supermarkets in

13  California.

14  **III.  PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS**

15      The Lighthouse and several individual Plaintiffs brought this action on behalf of a class

16  of legally blind persons in California.  Plaintiffs allege that Redbox denies Plaintiffs full and

17  equal access to the video rental services available at Redbox kiosks, and that Save Mart denies

18  Plaintiffs full and equal access to the services, privileges, advantages, accommodations of

19  Redbox kiosks located in Save Mart Stores.  Plaintiffs allege violations of the Americans with

20  Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, the Unruh Civil Rights Act, California Civil Code

21  §§ 51 *et seq.*, and the California Disabled Persons Act, California Civil Code §§ 54-54.3.

22  Plaintiffs seek injunctive and declaratory relief under Plaintiffs ADA and Unruh Act claims.

23  Plaintiffs also seek statutory damages under their state law claims in an amount ranging from

24  $1,000 to $4,000 for each occasion wherein a member of the putative class allegedly encountered

25  access barriers when attempting to access a Redbox kiosk in California.  Defendants have denied

26  and continue to deny liability under the state and federal statutes at issue, and have raised issues

27  regarding the applicability of the relevant laws to Redbox kiosks and to Save Mart, as well as

28  factual issues regarding the nature of the appropriate relief, if any.

---

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**A.     Pre-Litigation Stage and Initial Litigation**

On November 9, 2011, prior to initiating the litigation, Plaintiffs notified Redbox and Save Mart that Plaintiffs were unable to access the goods and services at Redbox kiosks. The parties were unable to resolve Plaintiffs' concerns, and Plaintiffs initiated this litigation.

On January 12, 2012, Plaintiffs filed this action in federal court in San Francisco. The complaint alleged violations of the ADA, 42 U.S.C. §§ 12101 *et seq.*, the Unruh Act, California Civil Code §§ 51 *et seq.*, and the Disabled Persons Act, California Civil Code §§ 54-54.3. On April 16, 2012, Save Mart filed a motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiffs opposed the motion. On May 18, 2012, this Court issued an order denying Save Mart's motion to dismiss. Dkt. No. 28. The Court, however, denied the order because it did not believe the motion was appropriate as Rule 12(b)(6) motion, indicated it believed Save Mart's argument might have merit, and ordered that the issue of Save Mart's liability be briefed early, after discovery on the issue.

The parties then began discovery, exchanging initial disclosures and written discovery requests. Plaintiffs served comprehensive discovery requests and defendants objected to the scope of the requests. On July 9, 2012, however, the parties stayed the litigation so that they could pursue mediation pursuant to General Order 56.

**B.     Settlement Negotiations**

The parties utilized the Court's General Order 56 procedures to engage in a joint inspection of a typical Redbox kiosk and participate in mediation with JAMS mediator Catherine Yanni. Following that first mediation session, the parties agreed to continue to pursue settlement, focusing their negotiations first on possible accessibility solutions for the Redbox kiosks to resolve Plaintiffs' claims for injunctive relief. The parties then engaged in extensive settlement negotiations over a period of eighteen months, including three rounds of mediation with Ms. Yanni as mediator, multiple meetings and conference calls between counsel and the Parties' technical consultants on both sides and several exchanges of written proposals. These negotiations were extensive because the parties needed to explore a variety of technical issues related to the capabilities of the software and hardware contained in Redbox kiosks and the

1   feasibility of adding the accessibility features that Plaintiffs believed would be needed to provide

2   them with equal access to the kiosks.

3       After reaching agreement on a resolution of Plaintiffs' injunctive relief claims, the parties

4   engaged in negotiations to resolve damages for the proposed class and named plaintiffs followed

5   by a negotiation of reasonable attorneys' fees and costs. The parties reached an agreement on

6   these provisions after three mediation sessions with former California Court of Appeal Justice

7   James R Lambden as mediator, including post-mediation session support from Justice Lambden,

8   and multiple exchanges of written proposals.

9       The parties have been represented by competent and experienced counsel throughout

10  these negotiations. Plaintiffs have been represented by Disability Rights Advocates and the Law

11  Offices of Jay Koslofsky. Plaintiffs' counsel have extensive expertise in class action and

12  disability rights litigation. (*See* Declaration of Stuart Seaborn in Support of Joint Motion for

13  Preliminary Approval of Settlement ("Seaborn Decl.") ¶¶ 3–7); *see also Gray v Golden Gate*

14  *National Recreation Area*, 279 F.R.D. 501 (N.D. Cal. 2011); *Nat'l Fed'n of the Blind v. Target,*

15  *Corp.*, 582 F. Supp. 2d 1185, 1202 (N.D. Cal. 2007). Perkins Coie, which has extensive

16  experience in defending corporate clients in class action litigation, has ably represented Redbox

17  and Save Mart.

18  **IV.    SUMMARY OF THE SETTLEMENT**

19      The proposed settlement agreement includes the following terms.

20      **A.    Modifications to Redbox Kiosks in California and Redbox's Website**

21      Redbox agrees to equip all existing Redbox kiosks in California with a nonvisual user

22  interface that Plaintiffs can use to independently browse, select, pay for, and return media from

23  Redbox kiosks. The nonvisual user interface will consist of a standard headphone jack, a tactile

24  keypad, and text-to-speech output that will read the text and controls on the screen aloud.

25  Redbox will continue to meet and confer with Plaintiffs regarding the design of the nonvisual

26  user interface and provide Plaintiffs the opportunity to review and approve a functional prototype

27  before deploying the prototype. Redbox will also ensure that for the term of the agreement, all

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   new Redbox kiosks deployed in California are equipped with the nonvisual user interface

2   described above.

3       Redbox will begin installing the nonvisual user interface on Redbox kiosks no later than

4   eighteen months after final approval of this agreement, with some limited exceptions provided if

5   there is an appeal that could impact the nature of the hardware modifications Redbox needs to

6   make to the kiosks under the terms of the Agreement.  Redbox would complete rolling out the

7   nonvisual user interface at all Redbox kiosks in California within thirty months of final approval

8   of this agreement or within eighteen months of the resolution of any appeal of final approval,

9   whichever is longer.

10      Redbox will also make certain accessibility improvements to redbox.com to ensure that

11  Plaintiffs using screen reading technology can independently register, browse movies, browse

12  kiosk locations, and reserve movies for pick-up.  Redbox will complete these modifications to

13  redbox.com within eighteen months of final approval of this agreement.  This timeline will

14  ensure that accessibility improvements to redbox.com are in place by the time that Redbox

15  begins to roll out the nonvisual user interface at Redbox kiosks in California.  Redbox will

16  maintain these accessibility improvements on redbox.com for the term of the agreement.

17      **B.    Remote Customer Assistance**

18      To provide Plaintiffs with access to the services at Redbox kiosks in California while the

19  modifications described above are being developed and deployed, Redbox will continue to

20  maintain a customer service phone line whereby Redbox customer service agents can remotely

21  assist settlement class members with browsing, renting, paying for, and returning movies or other

22  media from Redbox kiosks by remotely operating the kiosks.  Redbox will offer this phone line

23  until Redbox completes installation of the nonvisual user interface at all Redbox kiosks in

24  California.  Once these modifications are complete, Plaintiff Lighthouse will maintain, for the

25  remainder of the term of this Agreement and at its own expense, a toll-free telephone number

26  that will allow class members to report questions, concerns, or complaints regarding the

27  nonvisual user interfaces on Redbox kiosks in California.  Plaintiff Lighthouse will use a portion

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1 of the payment it receives for monitoring compliance with the agreement as described below to

2 fund this service.

3     **C.**     <u>**Monitoring Compliance with the Agreement**</u>

4     The Lighthouse will monitor Defendant Redbox's compliance with the portions of the

5 Agreement covering the modifications to Redbox kiosks in California and redbox.com.

6     After modifications are made to the kiosks in California, the Lighthouse will conduct user

7 testing by legally blind persons, testing up to 1% of the modified kiosks, and, beginning after the

8 first 25% of kiosks are equipped with the accessibility modifications, the Lighthouse will report

9 to Redbox on a quarterly basis the results of its user testing. After the first twelve months, user

10 testing will occur every six months for the term of the agreement. The blind users will test the

11 nonvisual user interface on each kiosk by attempting to browse, rent, pay for, pick-up, and return

12 media at the kiosks using the tactile keypads and headphone jacks on the retrofitted kiosks.

13     After modifications are made to redbox.com, the Lighthouse will conduct user testing of

14 the site by legally-blind persons and will provide quarterly reports to Redbox regarding the

15 results of its user testing. After the first twelve months, user testing will occur every six months

16 for the term of the agreement. The legally-blind users will test redbox.com by attempting to

17 register for an account on redbox.com, independently search for Redbox kiosk locations, and

18 independently browse and reserve movies and other media available for rent at Redbox kiosks

19 utilizing screen-reading technology.

20     Redbox will pay the Lighthouse $85,000 for this monitoring.

21     **D.**     <u>**Responding to Complaints from Blind and Visually Impaired Customers**</u>

22     Within eighteen months of the effective date of this agreement, Redbox shall make

23 reasonable and diligent efforts to provide legally blind customers with a method of reporting any

24 problems with the nonvisual user interfaces on Redbox kiosks or with Redbox.com. The

25 methods of reporting may include, but are not limited to, Redbox allowing customers to report

26 any problems with the nonvisual user interface via Redbox's remote customer assistance line, or

27 a web-based or e-mail method for customers using Redbox.com to report problems with any of

28 the accessibility modifications made to Redbox.com.

### E. Duration of Agreement

The parties agreed that the Agreement will have a duration of forty-two months starting at the time this Courts' Final Approval of the Agreement is no longer subject to appeal. The parties request that this Court maintain continuing jurisdiction throughout the term of the Agreement and that, if necessary, this Court appoint a United States magistrate judge to oversee enforcement of the agreement during that period.

### F. Damages Settlement Fund

Redbox has agreed to contribute $1,200,000 into a settlement fund that will be used to pay valid claims submitted by members of the settlement class. Redbox will deposit these funds into an interest-bearing account within forty-five (45) days of the effective date of the agreement. Claims will be processed and the funds will be distributed within forty-five days of the end of the claims period. The claims period will last for ninety days after the date notice is disseminated. Interest earned by the account will also go to the settlement class.

The parties agreed that Kurtzman Carson, LLC ("KCC"), a firm with experience administering over 1500 class action settlements, will serve as the claims administrator. The claims administrator will be retained to process and validate submitted claims forms, and to distribute funds pursuant to the proposed agreement. Redbox will cover the costs of claims administration up to $25,000. Plaintiffs will cover any reasonable claims administration costs beyond $25,000.

To submit a claim, eligible members of the damages subclass will be required to submit a claim form, executed under penalty of perjury, setting forth, among other things, (i) the class member's name and address; (ii) confirmation that the class member is legally blind; and (iii) confirmation that the class member attempted to access a Redbox kiosk in California but was unable to because of the visual interface or had actual knowledge of the visual interface used by Redbox kiosks in California and was, as a result, deterred from accessing the goods and services of the Redbox kiosks in California on a particular occasion within the claims period. Claims may be submitted on-line through a settlement website established for the purpose of

*DISABILITY RIGHTS ADVOCATES*
*2001 CENTER STREET, FOURTH FLOOR*
*BERKELEY, CALIFORNIA 94704-1204*
*(510) 665-8644*

*LIGHTHOUSE FOR THE BLIND AND VISUALLY IMPAIRED ET AL. V. REDBOX AUTOMATED RETAIL, LLC ET AL.*, Case No. 12-cv-00195 PJH
**JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**          **10**

1    administering the settlement agreement or by mail directly to KCC.   Class Counsel and KCC

2    will provide notice to the settlement class and instructions regarding the claims procedure.

3         The $1.2 million damages fund will be shared pro rata among each settlement class

4    member who timely submits a valid claim form, but in no event will any claimant be entitled to

5    more than $4,000 for a valid claim.  If the class claims exceed $1,200,000 plus accrued interest,

6    the amount paid per claimant will be reduced pro rata so that the total amount paid from the fund

7    does not exceed $1,200,000 plus accrued interest.  Each class member may submit only one

8    claim.

9         The agreed-upon class damages fund of $1,200,000 represents a fair and reasonable

10   compromise resulting from arm's length negotiations.  It provides the possibility of significant

11   relief for class members while taking into consideration the risks of pursuing damages claims

12   through additional litigation.  The California statutes offer prevailing plaintiffs statutory

13   minimum damages of $1,000 per incident (under the Disabled Persons Act) or $4,000 per

14   incident (under the Unruh Act).  While the class size may be difficult to estimate, the parties

15   expect a range of roughly 300 to 1,200 claimants, resulting in a recovery range of $1,000 per

16   eligible claimant (representative of the statutory damages amount available under the Disabled

17   Persons Act) if there are 1,200 claimants to a maximum of $4,000 per claimant (representative of

18   the statutory damages amount available under the Unruh Act) if there are 300 claimants.

19        Though in some cases it may be possible for individual plaintiffs who prevail after

20   litigating damages claims to recover above this $4,000 maximum based on allegations of

21   multiple incidents, such claims would require significant use of resources and the possibility of

22   securing such relief through litigation is uncertain.   Indeed, the parties dispute the standard of

23   proof required under the Unruh Act and likelihood of success of Plaintiffs' Unruh claims if the

24   parties were to continue to litigate this case.  However, the parties agree that the amount of

25   statutory damages in the Agreement is an appropriate and reasonable compromise in the context

26   of settlement and in light of the risks and costs associated with further litigation.  Such

27   compromises are routinely approved in class action settlements.  *See, e.g.*, *In Vandervort v.*

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Balboa Capital Corp.*, --- F. Supp. 2d ----, 2014 WL 1274049, at *4 (C.D. Cal. March 27, 2014) (approving a settlement for less than the amount of statutory damages under the TCPA).

     If the total dollar amount that is distributed to class members totals less than $1,200,000 plus accrued interest, or if any portion of the damages fund remains unpaid for 400 days after the claims administrator has mailed checks to class members, the remainder of the settlement fund will be directed to the Paul Longmore Institute on Disability at San Francisco State University ("the Longmore Institute") as a *cy pres* beneficiary.   The Longmore Institute promotes new forms of teaching, scholarship, artistic creation for the disability community, including the blind community.  Its projects include a disability film festival and several other cultural, recreational, and art programs where members of the blind community participate and benefit.  Its mission and work are therefore directly linked to the interests of the class and the underlying civil rights at issue in the litigation, making it an appropriate *cy pres* beneficiary. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir.2011) (A *cy pres* remedy must account "for the nature of the Plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members[.]")).  For more information about the Longmore Institute, visit http://longmoreinstitute.sfsu.edu/pages/about-institute. There will be no reversion of funds to Redbox.

### G.    __Opt-Out Right__

     If this Court grants the joint motion to certify a settlement class under Rule 23(b)(3), any potential settlement class members, except for the named Plaintiffs, will have the right and an additional opportunity to optout of the class for purposes of monetary relief.  The parties will accept requests to opt out of the monetary settlement that are received by the Claims Administrator within ninety (90) days of the Notice Deadline that is set by the court.  The parties agreed upon form language and content for opt-out requests, which is reflected in §12 of the settlement agreement, and that opt-out requests that are not made in the agreed upon language may be reviewed by the Court upon the request of either party, if the parties are unable to resolve the matter on their own or with the assistance of Justice Lambden.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

### H.   Notice

If this proposed agreement is preliminarily approved and the proposed settlement class is certified, the parties will initiate notice to the settlement class in the manner approved by this Court within fourteen (14) days of the Court's order preliminarily approving the agreement.  The notice to class members will describe the agreement, inform them of their right to object to the agreement, inform them of their right to opt out of the damages portion of the agreement, and will describe the prerequisites for recovering damages from the claims fund with plain-language instructions.   The notice disseminated to members of the settlement class will include the Long Form Notice of Class Settlement (attached as Exhibit C to the Settlement Agreement) and the Short Form Notice of Class Settlement (attached as Exhibit D to the Settlement Agreement).

Plaintiffs and Class Counsel have conducted extensive research and investigation to determine the most effective methods of reaching members of the proposed settlement class in light of the blind community's lack of access to traditional print media. (*See* Seaborn Decl. ¶ 12.) Plaintiffs have identified a series of organizations, list-serves, and publications targeting the blind community in California.  (*Id.*) Those organizations, list-serves, and publications and the procedures for disseminating the notice are discussed in Section V.C below.

### I.   Release of Injunctive and Damages Claims

In exchange for the injunctive relief described in this proposed agreement, Plaintiffs and the Settlement Class agree to release any injunctive relief claims against Redbox and Save Mart relating to the subject matter of the litigation. The release will apply to claims that arose between January 12, 2010 and the effective date of the settlement agreement.

In exchange for the damages relief described in the proposed agreement, Plaintiffs and the Settlement Class also agree to release all damages claims of the California class against Redbox and Save Mart relating to the subject matter of the litigation.  The damages release will apply to any potential claims of the named Plaintiffs and members of the Settlement Class who chose not to opt out of the agreement.  The release will apply to any claims for damages under California State access law that arose between January 12, 2010 through the last day of the Claims Period (which is also the last day to opt out of the damages portion of the agreement).

The released claims are coextensive with the claims set out in the complaint.

### J. Payment to Named Plaintiffs

Redbox will also make a payment of $10,000 to each of the following named Plaintiffs within forty-five (45) days of the effective date of the agreement: Angela Griffith, Lisamaria Martinez, Joshua Saunders, Shana Ray, and Jennifer Westbrook. These payments are service awards based on the extensive efforts the named plaintiffs provided over the course of nearly three years, including their efforts during the initial investigation, the period of active litigation, and the prolonged settlement discussions. Many of the Named Plaintiffs participated in the six in-person mediation sessions, advocating for injunctive relief on behalf of the class and providing valuable insight into accessibility solutions for the blind community. (*See* Seaborn Decl. ¶13, Martinez Decl. ¶¶ 7-9, Saunders Decl. ¶¶ 7-9, Ray Decl. ¶¶ 7-9.) The accessibility improvements that will result from the settlement would not have been possible without their active participation.

### K. Dispute Resolution Process

Enforcement of this agreement will be subject to continuing jurisdiction of the Court. The parties request that this Court appoint a United States magistrate judge in the Northern District of California for overseeing enforcement of the Agreement upon final approval of the agreement or other such time as the Court deems necessary. Prior to seeking court enforcement, the parties will meet and confer to discuss and resolve any dispute that arises regarding compliance with the agreement. If, within thirty (30) days, the parties are still unable to resolve the dispute through the meet-and-confer process, they have the option to engage in mediation. If the parties are unable to resolve the dispute within thirty (30) days through the meet and confer process or if the parties opt to use mediation and are unable to resolve the dispute within sixty (60) days, the issue may be presented to the assigned magistrate judge, who will have the authority to enforce the agreement.

### L. Attorneys' Fees and Costs

Redbox will pay a total of $800,000 for Plaintiffs' reasonable attorneys' fees and costs. This compensation includes: (1) $610,000 in attorneys' fees for work on the matter through

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

February, 20, 2014, (2) $80,000 in attorneys fees' for work on obtaining approval of the proposed settlement agreement, (3) $75,000 in attorneys' fees for monitoring of the agreement for the term of the agreement, and (4) $35,000 in costs. As a part of the parties' arm's length negotiations, the parties did not negotiate attorneys' fees until after negotiating relief for the settlement class. The attorneys' fees amount is the result of an agreed-upon compromise, utilizing a lodestar calculation with reductions based on billing judgment as a starting point. Additionally, none of the agreed-upon attorneys' fees or costs come out of the class damages fund.

Class counsel will file its motion for reasonable attorneys' fees and costs at least fourteen (14) days before the deadline for objecting to the settlement agreement and will provide instructions for accessing the motion in the notice to the class.

### M. Class Action Fairness Act Compliance

Redbox and Save Mart will provide information concerning the settlement to the U.S. Department of Justice and the Attorney General for the State of California within ten (10) days of filing of this motion pursuant to the Class Action Fairness Act ("CAFA").

## V. LEGAL ARGUMENT

### A. Certifying the Class Is Appropriate Under FRCP 23(a) and (b)(3)[2]

The parties have stipulated to the certification at the time of the fairness hearing of a settlement class defined as follows:

> All legally blind individuals who, due to the visual interface utilized at the Redbox Kiosks located in California, have attempted but were unable to access the products or services available at Redbox Kiosks located in California, or were deterred from accessing those products or services at the Redbox Kiosks in California, between January 12, 2010 and the end of claims period to be set by the Court. Legally blind individuals include all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200 in the better eye, or they have a visual

---

[2] The parties propose certification of the class under FRCP 23(b)(3). Please note, however, that, if the court prefers, the parties are open to certifying the settlement class as a hybrid FRCP 23(b)(2) and (b)(3) class, where the injunctive relief claims would be certified under FRCP 23(b)(2) and the statutory damages claims would be certified under FRCP 23(b)(3), since the real world effect of such an approach would be the same as certifying the class under FRCP 23(b)(3) only.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

field limitation such that the widest diameter of the visual field, in the better eye, subtends an angle no greater than 20 degrees, as measured with a Goldmann III4e or equivalent size stimulus. Some people who meet this definition have limited vision. Others have no vision.

The proposed class is coextensive with the proposed class set out in the Complaint, which included all legally blind persons who have been or are being denied access to Redbox kiosks in California. However, the parties have clarified that the class includes legally blind persons who were deterred from accessing the products or services of Redbox Kiosks in California, since such persons also have standing to allege a denial of access to Redbox kiosks. *See Arnold v. United Artists Theatre Circuit, Inc.,* 866 F. Supp. 433, 438–39 (N.D. Cal. 1994); Calif. Civ. Code § 54.56.

    1.    <u>The Proposed Class Meets the Numerosity, Commonality, Typicality, and Adequate Representation Requirements of Rule 23(a)</u>

Plaintiffs assert, and Defendants do not contest for purposes of settlement, that the proposed class satisfies the four threshold requirements for class certification under Rule 23(a). These requirements are (1) numerosity of potential class members; (2) commonality of factual and legal issues among class members; (3) typicality of the class representatives' claims; and (4) adequate representation of class wide interests by representatives and Class Counsel. Without conceding these requirements and for the purpose of effectuating this settlement, Defendants stipulate to certification of the proposed class for purposes of settlement.

    ***a.    The Proposed Class Satisfies the Numerosity Requirement***

A class meets the numerosity requirement if the class is so large that joinder of all members would be impracticable. Fed. R. Civ. Proc. 23(a)(1); *see Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1029 (9th Cir. 2012) (certifying class of 262 individuals); *Gay v. Waiters' & Dairy Lunchmen's Union,* 489 F. Supp. 282 (N.D. Cal. 1980), *aff'd,* 649 F.2d 531 (9th Cir. 1982) (certifying class of 184 identified potential class members). Here, approximately 150,000 blind individuals reside in California, and other blind individuals regularly visit California. (*See* Seaborn Decl. ¶ 14, Exh. A.) Plaintiffs submit that many of these individuals have reason to rent movies, whether to watch the movies themselves or with friends and family.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   There are over four thousand Redbox kiosks deployed throughout California, including those

2   located at Save Mart stores.  Thus, the number of legally blind individuals who might have used

3   Redbox kiosks in California to rent movies or other media, but were deterred from doing so due

4   to the exclusively visual interface utilized by the Redbox kiosks, or who have actually attempted

5   to access the services of Redbox kiosks in California since January 10, 2010 is easily in the

6   hundreds and could be in the thousands.

7               **b.      The Proposed Class Satisfies the Commonality Requirement**

8               Rule 23(a)(2) requires that there exist "questions of law or fact common to the class."

9   The Ninth Circuit construes this requirement permissively.  "All questions of fact and law need

10  not be common to satisfy the rule."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.

11  1998).   "[A]ll that Rule 23(a)(2) requires is 'a single significant question of law or fact.'"

12  *Abdullah v. U.S. Sec. Associates, Inc.*, 731 F.3d 952, 957 (9th Cir. 2012) (quoting *Mazza v. Am.

13  Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir.2012)); *see also Evon*, 688 F.3d at 1029

14  (commonality requirement met when question of liability on claims made by class members was

15  "capable of determination in one stroke").  Moreover, in civil rights, suits commonality is

16  satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the

17  putative class members.  *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir.2001), *abrogated on

18  other grounds as recognized by Harris v. Alvarado*, No. 08-16860, 2010 WL 4296636, at *1 (9th

19  Cir. Oct. 28, 2010).

20              Here, the alleged access violations are system-wide and uniform across the entire fleet of

21  Redbox kiosks throughout California.  The parties agree that all Redbox kiosks in California

22  utilize a common interface.  All of the kiosks use the same exclusively visual interface and that

23  interface affects all legally blind customers in a consistent way. The determination of whether or

24  not the customer interface on the Redbox kiosks complies with state and federal disability laws

25  will not vary from location to location or even kiosk-to-kiosk.  Both the finding of liability and

26  the determination of relief for the class are therefore, capable of determination in one stroke.  *See

27  Evon*, 688 F.3d at 1029 (quoting *Wal–Mart Stores Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)).

28              **c.      The Class Representatives Here Meet the Typicality Requirement**

1    The named class representatives also have claims that are typical of the class. *See* Fed. R.

2    Civ. Proc. 23(a)(3). "The test of typicality 'is whether other members have the same or similar

3    injury, whether the action is based on conduct which is not unique to the named plaintiffs, and

4    whether other class members have been injured by the same course of conduct.'" *Evon*, 688 F.3d

5    at 1030 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992)); *see also*

6    *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012) (quoting

7    *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.1998) (representative claims are typical

8    if they are "reasonably co-extensive with those of absent class members; they need not be

9    substantially identical.")).

10    Here, the proposed class representatives, Angela Griffith, Lisamaria Martinez, Joshua

11    Saunders, Shana Ray and Jennifer Westbrook all have the same disability as the other members

12    of the class—all are legally blind—and have alleged the same injury as other members of the

13    class due to the same conduct – *e.g.* they have all been denied or deterred from accessing the

14    services of the Redbox kiosks due to the visual customer interface used by the kiosks.  (*See*

15    *Generally*, Declarations of Angela Griffith, Lisamaria Martinez, Joshua Saunders, and Jennifer

16    Westbrook.).  All of the class representatives therefore have claims that are coextensive with the

17    claims of the overall settlement class and satisfy the typicality requirements of Rule 23.

18           **d.      *Class Representatives and Experienced Class Counsel Here***
                        ***Easily Meet the Adequacy Requirement***

19

20    Finally, the representative parties will fairly and adequately protect the interests of the

21    class. To satisfy this requirement, the Named Plaintiffs and Class Counsel must not have

22    conflicts of interest with the proposed class, and the class must be represented by qualified

23    counsel. *Evon*, 688 F.3d at 1031.  No conflict exists between the Named Plaintiffs and the

24    proposed settlement class here nor does any conflict exist within the settlement class with regard

25    to relief.  All named Plaintiffs and other class members seek the same relief, access to the media-

26    rental services available at Redbox kiosks in California.  The injunctive relief that the proposed

27    agreement authorizes would provide all members of the class, including the proposed class

28    representatives, with full and equal access to media-rental services at all Redbox kiosks

1  throughout California.  This agreement may be the first class-action settlement to secure access

2  modifications for blind persons to interactive, touch-screen, retail kiosks operated by a private

3  company on a statewide basis.

4          In addition, class counsel has served as class counsel in scores of disability rights cases

5  across the Country.[3]  In this matter, class counsel has vigorously pursued relief on behalf of the

6  class, initially through litigation and then through extensive, arm's length settlement negotiations

7  with Defendants.  *See Hanlon*, 150 F.3d at 1021 (vigorous representation measured by

8  "competency of counsel and . . . an assessment of the rationale for not pursuing further

9  litigation").  Based on class counsel's extensive experience litigating access to public

10  accommodations, this settlement agreement is a success in providing blind individuals with

11  independent access to interactive kiosks.  The impact of the agreement demonstrates that further

12  litigation was not necessary to remedy the class claims.  In addition, attempting to reach a

13  resolution through additional litigation could have taken years and, due to the novel nature of the

14  claims, might not have yielded a resolution as favorable as that contained in the proposed

15  settlement.

16              2.        The Proposed Class is Also Sufficiently Ascertainable

17          In this circuit, ascertainability is satisfied if the class definition describes a set of common

18  characteristics sufficient to allow a prospective plaintiff to identify himself or herself as having a

19  right to recover based on that description.  *Lanovaz v. Twinings North America, Inc.*, 2014 WL

20  1652338, at *2–3 (N.D. Cal.  April 24, 2014), (citing *McCrary v The Elations Co., LLC*, 2014

21  U.S. Dist. LEXIS 8443, at *25 (C.D. Cal. Jan. 13, 2014)); *see also Astiana v Kashi* Co., 291

22  F.R.D. 493, 500 (S.D. Cal. 2013).  Here, Plaintiffs submit, and Defendants do not contest for the

23  purposes of settlement, that membership in the class can be determined by a short list of common

24  characteristics.  Class members must be legally blind and, due to the exclusively visual user

25  interface at Redbox kiosks, have unsuccessfully attempted to access the services of a Redbox

26  kiosk since January 12, 2010 or been deterred from attempting to access those services since

27

28

---

[3] *See* Seaborn Decl. ¶¶ 3–7.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

January 12, 2010.[4]  Plaintiffs contend that the test for determining whether a legally blind person

falls in the latter category is simple:  that person needs to have been aware of the barriers

presented by the kiosks' visual interfaces and, as a result of knowledge of such barriers, did not

attempt to access the services available at a kiosk on a particular occasion.  Such a determination

requires no complex calculations.  In the context of settlement and the claims process, it simply

requires testimony under penalty of perjury confirming affirmative answers to a short set of

questions.  Given the risks inherent in litigation and the common design of the Redbox kiosks,

Defendants do not contest these points for the purpose of settlement.

### 3.  The Proposed Class Meets the Requirements of Rule 23(b)(3)

Under Rule 23(b)(3), certification is appropriate where common questions of law and fact

"predominate over any questions affecting only individual members, and [where] a class action

is superior to other available methods for fairly and efficiently adjudicating the controversy."

When assessing predominance and superiority, the court may consider that the class will be

certified for settlement purposes only, and that manageability of trial is therefore irrelevant.

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 618-20 (1997).

### a.  *Common Questions of Law and Fact Predominate in the Claims of the Proposed Class*

Plaintiffs submit and Defendants do not contest for the purposes of settlement that

common questions predominate here.  Plaintiffs' claims will "prevail or fail in unison."

*Abdullah*, 731 F.3d at 964, 967 (Affirming certification under Rule 23(b)(3) of class of

employees because common issues predominated where plaintiffs' theory of liability concerning

breaks depended on employer's uniform single-employee staffing model and where all worksites

were identical); *see also In re Whirlpool Corp. Front–Loading Washer Products Liability

Litigation*, 722 F.3d 838, 859 (6th Cir. 2013) (affirming certification of class of purchasers of

---

[4] The disability discrimination statutes provide legal standing to persons with disabilities who
become aware of barriers at a place of public accommodation and are deterred from accessing
the services of that place of public accommodation due to those barriers regardless of whether
they have actually experienced the barriers at issue.  *See Arnold v. United Artists Theatre Circuit,
Inc.*, 866 F. Supp. 433, 438–39 (N.D. Cal. 1994); Calif. Civ. Code §54.56.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

various washing machine models under Rule 23(b)(3) where design flaws had common impacts on class members despite differences in washing machine usage across class members).

Here, all members of the proposed class are legally blind and submit they have faced the same common design barrier that has impacted them in the same way, regardless of where in California they encountered a Redbox kiosk. The individual Plaintiffs and all members of the proposed class seek the same injunctive remedy, a set of modifications to Redbox kiosks that would enable them to independently access the kiosks. Additionally, all class members have damages claims that turn on the same issue and all seek the same damages remedy—minimum statutory damages under California's disability discrimination statutes—making such claims particularly appropriate for certification under Rule 23(b)(3). *See Target*, 582 F. Supp. 2d at 1203 (characterizing, in the context of class certification, the complexity of individual damages determinations under the statutory minimum damages framework of the Unruh Act and the DPA as "relatively minor" and finding such claims appropriate for certification under Rule 23(b)(3)); *Botosan v. Paul McNally Realty*, 216 F.3d 827, 834–35 (9th Cir. 2000) (proof of actual damages not required for recovery of statutory damages under the Unruh Civil Rights Act).

> **b.** ***Resolving the Claims of the Proposed Class on a Class-Wide Basis Is Superior to Other Methods of Adjudicating the Controversy, and Many Members of the Proposed Class Are Unlikely to Obtain Relief Absent a Class-Wide Resolution of Their Claims***

Adjudicating the claims of the proposed class through a single action is superior to the available alternatives. The superiority analysis requires "a comparative evaluation of alternative mechanisms of dispute resolution" and "determination of whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. Courts consider four factors in the superiority analysis: (1) the class members interests in controlling the litigation, (2) the nature of the litigation, (3) the desirability of concentrating litigation, and (4) the manageability of the claims. Fed. R. Civ. P. 23(b)(3).

The proposed class here satisfies the objectives of the 23(b)(3) class by efficiently resolving a large set of similar claims. *Hanlon*, 150 F.3d at 1023 (holding that 23(b)(3) class was superior to alternative of numerous individual actions that would burden courts and would be

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   uneconomic for many class members).  The proposed settlement will provide all class members

2   with full and equal access to Redbox kiosks in California within a reasonable timeframe. In

3   addition, the proposed resolution of the damages claims involves a streamlined claims procedure

4   that would provide redress to aggrieved class members.  The alternative method to adjudicate

5   these claims would be to burden the courts with numerous individual lawsuits. In practice,

6   however, many members of the proposed class have no alternative to a class resolution of their

7   claims because they do not have the means to secure legal counsel to prosecute individual claims

8   against Redbox and Save Mart.

9   Resolving claims of the proposed class in a class-wide settlement is also superior to the

10  alternatives because it is more manageable.  *Leyva v. Medline Industries, Inc.,* 716 F.3d 510, 515

11  (9th Cir.2013) (holding that manageability favored class-wide adjudication of claims even where

12  individual damages determinations were necessary).  The proposed settlement resolves the

13  injunctive relief claims of the class in one stroke by modifying the uniform kiosk design and

14  applying that modification statewide.  The settlement also sets up a simplified claims procedure

15  that will efficiently resolve the damages claims of the proposed class without the need for further

16  adjudication.  In contrast, the alternative of numerous individual cases would involve duplicative

17  efforts by the courts and may lead to complications if different courts interpret the state and

18  federal disability laws differently.

19  **B.   Preliminarily Approving the Proposed Settlement Agreement Is Appropriate**

20  Federal Rule of Civil Procedure 23(e) conditions the settlement of any class action on

21  court approval.  *Hanlon*, 150 F.3d at 1025.  Preliminary approval of a settlement allows the

22  parties to efficiently determine whether the proposed settlement is "within the range of possible

23  approval[.]" *Horton v. Merrill Lynch*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (quoting

24  *Armstrong v. Board of School Directors*, 616 F.2d 305, 314 (7th Cir. 1980) (outlining role of

25  preliminary approval in overall approval process)).  A court may probe the parties' consensual

26  agreement only "to ensure that it is 'fair, adequate, and free from collusion.'"  *Lane*, 696 F.3d at

27  819 (Quoting *Hanlon*, 150 F.3d at 1027).  In addition, there is an initial presumption of fairness

28  when, as here, "a proposed class settlement was negotiated at arm's length by counsel for the

class." *Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996). Courts consider several factors when determining whether the settlement is "fundamentally fair, adequate, and reasonable," including (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of the class members to the proposed settlement. Fed. R. Civ. P. 23(e)(2); *Lane*, 696 F.3d at 819 (endorsing factors set forth in *Hanlon*, 150 F.3d at 1026).

Here, the proposed settlement agreement is fundamentally fair, adequate, and reasonable. Without exception, the agreement will provide class members with the injunctive relief that they seek: equal access to Redbox's video rental services via a uniform set of modifications to all Redbox kiosks throughout the State. Redbox has agreed to modify all its kiosks in California on a reasonable timeline, provide access to Redbox kiosks during the interim modification period through remote customer assistance, and modify redbox.com so that class members can browse and reserve movies using the website. These accessibility modifications are well-researched and based on industry models for providing blind persons with access to ATMs and other self-service kiosks. The agreement further provides for monitoring and a complaint hotline to ensure that modifications are maintained and kept functional for blind customers throughout the state.

Plaintiffs hope that this settlement will demonstrate that businesses interacting with customers using modern technology can make their services accessible to people with disabilities, and thus serve as a model for the business community.

Additionally, all parties have concluded that the settlement is appropriate after weighing the benefits of this agreement against the risks of proceeding to trial, the costs of continuing the litigation, and the delay in resolving the claims that continued litigation would entail. The parties' extensive settlement discussions, which included the use of consultants with expertise in accessible technology, multiple exchanges of information, and six mediation sessions over the course of nearly two years, have provided them with ample information with which to evaluate

1    the settlement agreement. (*See* Seaborn Decl. ¶ 8.) For example, the parties exchanged

2    information concerning the hardware and software in Redbox kiosks, the types of nonvisual

3    accessibility features that can be used to make the kiosks accessible, technology used at other

4    accessible interactive self-service kiosks, Defendants' business practices, and demographic

5    information concerning blind consumers in California. (*Id.*) Taking account of this information,

6    the parties concluded that the mutually-agreed-upon modifications to the Redbox kiosks as well

7    as the agreed-upon compensation will provide relief for the class while resolving disputed issues

8    in an efficient and timely manner.

9       In contrast, additional litigation would cause uncertainty and delay for all parties. The

10    complicated factual and legal issues in the case will require extensive use of resources at trial,

11    including the use of multiple experts. Each side contends that it would ultimately prevail after

12    continued and likely prolonged litigation, but both parties agree that the risks presented by this

13    case are significant.

14       Furthermore, counsel experienced in class action litigation crafted the proposed

15    agreement. Class counsel are well-qualified litigators with specialized expertise in the area of

16    major class actions to improve physical access to public accommodations, including class actions

17    involving access improved access to technology for the blind community. (*See* Seaborn Decl. ¶¶

18    3–7.) In addition, counsel for Defendants possesses substantial experience defending corporate

19    clients against class actions. Counsel on both sides view this agreement as a successful

20    compromise that will resolve class members' claims in a fair and efficient manner.

21       Finally, negotiation of this agreement was thorough and conducted at arm's length. The

22    parties extensively discussed an array of methods to provide blind persons with access to Redbox

23    kiosks. The parties attended several full-day mediation sessions and exchanged several versions

24    of the settlement agreement before arriving at language and remedies that all parties found

25    acceptable. Class representatives attended all of the full-day mediation sessions and participated

26    extensively in settlement negotiations. (*See* Martinez Decl. ¶¶ 7-10, Saunders Decl. ¶¶ 7-10.)

27    The Plaintiffs and Class representatives have reviewed the terms of the settlement agreement and

28    fully support it. (*Id.*) The fact that the parties negotiated an agreement on the injunctive relief

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    before negotiating Plaintiffs' attorneys' fees and costs also demonstrates a lack of collusion

2    between the parties.

3        **C.**    **The Court Should Direct Distribution of the Notice of Settlement**

4        Federal Rule of Civil Procedure 23(e) instructs the Court to direct notice in a reasonable

5    manner to all class members who would be bound by the proposals.   Notice must be the "best

6    practicable under the circumstances." *See Peters v. National R.R. Passengers Corp.*, 966 F.3d

7    1483, 1486 (D.C. Cir. 1992); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314

8    (1950).  Here, the parties have agreed upon a form of notice to the class and methods to

9    disseminate the notice that more than satisfy the requirements of Rule 23. The Long Form Notice

10   covers the key components of the settlement, including the scope and timeline of the injunctive

11   relief and monitoring, opt-out procedures, the process, prerequisites, and time limits required for

12   recovering damages from the claims fund, and procedures for objections and participating in the

13   Fairness Hearing.  The Long Form Notice also provides instructions for class members on

14   accessing other materials relevant to settlement, including the full text of the Agreement and

15   Plaintiffs' motion for reasonable fees and costs, among other relevant documents, as well as a

16   link to a website designed to provide further information to class members about the settlement

17   and allow class members to submit online claims or opt-out notifications.   The parties have also

18   agreed to disseminate a Short Form Notice providing a plain language description of the

19   settlement agreement and instructions for the claims process, including opt-out procedures.

20       Class counsel conducted an extensive investigation into the most effective and efficient

21   methods for distributing notice of the settlement agreement to class members throughout the

22   state in light of the fact that traditional forms of distribution of notice of class action settlement,

23   including publication in major print newspapers, are less likely to be effective in the blind

24   community.   Class counsel identified and the parties have agreed upon the methods described

25   below, which are targeted to reach a maximum number of class members in a timely way, within

26   reasonable costs.

27       This Notice shall be distributed as follows:

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

a) Class Counsel and Defendants shall ensure that the Notice and Claims Notice shall be posted on the Settlement Website for a period of 90 days. The Settlement website shall contain instructions for completing Claims Forms.

b) Defendants shall provide the Notice to any person that has complained to Redbox or Save Mart about the accessibility of the Kiosks in California for the blind or visually impaired, if any, and to the extent Redbox or Save Mart is reasonably aware of such complaint and has either an email address or mailing address for such person(s). If Redbox or Save Mart has an email address for any person requiring notice under this Section, the Notice shall be provided by email in an accessible electronic format, which are electronic formats, including Microsoft Word Documents, properly formatted PDF files, RTF files, and text files, that can be read using screen reading technology. If Redbox or Save Mart has a mailing address for anyone requiring notice under this Section, the mailing addresses for these individuals shall be provided to Class Counsel, and Class Counsel shall mail to each individual through U.S. mail hard copies of the Notice in an alternate accessible format. For purposes of this Section "alternate accessible format" refers to Braille documents, large print documents, audio recordings, or other formats that legally blind individuals can independently read.

c) Class Counsel shall post the Notice and Claims Notice on the website of Disability Rights Advocates for a period of 90 days;

d) Class counsel shall electronically mail the Notice to the following email list serves, which exist to provide information relevant to blind Californians: nfbc-info@nfbnet.org, cabs-talk@nfbnet.org, and the California Council of the Blind's email list serve.

e) Class Counsel shall electronically mail the Notice to the following organizations serving blind persons in California:

Lions Center for the Blind
2115 Broadway
Oakland, CA 94612
Phone: (510) 450-1580

1  Website: http://www.lbcenter.org/

2  Vista Center for the Blind and Visually Impaired

3  2470 El Camino Real, Suite 107
   Palo Alto, CA 94306

4  Phone: (650) 858-0202
   Toll-Free phone: (800) 660-2009

5  Fax: 650-858-0214
   Website: http://www.vistacenter.org/

6

7  Santa Clara Valley Blind Center
   101 North Bascom Avenue
   San Jose, CA 95128

8  Phone: 408-295-4016
   Fax: 408-295-1398

9  Website: www.visionbeyondsight.org

10

11 San Francisco - Independent Living Resource Center San Francisco (ILRC-SF)
   649 Mission Street, 3rd Floor, San Francisco, CA 94105
   Phone: (415) 543-6222

12 Fax: (415) 543-6318
   Website: http://www.ilrcsf.org/

13

14 Santa Clara Valley Blind Center
   101 North Bascom Avenue
   San Jose, CA 95128

15 Tel: 408-295-4016
   Fax: 408-295-1398

16 Website: www.visionbeyondsight.org

17

18 San Jose - Silicon Valley Independent Living Center (SVILC)
   2202 N. First Street, San Jose, CA 95131

19 Phone: (408) 894-9041
   Fax: (408) 894-9050

20 TDD: (408) 894-9012
   Website: http://www.svilc.org/

21

22 San Mateo - Center for Independence of Individuals with Disabilities (CID)
   1515 South El Camino, Suite 400, San Mateo, CA 94402

23 Phone: (650) 645-1780
   Fax: (650) 645-1785

24 Website: http://www.cidsanmateo.org/

25 East Bay Center for the Blind
   2928 Adeline Street

26 Berkeley, CA 94703-2503
   Phone: (510) 843-6935

27 Fax: (510) 843-6006
   Website: http://eastbaycenterfortheblind.org/

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

The Hatlen Center for the Blind
2430 Road 20 #B112
San Pablo, CA 94806-3704
Phone: (510) 234-4984
Fax: (510) 234-4986
Website: http://www.hcblind.org/about/

California Department of Rehabilitation: Orientation Center for the Blind
400 Adams Street
Albany, CA 94706
Phone: (510) 559-1208
Website URL: http://www.dor.ca.gov/OCB/index.html

Berkeley - Center for Independent Living (CIL)
3075 Adeline Street, Ste. 100, Berkeley, CA 94703
Phone: (510) 841-4776
Fax: (510) 841-6168
Website: http://www.cilberkeley.org/

Concord - Independent Living Resources of Solano & Contra Costa Counties (ILR)
1850 Gateway Blvd., Suite 120, Concord, CA 94520
Phone: (925) 363-7293
Fax: (925) 363-7296
Website: http://www.ilrscc.org/

Hayward - Community Resources for Independent Living (CRIL)
439 A Street, Hayward, CA 94541
Phone: (510) 881-5743
Fax: (510) 881-1593
Website: http://crilhayward.org/

Marin Center for Independent Living (MCIL)
710 Fourth Street, San Rafael, CA 94901
Phone: (415) 459-6245
Fax: (415) 459-7047
Website: http://www.marincil.org/

Society for the Blind
1238 S Street
Sacramento, CA 95811
Phone: (916) 452-8271
Fax: (916) 492-2483.
Website: http://www.societyfortheblind.org

Blind & Visually Impaired Center of Monterey County
225 Laurel Avenue
Pacific Grove, CA 93950
Local Telephone: (831) 649-3505
Toll Free Telephone: (800) 404-3505
Website: http://www.blindandlowvision.org

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

California School for the Blind
500 Walnut Avenue
Fremont, CA 94536
Phone: (510) 794-3800
Website: http://www.csb-cde.ca.gov

Community Center for the Blind
130 West Flora Street
Stockton, CA 95202
Phone: (209) 466-3836
Website: http://www.communitycenterfortheblind.org/

Chico: Independent Living Services of Northern California (ILSNC)
The Jennifer Roberts Building
1161 East Avenue
Chico, CA 95926
Phone: (800) 464-8527
Fax: (530) 893-8574
VP/TTY: (530) 893-8527
Website: http://ilsnc.org/

Santa Rosa - Disability Services & Legal Center (DSLC)
521 Mendocino Ave, Santa Rosa, CA 95401
Phone: (707) 528-2745
Fax: (707) 528-9477
TTY: (707) 528-2151
Website: http://www.disabilityserviceandlegal.org/

Center for the Blind & Visually Impaired
1124 Baker Street
Bakersfield, CA 93305
Local Telephone: (661) 322-5234
Website: www.cbvi.org

Auburn - Placer Independent Resource Services (PIRS)
11768 Atwood Road, Suite 29, Auburn, CA 95603
Phone: (530) 885-6100
Fax: (530) 885-3032
Website: http://www.pirs.org/

Bakersfield - Independent Living Center of Kern County (ILCKC)
5251 Office Park Drive, Ste. 200 Bakersfield, CA 93309
Phone: (661) 325-1063
Fax: (661) 325-6702
Website: http://www.ilcofkerncounty.org/

Fresno - Resources for Independence, Central Valley (RICV)
3008 North Fresno Street, Fresno, CA 93703
Phone: (559) 221-2330

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Fax: (559) 221-2340
TTY: (559) 221-2342
Website: http://www.ricv.org/

Salinas - Central Coast Center for Independent Living (CCCIL)
318 Cayuga St. Suite 208
Salinas, CA 93901
Phone: (831) 757-2968
Fax: (831) 757-5549
TTY: (831) 757-3949
Website: http://www.cccil.org/

San Diego Center for the Blind and Vision Impaired
5922 El Cajon Boulevard
San Diego, CA 92115
Phone: (619) 583-1542
http://www.sdcb.org/

Braille Institute of America
741 North Vermont Avenue
Los Angeles, CA 90029
Local Telephone: (323) 663-1111
Toll Free Telephone: (800) 272-4553
Website: http://www.brailleinstitute.org

Claremont - Services Center for Independent Living (SCIL)
107 Spring Street, Claremont, CA 91711
Phone: (909) 621-6722
Fax: (909) 445-0727
Website: http://scil-ilc.org/

Downey - Southern California Rehabilitation Services (SCRS)
7830 Quill Drive, Suite D, Downey, CA 90242
Phone: (562) 862-6531
Fax: (562) 923-5274
Website: http://scrs-ilc.org/

Garden Grove - Dayle McIntosh Center (DMC)
13272 Garden Grove Blvd., Garden Grove, CA 92843
Phone: (714) 621-3300
Fax: (714) 663-2094
Website: http://www.daylemc.org/

Long Beach - Disabled Resource Center (DRC)
2750 East Spring Street, #100, Long Beach, CA 90806-2249
Phone: (562) 427-1000
Fax: (562) 427-2027
Website: http://www.drcinc.org/

Riverside - Community Access Center (CAC)

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

6848 Magnolia Avenue, Suite 150, Riverside, CA 92506
Phone: (951) 274-0358
Fax: (951) 274-0833
TTY: (951) 274-0834
Website: http://www.ilcac.org/

San Bernardino - Rolling Start, Inc. (RSI)
570 West 4th Street, Suite 107, San Bernardino, CA 92401
Phone: (909) 884-2129
Fax: (909) 386-7446
TDD: (909) 884-7396
Website: http://www.rollingstart.org/contact.html

San Diego - Access to Independence San Diego (A2iSD)
8885 Rio San Diego Drive, Ste. 131
San Diego, CA 92108
Phone: (619) 293-3500
Fax: (619) 293-3508
TDD: (619) 293-7757
Website: http://www.rehab.cahwnet.gov/ILS/ILC-A2ISD.html

Santa Barbara - Independent Living Resource Center (ILRC)
423 West Victoria Street, Santa Barbara, CA 93101
Phone: (805) 963-0595
Fax: (805) 963-1350
Website: http://www.ilrc-trico.org/

Junior Blind of America
5300 Angeles Vista Boulevard
Los Angeles, CA 90043
Local Telephone: (323) 295-4555
Website: http://www.juniorblind.org/site/

Guide Dogs for the Blind
350 Los Ranchitos Road,
San Rafael, CA 94903
Tel: (415) 499-4000
Fax: (415) 499-403
Website: http://www.guidedogs.com/site/PageServer

Guide Dogs of the Desert
60740 Dillon Road
 Whitewater, CA 92282
Phone: (760) 329-6257 or (888) 883-0022
Fax: (760) 329-2866
Website: http://guidedogsofthedesert.org/contact.html

Guide Dogs of America
 13445 Glenoaks Boulevard
 Sylmar, CA 9134

Phone: (818) 362-5834
 Fax: (818) 362-6870
Website: http://www.guidedogsofamerica.org/

Matilda Ziegler Magazine for the Blind
Email: Editor@matildaziegler.com
Website: http://www.matildaziegler.com/about/

AFB AccessWorld Magazine
Email: lhuffman@afb.net
Website: http://www.afb.org/aw/contact_aw.asp

Additionally, the claims administrator, KCC LLC, which has successfully managed thousands of class-action settlement agreements, will collect and process any opt-out statements and will receive and process damages claims. The claims administrator will submit copies of any opt-out statements it receives to the parties and the Court. The claims administrator will also submit a report to the parties at the end of the claims administration process detailing the results of the claims administration process.

### D. The Service Award Payments to Class Representatives are Justified and Reasonable

Service awards based on the efforts expended by class representatives are discretionary, intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk in bringing the action, and sometimes, to recognize their willingness to act as a private attorney general. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). The parties recognize that the courts review such payments to determine whether they destroy the adequacy of the class representatives. *See Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013). However, courts in this circuit routinely award reasonable service awards where class representatives have actively participated in securing reasonable relief for the class. *See Bolton v. U.S. Nursing Corp.*, 2013 WL 5700403, at *6 (N.D. Cal. Oct. 18, 2013) ($10,000 incentive award to class representative approved where average settlement recovery estimated to be $595.91 and class representative had assisted throughout the litigation and was prepared to be deposed in support of the case); *Glass v. UBS Financial Services, Inc.*, 2007 WL 221862, at *16–17 (N.D. Cal. Jan, 26, 2007) ($25,000 enhancement approved for four class representatives, despite objections, where class counsel provided

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    declaration attesting that named plaintiffs provided a great deal of informal discovery to class

2    counsel and a great deal of insight into the policies and practices of defendant.)); *Nwabueze v.*

3    *AT&T, Inc.* 2013 WL 6199596, at *11–12 (N.D. Cal. Nov. 27, 2013) (incentive payment of

4    $5,000 found to be presumptively reasonable where class representatives exhibited a willingness

5    to participate and undertake the responsibilities and risks attendant with bringing a representative

6    action.)

7        Here, the class representatives not only exhibited a willingness to participate and

8    undertake the responsibilities of a class action, they actively participated in all stages of the case

9    for nearly three years, including participation in numerous mediation sessions, hands-on testing

10   and feedback regarding possible accessibility solutions, among other efforts that resulted in

11   highly-effective advocacy on behalf of the class.  (*See* Seaborn Decl. ¶13, Martinez Decl. ¶¶ 6-

12   11, Saunders Decl. ¶¶ 6-11, Ray Decl. ¶¶ 6-11.)  Additionally, the class representatives spent

13   more than a year negotiating an injunctive fix to the accessibility barriers at Redbox kiosks and

14   secured an agreement on such relief before negotiating any payment for themselves.  (Seaborn

15   Decl. ¶¶ 8,13 Martinez Decl. ¶ 7, 9.)  The $10,000 service payment to the class representatives

16   is therefore reasonable and justified in light of the efforts they have expended to secure the best

17   practicable relief for the class.

18       **E.    The Court Should Approve the Proposed Scheduling Order**

19       The parties are submitting with this motion a proposed scheduling order setting forth

20   proposed dates for issuance of the notices, deadlines for objections and opt-outs, deadlines for

21   claims submission, a date for the fairness hearing to determine final approval of the agreement,

22   and related orders and deadlines.  The parties request that the Court enter this proposed order

23   with such changes as the Court deems appropriate.

24   **VI.    CONCLUSION**

25       The proposed settlement will benefit legally blind Californians and Plaintiffs hope that it

26   will serve as an example for the retail industry to help ensure companies include accessibility

27   features for blind users as they move towards a self-service business model.  It is a fair,

28   reasonable, and adequate settlement of the claims at issue.  The parties therefore request that the

Court issue preliminary approval of the proposed settlement class, issue preliminary approval of the proposed agreement, approve the proposed notices, and issue the proposed scheduling order, including setting a date for a fairness hearing.

Dated: June 26, 2014                    DISABILITY RIGHTS ADVOCATES
                                        LAW OFFICES OF JAY KOSLOFKSY

                                        /s/
                                        _____
                                        Stuart Seaborn
                                        Attorneys for Plaintiffs

Dated: June 26, 2014                    PERKINS COIE, LLP

                                        /s/
                                        _____
                                        Sue J. Stott
                                        Amanda J. Beane
                                        Attorneys for Defendants

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# EXHIBIT 1

STUART SEABORN (CA BAR NO. 198590)
MICHAEL NUNEZ (CA BAR NO. 280535)
Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:          (510) 665-8716
Email:        general@dralegal.org

JAY KOSLOFSKY (CA BAR NO. 97024)
Law Offices of Jay Koslofsky
P.O. Box 9236
Berkeley, CA 94709
Tel:    (510) 280-5627
Fax:    (510) 845-3707
Attorneys for Plaintiffs

(additional attorneys listed on next page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIGHTHOUSE FOR THE BLIND AND VISUALLY IMPAIRED, on behalf of itself and all others similarly situated, ANGELA GRIFFITH, on behalf of herself and all others similarly situated, LISAMARIA MARTINEZ, on behalf of herself and all others similarly situated, JOSH SAUNDERS, on behalf of himself and all others similarly situated, SHANA RAY, on behalf of herself and all others similarly situated, AND JENNIFER WESTBROOK, on behalf of herself and all others similarly situated, <br><br>                 Plaintiffs, <br><br>     v. <br><br> REDBOX AUTOMATED RETAIL, LLC, AND SAVE MART SUPERMARKETS, <br><br>                 Defendants. | **Case No. C12-00195 PJH** <br><br> **CLASS SETTLEMENT AGREEMENT AND RELEASE** <br><br><br> Judge:    Hon. Phyllis J. Hamilton |

SUE S. STOTT, CA Bar No. 91144
SStott@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

AMANDA J. BEANE (*Pro Hac Vice*)
ABeane@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile:  (2060 359-9000

Attorneys for Defendants
Redbox Automated Retail, LLC and

Save Mart Supermarkets

1.        **Introduction and Recitals**

1.1        This Settlement Agreement (together with all exhibits, the "Agreement") is entered into by and between Redbox Automated Retail, LLC ("Redbox") and Save Mart Supermarkets ("Save Mart") and The Lighthouse for the Blind and Visually Impaired ("The Lighthouse"), Angela Griffith, Lisamaria Martinez, Josh Saunders, Shana Ray, and Jennifer Westbrook (collectively, the "Individual Named Plaintiffs) (together, The Lighthouse and the Individual Named Plaintiffs are the "Named Plaintiffs"), individually and on behalf of themselves and a class of persons similarly situated. Redbox, Save Mart, and the Named Plaintiffs (individually and on behalf of the Settlement Class, defined herein) shall each be referred to as a "Party" and shall jointly be referred to as "Parties."

1.2        Named Plaintiffs filed a class action complaint against Redbox and Save Mart in United States District Court for the Northern District of California on January 12, 2012 (the "Lawsuit"). The Lawsuit was assigned the civil action number C12-00195 and was assigned to the Honorable Phyllis J. Hamilton.

1.3        Named Plaintiffs alleged that Redbox Kiosks, some of which appear in Save Mart stores, violated the Unruh Civil Rights Act, California Civil Code §§ 51 *et seq.*, the Disabled Persons Act, California Civil Code §§ 54 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*, in that they were not independently accessible to persons who are blind or visually-impaired.  The Named Plaintiffs sought injunctive and monetary relief.

1.4        Defendants Redbox and Save Mart have denied and continue to deny the Named Plaintiffs' claims and any liability.

1.5        The Parties have engaged in multiple mediation sessions and settlement negotiations over the course of nearly two years, including multiple in-person meetings and the involvement of technology experts.  The Named Plaintiffs and Class Counsel believe that their

claims have substantial merit and that they would meet the standards for class certification. Defendants have asserted various defenses, including the extent to which Save Mart is a proper party and the extent to which the asserted laws apply to Redbox Kiosks. Defendants also have asserted that the claims are inappropriate for class certification. Both parties, however, have considered that ultimate outcome on the merits is uncertain, and have considered the length and expense of continued proceedings without settlement.

1.6     The Parties therefore now wish to effect a complete resolution and settlement of all claims and controversies relating to the allegations of the Named Plaintiffs and the Settlement Class, and to resolve their differences and disputes by settling the Lawsuit. For purposes of this Agreement, Defendants stipulate to the definition of the Settlement Class, to the Named Plaintiffs serving as Class Representatives, and to Class Counsel serving as counsel to the Class. The Named Plaintiffs and Class Counsel acknowledge that they desire to settle on the terms and provisions in this Agreement and believe it is fair, reasonable, and adequate and in the best interests of the Named Representatives and the Settlement Class.

1.7     The terms of all Exhibits attached hereto are fully incorporated into this Agreement and are an integral part thereof. The terms of this Agreement, where applicable, are fully incorporated into all Exhibits and are, where applicable, an integral part thereof. To the extent that there are any conflicts or inconsistencies between the terms of this Agreement and any of the Exhibits, the terms of this Agreement shall control.

2.     **No Admission of Liability**. By agreeing to and voluntarily entering into this Agreement, there is no admission or concession by Redbox or Save Mart, direct or indirect, express or implied, that either has violated the Unruh Civil Rights Act, California Civil Code §§ 51 *et seq.*, the Disabled Persons Act, California Civil Code §§ 54 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*, or any other federal, state, or local law, regulation, order, or rule.

3.      **Definitions.** In addition to the terms defined elsewhere in the Agreement, the following terms shall have the meanings set forth below.

3.1     "Alternative Text" means a textual description of the content and function of a non-textual element on an Internet webpage that screen reading technology can perceive. Non-textual elements of Internet webpages include, but are not limited to, graphics, graphical links, and buttons.

3.2     "Claims Administrator" means Kurtzman Carson LLC ("KCC") and its employees, and agents, which was selected by the Parties to administer and process claims in accordance with Sections 10-11 herein.

3.3     "Claims Form" means the form attached as Exhibit A or materially identical thereto.

3.4     "Claims Form Instructions" means the form attached as Exhibit B or materially identical thereto.

3.5     "Class Counsel" means Disability Rights Advocates and the Law Offices of Jay Koslofsky.

3.6     "Claims Period" means ninety (90) days from the deadline for notice to the Settlement Class in accordance with Section 10 herein and which will be set by the Court as part of the Preliminary Approval and Scheduling Order.

3.7     "Court" means the U.S. District Court for the Northern District of California.

3.8      "Cy Pres Fund" means any amount remaining in the Damages Fund after the payments described in Section 11.5-11.8 below.

3.9    "Dispute Resolution" means the process described in Section 13 herein.

3.10    "Effective Date" means the date by which all of the following have occurred:

a.    The Parties have executed the Settlement Agreement.

b.    The Parties have submitted to the Court and the Court has entered the following: (a) the Preliminary Approval and Scheduling Order, and (b) the Judgment and Order of Final Approval; and

c.    The Judgment has become final and is no longer subject to appeal or review, with the exception that the injunctive relief to the Settlement Class under Section 7 of this Agreement shall become effective pursuant to the terms of paragraph 7.3.

3.11    "Eligible Claimant" means a Settlement Class Member who has a Valid Claim and who does not opt out from the monetary portion of this Agreement.

3.12    "Fairness Hearing" means a hearing held by the Court before Final Approval and after Notice, the Claims Period, the deadline to object and opt-out, and any responses to any objections have been filed with the Court.

3.13     "Final Approval" means the approval of this Agreement by a United States District Court judge under Federal Rule of Civil Procedure 23(e) after Notice to the Settlement Class and a Fairness Hearing.

3.14    "Kiosk" means a Redbox-branded automated kiosk that dispenses standard format DVDs, Blu-ray discs, or video games.

3.15    "Legally Blind" individuals include all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200 in the better eye, or they have a visual field limitation such that the widest diameter of the visual field, in the better eye, subtends an angle no greater than 20

degrees, as measured with a Goldmann III4e or equivalent size stimulus. Some people who meet this definition have limited vision. Others have no vision.

3.16 "Media" means any product available for rent at a Redbox-branded Kiosk, including standard format DVDs, Blu-ray discs, or video games.

3.17 "Notice" means notice of this agreement as provided in Section 10 herein, including Notice to the Settlement Class regarding the terms of this Settlement Agreement, attached as Exhibits C (the Long Form Notice) and D (the Short Form Notice) or materially identical thereto, and opt out, objection and claims procedures pursuant to Sections 10-12 herein.

3.18 "Preliminary Approval" means the initial approval by the Court of the terms of this agreement, which shall occur prior to any Notice being provided to the Settlement Class in accordance with Section 10 herein. A draft Proposed Order Granting Motion for Preliminary Approval of Class Settlement; Certifying Settlement Class; Directing Issuance of Settlement Notice; and Scheduling Hearing on Final Approval is attached as Exhibit E.

3.19 "Redbox" means Redbox Automated Retail, LLC, and any of its directors, officers, employees, partners, principals, agents, shareholders, attorneys, accountants, auditors, advisors, consultants, personal or legal representatives, tenants, households, predecessors, successors, parents, subsidiaries, affiliates, divisions, heirs, assigns, or related or affiliated entities of Redbox Automated Retail, LLC.

3.20 "Save Mart" means Save Mart Supermarkets, and any of its directors, officers, employees, partners, principals, agents, shareholders, attorneys, accountants, auditors, advisors, consultants, personal or legal representatives, tenants, households, predecessors, successors, parents, subsidiaries, affiliates, divisions, heirs, assigns, or related or affiliated entities of Save Mart Supermarkets.

3.21    "Settlement Class" means all Legally Blind individuals who, due to the visual interface utilized at the Redbox Kiosks located in California, attempted but were unable to access the products or services available at Redbox Kiosks located in California or were deterred from accessing those products or services at the Redbox Kiosks in California, between January 12, 2010 and the end of the Claims Period.

3.22    "Settlement Class Member" means any member of the Settlement Class.

3.23    "Settlement Website" means the website created by the claims administrator for the purpose of administering this agreement.  This website shall contain information for class members relating to the proposed settlement and claims process as well as a mechanism for on-line submission of claim forms or requests to opt out for purposes of participation in the monetary portion of the settlement.

3.24    "Valid Claim" means that a Legally Blind individual in California, between January 12, 2010 and the end of the Claims Period, attempted to access the goods and services offered at Redbox Kiosks but was unable to because of the visual interface, or had actual knowledge of the visual interface utilized by the Redbox Kiosks and, as a result, was deterred from accessing the goods and services at the Redbox Kiosk on a particular occasion, provided that such attempt and/or incident is documented in a Claim Form that is signed and timely submitted in accordance with Section 11 herein.

4.    **Conditions Precedent.** This Agreement shall be conditioned upon and shall be effective only upon the occurrence of all of the following events.

4.1    Class Counsel and Redbox have moved jointly for, and the Court has entered, an order granting Preliminary Approval of this Agreement.

4.2    Upon Preliminary Approval of this Agreement and approval of the Notice and the procedures for providing Notice, Notice has been provided to the Settlement Class in accordance with such procedures.

4.3    A Fairness Hearing has been held in accordance with Federal Rule of Civil Procedure 23(e)(2).

4.4    The Court has granted Final Approval of this Agreement, dismissed the claims of the Lawsuit in accordance with the terms set forth herein after a Fairness Hearing has been conducted (subject to the Court's retaining jurisdiction pursuant to Section 16 herein).  All such orders and approvals have become final and non-appealable.

5.    **Settlement Purposes Only**.  This Agreement is for settlement purposes only. Neither the fact of, nor any term or provisions contained in, this Agreement or its exhibits, nor any action taken under it shall constitute, be construed as, or be admissible in evidence as (1) any admission of the validity of any claim or fact alleged by the Named Plaintiffs and Settlement Class in this Lawsuit or any other pending or subsequently filed action; (2) evidence of any wrongdoing, fault, violation of law, or liability of any kind by either Redbox or Save Mart; (3) an admission by either Redbox or Save Mart of any claim or allegation made in this Lawsuit or any action; nor (4) admission by the Named Plaintiffs, Settlement Class, or Class Counsel of the validity of any fact or defense asserted against them in the Lawsuit or any action.

6.    **Term of Agreement.** This Agreement shall have a term ("Term") that expires forty-two (42) months after the Effective Date of the Agreement.

7.    **Injunctive Relief to the Settlement Class**

7.1    Existing Redbox Kiosks.  In accordance with the provisions in this Agreement, and for the purpose of making them accessible to Settlement Class Members, Redbox shall modify all Redbox Kiosks in the State of California as follows (hereafter the "Nonvisual User Interface").

7.1.1    Addition of a tactile keypad.  Redbox will add a tactile keypad, which shall enable Settlement Class Members to navigate through and read the on-screen text

and interact with the on-screen controls that enable the browsing, renting, paying for, pick-up, and return of media without the use of the Kiosk's touchscreen or any other visual interface, and to control the volume and speed (except mid-sentence) of the text-to-speech output.

7.1.2    Addition of a headphone jack.  Redbox will add a 3.5mm headphone jack that will autonomously detect a Kiosk's text-to-speech features when compatible headphones are connected to it.  Redbox will not be responsible for providing compatible headphones to Settlement Class Members or other consumers; and

7.1.3    Addition of text-to-speech output. Redbox will add text-to-speech output, via audio through the headphone jack, to convey the text and controls necessary to browse, rent, pay for, pick-up, and return Media, including all textual synopsis of any Media, and to present any sales or discounts offered by Redbox with respect to Media that Redbox makes available to sighted customers at that Kiosk using its visual interface.  Redbox is not required to add text-to-speech output for any advertising of third-party products and services which does not impact the price of the transaction at the time of the transaction. Third-party advertisements shall not interfere with a customer's ability to browse, rent, pay for, pick up, and return Media at the Kiosks using the Nonvisual User Interface.

7.2    Before developing a prototype, Redbox shall meet and confer with the Named Plaintiffs and Class Counsel to present Redbox's intended design of Nonvisual User Interface to the Named Plaintiffs and Class Counsel and to obtain their feedback on that design. On or before the earlier of the following two dates: (1) eighteen (18) months after Final Approval of this Agreement, or (2) within one (1) month after the functional prototype is complete, Redbox will present a functional prototype of the Nonvisual User Interface.  Redbox must obtain the Named Plaintiffs' approval of the functional prototype of the Nonvisual User Interface for Redbox Kiosks before Redbox begins to modify any Kiosks in California pursuant to this Agreement. The Named Plaintiffs will not unreasonably withhold such approval.  Any dispute

regarding the Nonvisual User Interface shall be subject to the dispute resolution process described in Section 13.

7.3    Redbox shall modify one Redbox Kiosk at each Kiosk location in California in accordance with Section 7 of this Agreement within twenty-four (24) months of Final Approval of this Agreement. Redbox shall modify all Redbox Kiosks in California in accordance with Section 7 of this Agreement within thirty (30) months of Final Approval of this Agreement.  If there is an appeal of the Final Approval that specifically targets the injunctive relief, and Redbox in good faith believes that modifying the deadlines for implementing the injunctive relief is necessary in light of this appeal, Redbox shall be entitled to delay the processes and deadlines described in Sections 7.1, 7.2 and 7.3 until after the Effective Date, but will complete all of the modifications described in Section 7.1 at all Redbox Kiosks in California within eighteen (18) months of the Effective Date or within thirty (30) months of Final Approval, whichever is later.

7.4    New Redbox locations. Redbox shall ensure that, beginning three (3) months after the functional prototype referenced in Paragraph 7.2 is approved by Plaintiff, if any Redbox Kiosks are made available in California at new locations not otherwise covered by paragraph 7.3 and for use by members of the general public, those Redbox Kiosks shall possess the Nonvisual User Interface described in paragraph 7.1 that enables Settlement Class Members to independently rent, browse, pay for, return, and pick-up Media at Redbox Kiosks.

7.5    Redbox will make reasonable and diligent efforts to ensure that its customer assistance programs are prepared to assist blind or visually-impaired users with using the Nonvisual User Interface.

7.6    Accessibility of redbox.com. To improve the accessibility of redbox.com for Settlement Class Members, Redbox shall make the modifications to redbox.com as defined below:  (1) if a captcha is used in the registration process, using a captcha that Settlement Class

Members can independently complete, (2) label any unlabeled or correct mislabeled links, graphical links, and buttons with Alternative Text descriptions, (3) altering the manner in which dynamic pop-up messages are presented so that screen reader technology can perceive and interact with those messages, (4) altering the color schemes on redbox.com, including the color schemes for links, menus, and pop-up messages, to increase text contrast and consistency, and (5) presenting movie titles in a manner that screen reading technology can perceive and that is separate from the movie cover art.

7.7     Redbox shall complete the above accessibility modifications to redbox.com pursuant to paragraph 7.6 of this Agreement within eighteen (18) months of Final Approval.  Any dispute over the changes between Redbox and Plaintiffs shall be subject to the dispute resolution process of Section 13.

7.8     Within eighteen (18) months of Final Approval, Redbox shall make reasonable and diligent efforts to ensure that blind and visually-impaired customers have a method for reporting any problems with using the Nonvisual User Interface or redbox.com. These efforts may include but are not limited to Redbox allowing customers to report any problems with the Nonvisual User Interface via Redbox's remote customer assistance line (as discussed in Section 7.10) or a web-based or email method for customers using redbox.com to report problems with any of the accessibility modifications made to redbox.com pursuant to Section 7.6.

7.9     Redbox shall make reasonable efforts to provide Class Counsel with a schedule of proposed modifications to its Kiosks and modifications to redbox.com one (1) month prior to the first retrofit.  The schedule shall include proposed dates and locations for scheduled implementation of the modifications throughout California.  After Redbox provides this initial schedule, Redbox shall provide Class Counsel with updated schedules of proposed modifications to its Kiosks and modifications to redbox.com every three (3) months through the Term of this

Agreement. The schedules may be subject to change by Redbox, and Redbox will make reasonable efforts to notify Class Counsel of any such changes at reasonable intervals. Any schedule for proposed modifications to Redbox Kiosks that Redbox adopts shall comply with Section 7.3 of this Agreement. Redbox shall also provide Class Counsel with written updates describing any modifications to its Kiosks and redbox.com that have occurred pursuant to Sections 7.1-7.7 of this Agreement every three(3) months through the Term of this Agreement.

7.10    Remote Customer Service Assistance. To further ensure that Settlement Class Members will be able to use the services available at Redbox Kiosks, Redbox shall maintain its customer service phone line whereby Redbox customer service agents can remotely assist settlement class members with browsing, renting, paying for, and returning movies or other Media from Redbox Kiosks by remotely operating the Kiosks. Redbox shall offer this customer service phone line upon Final Approval of this Agreement, and Redbox shall operate this customer service phone line until the modifications defined in Section 7.1 are complete. Once the modifications described in Section 7.1 are complete, The Lighthouse may maintain, for the duration of the term of this Agreement, a toll-free telephone number that will allow class members to report questions, concerns, or complaints regarding the modifications described in Section 7.1 and their usability. The Lighthouse shall report questions, concerns, or complaints it receives via the toll-free number regarding the modifications described in Section 7.1 and their usability to Redbox pursuant to the terms of Section 8.2. Any compensation to The Lighthouse for its work pursuant to this section will be pursuant to the terms of Section 8.3.

8.    **Monitoring.**

8.1    The Lighthouse will serve as monitor for purposes of compliance with paragraphs 7.1-7.10 of this Agreement, and will monitor Redbox Kiosks as follows:

8.1.1    User Testing. Beginning after the first 25% of Kiosks have been modified in accordance with Section 7.1 and continuing for twelve (12) months thereafter,

Lighthouse will report to Redbox on a quarterly basis the results of user testing by Legally Blind persons of up to 1% of Redbox Kiosks in California. After the first twelve (12) months user testing will occur every six (6) months for the Term of the Agreement. These Legally Blind persons will test each Kiosk for compliance with Section 7.1 by attempting to browse, rent, pay for, pick-up, and return media at the Kiosks using the tactile keypads and headphone jacks on the retrofitted Kiosks.

        8.1.2     Quarterly testing of redbox.com. Upon implementation of the changes to redbox.com defined in Section 7.6 and continuing for 12 months thereafter, Lighthouse will quarterly report to Redbox the results of user testing by Legally Blind persons of redbox.com. After the first 12 months user testing will occur every six months for the Term of the Agreement. These blind persons will test redbox.com for compliance with Section 7.6 by attempting to register for an account on redbox.com, independently search for Redbox Kiosk locations, and independently browse and reserve movies and other Media available for rent at Redbox Kiosks utilizing screen-reading technology.

        8.2     During the term of the Agreement, the Lighthouse shall notify Redbox if it identifies concerns raised by Settlement Class Members about the Nonvisual User Interface or the accessibility of www.redbox.com. Likewise, for the Term of the Agreement, Redbox will make reasonable efforts to identify and notify Lighthouse of complaints or concerns by any Settlement Class Members regarding the Nonvisual User Interface as defined in Section 7.1 or the accessibility of the changes made to redbox.com defined in Section 7.6. Communications between the Lighthouse and Redbox pursuant to this provision shall take place between one individual designated by the Lighthouse and one individual designated by Redbox for this purpose. These communications shall be kept confidential as between the Lighthouse and Redbox, and never shared with third parties, with the exception that such communications may be used for the purposes of enforcing a Party's obligations under the terms of this Agreement.

*Lighthouse for the Blind and Visually Impaired, et al., v. Redbox Automated Retail, LLC, et Al.,*
**Case No. C12-00195 PJH**
**CLASS SETTLEMENT AGREEMENT AND RELEASE**     **12**

8.3    Payments for Monitoring.  Within forty-five (45) days after the Effective Date, Redbox shall provide payment to the Lighthouse for monitoring pursuant to this Section in the amount of $85,000.

8.4    Maintenance of the Nonvisual User Interface.  Without interfering with Redbox's discretion to remove a Kiosk, leave a Kiosk non-functional for all users, or repair Kiosks within time periods it deems reasonable, Redbox will make reasonable and diligent efforts to maintain the Nonvisual User Interface at each Kiosk so that it is operable to the same extent the Kiosk is operable for other users.

8.5    Maintenance of the accessibility features of redbox.com. Redbox shall make reasonable and diligent efforts to maintain the accessibility modifications it makes to redbox.com pursuant to paragraphs 7.6-7.7 of this agreement.

8.6    Disputes relating to maintenance of accessible features.  Any dispute regarding Redbox's maintenance of the Non-Visual User Interface as defined in Section 7.1 or maintenance of the accessibility modifications Redbox makes to redbox.com as defined in Section 7.6 shall be governed by the dispute resolution procedures in Section 13 of this agreement.

9.    **Payments to Individual Named Plaintiffs**

9.1    Payments to the Individual Named Plaintiffs. Within forty-five (45) days after the Effective Date, Redbox shall make a payment of $10,000 to each of the following Individual Named Plaintiffs in this lawsuit: Lisamaria Martinez, Joshua Saunders, Shana Ray, Angela Griffith, and Jennifer Westbrook.

10.    **Preliminary Approval, Notice to the Settlement Class, and Objections**.

10.1    Promptly after execution of this Agreement, the Parties shall (1) jointly file the Agreement, including the attached Exhibits, with the Court; (2) file a joint motion for preliminary approval of the Agreement with the Court; and (3) notify the Court of the filings and request entry by the Court, on the earliest date acceptable to the Court, of the Preliminary Approval and the Proposed Scheduling Order attached as Exhibit E.

10.2    Notice Procedures.  No later than (fourteen) 14 days after the Court enters the Preliminary Approval and Scheduling Order, Class Counsel will provide Notice to the Settlement Class utilizing the Notices attached as Exhibits C and D and in accordance with the plan described in the Declaration of Stuart Seaborn being filed with the Joint Motion for Preliminary Approval.  In addition, no later than (fourteen) 14 days after the Court enters the Preliminary Approval and Scheduling Order, Redbox will provide the Notices attached as Exhibits C and D to any person that has complained to Redbox or Save Mart about the accessibility of the Kiosks in California for the blind or visually-impaired, if any, and to the extent Redbox or Save Mart is reasonably aware of such complaint and has either an email or mailing address for such person(s).  If Redbox or Save Mart has an email address for any person requiring notice under this Section, the Notices shall be provided by email in an accessible electronic format, which are electronic formats, including Microsoft Word Documents, properly formatted PDF files, RTF files, and text files, that can be read using screen reading technology. If Redbox or Save Mart has a mailing address for anyone requiring notice under this Section, the mailing addresses for these individuals shall be provided to Class Counsel, and Class Counsel shall mail to each individual through U.S. mail hard copies of the Notices in an alternate accessible format. For purposes of this section, "alternate accessible format" refers to Braille documents, large print documents, audio recordings, or other formats that legally blind individuals can independently read.

10.2.1    At least fourteen (14) days before the Fairness Hearing, both Counsel for Redbox and Class Counsel will provide a declaration to the Court, attesting that they each disseminated notice consistent with this Settlement Agreement.

10.3    The Parties shall ask the Court to order the following procedures for objections: Any Settlement Class Member may object to the proposed Agreement by filing, within ninety (90) days of the deadline set by the Court for Class Counsel and Counsel for Defendants to provide Notice to the Settlement Class in accordance with Section 10.2 herein (or, in other words, by the end of the Claims Period), written objections with the Clerk of the Court. Only such objecting Settlement Class Members shall have the right, and only if they expressly seek it in their objection, to present objections orally at the Fairness Hearing. Responses by Redbox, Save Mart, and Class Counsel to any timely-filed objections shall be made no less than fourteen (14) business days before the Fairness Hearing.

11.    **Monetary Relief and Claims Procedure**

11.1    Monetary Settlement Funds. To satisfy and settle all claims for damages of Settlement Class Members, Redbox shall pay $1.2 million, the Damages Fund, to be allocated among Eligible Claimants in the manner set forth in paragraph 11.5-11.9.

11.2    Date of Payment.  Within forty-five (45) days after the Effective Date, Redbox shall transfer to an interest-bearing trust account the Damages Fund. All interest earned on the Account shall be added to the Damages Fund. The Damages Fund shall not be used, either directly or indirectly, to make any payments under this settlement other than those listed in Sections 11.5-11.9 below.

11.3    Plaintiffs shall retain the Claims Administrator to: (1) distribute Claim Forms; (2) receive and track returned Claim Forms; (3) obtain supplemental information from claimants, as necessary; (4) receive and forward to the Parties and the Court requests to opt out;

(5) verify the validity of each claim submitted and certify those who are Eligible Claimants; (6) administer and disburse awards from the Damages Fund; and (7) perform such other duties as agreed by the Parties that are necessary to carry out the provisions of the Agreement.

11.3.1    Distribution of Claim Forms. Commencing with the Notice Deadline and continuing through the Claims Period, the Claim Form and Claim Form Instructions shall be available on-line at the Settlement Website in a manner which shall allow visitors either to fill out and submit the Claim Form on-line or download the form for printing and submission by mail. In addition, the Claims Administrator shall email or mail a Claim Form and Claim Form Instructions to each potential Settlement Class Member who makes a written or electronic request therefor. For any request for a Claim Form received prior to fourteen (14) days before the end of the Claims Period, the Claims Administrator shall email or mail the Claim Form and Claim Form Instructions within seven (7) days after receiving a written, telephonic, or electronic request. Thereafter, and until the end of the Claims Period, the Claims Administrator shall email or mail a Claim Form and Claim Form Instructions within three (3) business days (excluding weekends and holidays) after receiving a written, telephonic, or electronic request for a Claim Form from a potential Settlement Class Member. Any electronic or written request for Claim Forms received by Class Counsel or Redbox's counsel shall be forwarded to the Claims Administrator by electronic mail or facsimile within four (4) business days of its receipt, and within three (3) business days of receipt by the Claims Administrator, the Claims Administrator shall email or mail a Claim Form and Claim Form Instructions to the potential claimant. Any potential claimant who telephones Class Counsel, Redbox's counsel, or Save Mart's counsel and requests a Claim Form shall be referred to the Claims Administrator.

11.3.2    Filing of Completed Claim Forms. All claims for monetary payment from the Damages Fund shall be made electronically or in writing using the Claim Form and submitted either by mail or through an on-line procedure established by the Claims Administrator for this purpose. All Claim Forms must be submitted under penalty of perjury,

either through a signature on Claim Forms submitted by mail or through a click-through agreement for Claim Forms submitted on-line. In addition, Claimants will be required, either through a signature on Claim Forms submitted by mail or through a click-through agreement for Claim Forms submitted on-line, to waive any rights or causes of action arising from the disclosure of information provided on the Claim Form. Each potential Settlement Class Member, including minors, must submit his or her own Claim Form and may submit only one Claim Form. A parent or legal guardian may complete a Claim Form on behalf of a minor. A designated representative may complete a Claim Form on behalf of a claimant who, because of disability, cannot sign his or her name. Any parent or legal guardian who completes a Claim Form on behalf of a claimant must identify himself or herself on the Claim Form and submit the Claim Form under penalty of perjury.

11.3.3    Review of Claim Forms. The Claims Administrator shall initially review all Claim Forms to determine if the form is filled out completely, and in the case of Claim Forms submitted by mail, is signed properly. If the Claim Form is incomplete or not properly signed, the Claims Administrator shall return the Claim Form to the claimant, by mail if the claimant submitted the Claim Form by mail or by email if the claimant submitted the Claim Form electronically. The claimant shall be given a deadline of forty-five (45) days from the date of that mailing or email, within which the Claims Administrator must receive a corrected Claim Form. The failure of a claimant to complete and return a corrected Claim Form such that it is received by the Claims Administrator within forty-five (45) days shall result in a denial of his or her claim.

11.3.4    Approval of Claims. The Claims Administrator shall then conduct a review of all Claim Forms to determine whether they present Valid Claims submitted by Eligible Claimants in accordance with the terms and provisions of this Agreement.

11.3.5    Disputed Claims. If upon initial review of the Claim Form, the Claims Administrator is unable to determine whether it describes a Valid Claim, the Claims Administrator shall so notify the claimant by email or mail and state the reasons why the information contained on the Claim Form is insufficient. The claimant shall be given thirty (30) days thereafter in which to supplement or amend the Claim Form or provide such other information he or she wishes to assist the Claims Administrator in determining the validity of the claim. Upon further review of the Claim Form, including such additional information as may be submitted by the claimant, the Administrator shall (i) approve the claim, in which case, the claimant is eligible for an award from the Damages Fund; or (ii) reject the claim.

11.3.6    Rejected Claims. If the Claims Administrator rejects a claim as not meeting the terms or provisions of this Agreement, the Administrator shall so notify the claimant by email or mail.

11.3.7    Deadline for Administrator to Review All Claims. The Claims Administrator shall complete its review and issue a determination as to claim eligibility of all Claim Forms within ninety (90) days of the end of the Claims Period.

11.4    At least fourteen (14) days before the Fairness Hearing, the Claims Administrator will provide a declaration to Class Counsel, who shall file it with the Court, detailing any written requests to be excluded from the Class Payment from Damages Fund to Eligible Claimants.

11.5    Each Eligible Claimant shall be entitled to make only one claim and shall be awarded a maximum of four thousand dollars ($4,000).  If, however, the total dollar amount to be paid to Eligible Claimants exceeds one million two hundred thousand dollars ($1,200,000) plus accrued interest, then the amount paid per claim shall be reduced pro rata so that the total amount paid from the Damages Fund does not exceed one million two hundred thousand dollars ($1,200,000) plus accrued interest.

11.6    Not later than fourteen (14) days after the deadline for completion of the claims administration process set forth in Paragraph 11.3, the Claims Administrator shall provide Class Counsel and Redbox with a list of the names, addresses (physical and/or email), telephone numbers, a copy of the Claims Forms, and the amount of the validated award from the Damages Fund, of all persons who have submitted claims in connection with this Lawsuit. The Claims Administrator shall include its determination as to which claimants are Eligible Claimants and which claims are Valid Claims.

11.7    Within fourteen (14) days after the creation of the Damages Fund, the Claims Administrator shall cause to be mailed, via certified mail, checks in the amounts specified in the claims determination process, and 1099 forms to Eligible Claimants. All checks shall be negotiable for no more than one (1) year from the date of mailing.

11.8    All returned checks of claimants for whom no additional address is obtained shall be held by the Claims Administrator for sixty (60) days. If no claim is made for such checks during this time period, the funds from such checks shall become part of the funds to be allocated to the Cy Pres recipients and distributed in accordance with Section 11.9 of this Agreement.

11.9    Cy Pres. If any portion of the Damages Fund has not been distributed as provided for in this Agreement after a period of four hundred (400) days has elapsed from the date on which settlement checks are mailed by the Claims Administrator, then such remaining amounts shall be provided to The Paul Longmore Institute. No unused portion of the settlement fund shall revert to Defendants.

12.    **Opt-Out Right**

12.1    Any potential Settlement Class Member (but not a Named Plaintiff) may request exclusion from the Settlement Class for purposes of monetary relief only. Potential

Settlement Class Members who wish to opt out for purposes of participation in the monetary portion of the settlement must submit request for exclusion ("Opt-Out Statement") to the Claims Administrator using the system established by the Court-ordered notice to the class. Opt-Out Statements must be received by the Claims Administrator by the Objection Deadline. The Opt-Out Statement shall, at minimum, contain the following language or words to the same effect:

> I hereby exercise my right to Opt-Out of the damages portion of the class action lawsuit known as Lighthouse for the Blind and Visually Impaired et al. v. Redbox Automated Retail, LLC et al., case no. 12-cv-00195 PJH. By Opting Out, I understand that I will not be awarded any statutory damages from this lawsuit but that I am preserving any rights I would otherwise have to sue Redbox Automated Retail, LLC and Save Mart Supermarkets for damages.

The Settlement Website shall contain an on-line feature for members of the Settlement Class to opt out, either by submitting an Opt-Out form on-line or downloading an Opt-Out form for printing and submission by mail.

12.2    To the extent a potential Settlement Class Member submits an Opt-Out Statement with language that materially differs from the foregoing, either Party reserves the right to seek review of the Court to have the Opt-Out statements declared valid or invalid. All potential Settlement Class Members who do not timely opt out of the damages provisions of this Agreement shall be bound by the resolution of any and all issues arising in connection with the Settlement Class claims for damages.

12.3    No Settlement Class Member may opt out of the release of claims for injunctive relief of this Agreement. No Named Plaintiff may opt out of any of the provisions of this Agreement.

12.4    The Claims Administrator shall stamp the date received on the original of any written Opt-Out Statement it receives, and keep an electronic record of the date it received any electronic Opt-Out Statement. The Claims Administrator shall provide copies of the Opt-Out

Statements to Class Counsel, Save Mart's counsel, and Redbox's counsel not later than three (3) business days after receipt thereof and shall file the Opt-Out Statements with the Clerk of the Court not later than ten (10) business days prior to the date set for the Final Approval hearing. The Claims Administrator shall retain copies of all Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

13. **Dispute Resolution.** Any disputes relating to this Agreement shall be resolved according to the following procedure:

13.1    Meet and Confer. If any Party believes that a dispute exists relating to this Agreement, it shall notify the other Party or Parties. The Parties involved with the dispute (the "Involved Parties") shall meet and confer in good faith, in an effort to reach agreement. A Party not involved with or impacted by the dispute has no obligation to participate in the dispute resolution process outlined in this Agreement.

13.2    Voluntary Mediation.  If the Involved Parties are unable to resolve the dispute through the meet-and-confer process within thirty (30) days, the Involved Parties may consider mediation in an effort to reach agreement, but mediation is not required. The Involved Parties shall make reasonably diligent efforts to utilize video conferencing or other cost-effective formats for mediations sessions held pursuant to this Section. This agreement to use mediation as a possible means of dispute resolution shall not be construed as an admission that either side agrees in advance to pay the other side's fees and costs, or the mediator's fees, associated with any mediation session. Mediation-related fees and costs should be resolved in the context of the mediation.

13.3    Submission to U.S. Magistrate Judge. If the Involved Parties are unable to resolve the dispute through the meet and confer process or, if selected, mediation, within sixty (60) days after notification of the dispute in accordance with paragraph 13.1, the sole manner for resolving the dispute is for a Party to present the dispute to the United States Magistrate Judge

assigned jurisdiction over the enforcement of this Settlement. The Parties agree that the Magistrate Judge's ruling shall be final and non-appealable, and may not be objected to. Attorneys' fees and costs incurred in connection with bringing a dispute before the Magistrate Judge shall be awarded in accordance with applicable law.

14. **Attorneys' Fees and Costs**. Redbox agrees to make the following payments in attorneys' fees and costs to class counsel for their work on this matter: (1) $610,000 in attorneys' fees for class counsel's work on this matter through February 20, 2014, (2) $80,000 in attorneys' fees for class counsel's work in obtaining final approval of the agreement, (3) $75,000 in attorneys' fees for class counsel's work monitoring and enforcing the agreement for the term of the agreement, and (4) $35,000 for Plaintiffs' costs. These attorneys' fees and costs total $800,000. Such fees and costs are payable within forty-five (45) days of the Effective Date of this Agreement. Defendants shall not oppose Plaintiffs' application for attorneys' fees and costs.

15. **Save Mart Responsibilities.** Save Mart is not responsible for performing any injunctive relief under this Agreement, including, but not limited to, under paragraph 7 of this Agreement and is not responsible for any of the monetary payments under this Agreement, including, but not limited to, under Paragraphs 8, 9, 11, 14 or 17 of this Agreement. The Parties acknowledge that the commitments discussed in this Agreement are sufficient consideration for the release and dismissal of Save Mart as set forth herein.

16. **Continuing Jurisdiction.** The Parties agree that the United States District Court for the Northern District of California shall have continuing jurisdiction throughout the Term of this Agreement to interpret and enforce this Agreement as provided in Section 13 herein. The Parties agree to jointly request that the Court appoint a United States Magistrate Judge in the Northern District of California for the purpose of such ongoing enforcement jurisdiction upon final approval of the agreement or at any other such time the Court deems necessary.

17.    **Payment of Claims Administrator**. Within forty-five (45) days of the Effective Date, Redbox shall make a payment of twenty-five thousand dollars ($25,000) to the Claims Administrator to cover the Claims Administrator's reasonable fees, expenses, and costs. Plaintiffs shall be responsible for any reasonable fees, expenses, and costs that the administrator incurs beyond $25,000.

18.    **Releases.**

18.1    Release of Claims for Injunctive Relief.

18.1.1  Effective on the date of the Final Approval, Named Plaintiffs and the Settlement Class Members and each of their executors, successors, heirs, assigns, administrators, agents, and representatives (the "Injunctive Releasing Parties"), in consideration of the relief set forth herein fully and finally release (1) Redbox and its present and former parents, subsidiaries, affiliates, and insurers, and each of their respective present, former, or future officers, directors, employees, shareholders, administrators, executors, affiliates, successors, and assigns; and (2) Save Mart and its present and former parents, subsidiaries, affiliates, and insurers, and each of their respective present, former, or future officers, directors, employees, shareholders, administrators, executors, affiliates, successors, and assigns from the Released Injunctive Claims as defined below.

18.1.2  The "Released Injunctive Claims" are any and all claims, rights, demands, charges, complaints, actions, suits, and causes of action for injunctive or declaratory relief relating to the subject matter of the Lawsuit, arising between January 12, 2010 through the date of Final Approval of this Agreement. The "Released Injunctive Claims" also include all claims, rights, demands, charges, complaints, actions, suits, causes of action, or liabilities of any kind for injunctive or declaratory relief based on conduct that occurs after Final Approval of this Agreement and during the Term of this Agreement to the extent that such claims arise out of or relate to actions, omissions, or conduct that are in compliance with the terms of this Agreement.

19. **Release of Claims for Damages.**

19.1     Effective on the last day of the Claims Period or the date of Final Approval, whichever is later, Named Plaintiffs and all Settlement Class Members who have not previously opted out of the damages claims, and do not opt out of this Agreement pursuant to Section 12 herein, and each of their executors, successors, heirs, assigns, administrators, agents, and representatives (collectively, the "Damages Releasing Parties"), in consideration of the relief set forth herein fully and finally release (1) Redbox and its present and former parents, subsidiaries, affiliates, and insurers, and each of their respective present, former, or future officers, directors, employees, shareholders, administrators, executors, affiliates, successors, and assigns; and (2) Save Mart and its present and former parents, subsidiaries, affiliates, and insurers, and each of their respective present, former, or future officers, directors, employees, shareholders, administrators, executors, affiliates, successors, and assigns from the Released Damages Claims as defined below.

19.2     The "Released Damages Claims" are any and all claims, rights, demands, charges, complaints, actions, suits, causes of action, and liabilities of any kind of damages relating to the subject matter of the Lawsuit arising between January 12, 2010 through the last day of the Claims Period.

19.3     **Section 1542 Waiver**.  The Injunctive Releasing Parties and the Damages Releasing Parties waive (i) all rights that they may have based on any unknown and undiscovered facts relating to the subject matter of the lawsuit and (ii) all rights that are provided in California Civil Code Section 1542 relating to the subject matter of the lawsuit which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

20.     **Press Releases.**  Unless a party consents otherwise, press releases regarding the

Settlement Agreement and anything related thereto (including but not limited to the modifications being made to the Kiosks) will be jointly issued by all parties, and all parties will have a reasonable opportunity to review and comment on the release. No party shall issue such a release without the approval of all parties.

21. **Entire Agreement**. This Agreement contains all the agreements, conditions, promises, and covenants among Redbox, Save Mart, the Named Plaintiffs, Class Counsel, and the Settlement Class regarding matters set forth in it and supersedes all prior or contemporaneous agreements, drafts, representations, or understandings, either written or oral, with respect to the subject matter of the present Agreement.

22. **Communications to Redbox, Save Mart, and Class Counsel.** Unless otherwise indicated in the Agreement, all notices or communications required by this Agreement shall be in writing by email and U.S. Mail or overnight delivery service addressed as follows:

22.1 To Named Plaintiffs, Class Counsel, or the Settlement Class: Stuart Seaborn, Disability Rights Advocates, 2001 Center Street, 3rd Floor, Berkeley, CA 94704, sseaborn@dralegal.org.

22.2 To Redbox: Amanda Beane, Perkins Coie LLP, 1201 Third Avenue, Suite 4900, Seattle WA 98101, abeane@perkinscoie.com and Sue Stott, Perkins Coie LLP, Four Embarcadero Center, Suite 2400, San Francisco, CA 94111-4131, sstott@perkinscoie.com.

22.3 To Save Mart: James M. Cipolla, Save Mart Supermarkets, PO Box 4278, Modesto, CA 95352-4278, JCipolla@savemart.com, and Clifford Yin, Coblentz Patch Duffy & Bass LLP, One Ferry Building, Suite 200, San Francisco, CA 94111, cey@cpdb.com.

23. **Modification.** Prior to Final Approval, this Agreement can only be amended by written agreement of the Parties hereto. Following Final Approval, no modification of this Agreement shall be effective unless it is pursuant to Court Order.

24.    **Drafting of this Agreement**. This Agreement is deemed to have been drafted by all Parties hereto, as a result of arm's length negotiations among the Parties. Whereas all Parties have contributed to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

25.    **Execution by Facsimile and in Counterparts**. This Agreement may be executed by the Parties hereto by facsimile or PDF signatures and in separate counterparts, and all such counterparts taken together shall be deemed to constitute one and the same agreement.

26.    **Duty to Support and Defend Agreement**. Named Plaintiffs, Class Counsel, Save Mart, and Redbox each agree to abide by all of the terms of this Agreement in good faith and to support it fully, and shall use their best efforts to defend this Agreement from any legal challenge, whether by appeal or collateral attack.

27.    **Class Action Fairness Act**. Redbox and Save Mart will provide information concerning the Agreement in compliance with CAFA.

28.    **Deadlines.** The Parties and the Court recognize that from time to time unforeseen events, including but not limited to, exigent business circumstances, labor disputes, natural disasters, personnel issues, and negotiations with third parties, cause delays in the accomplishment of objectives no matter how well-intentioned and diligent the Parties may be. Accordingly, with regard to the provisions of this Agreement that require that certain acts be taken within specified periods, the Parties understand and agree that Court approval shall not be required for reasonable extensions of deadlines. In the event that any Party determines that an action required by this Agreement cannot be taken within the specified time period, that Party shall promptly notify the other Parties that it anticipates a delay, the reasons for the delay, and proposed alternative deadline. The Parties shall endeavor to cooperate in reasonably rescheduling such deadlines. However, if the other Party does not agree to the proposed delay, the Parties shall resolve the dispute using the procedures described in Section 13 herein.

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed,

_____     Date: ___6/25/14_____
Lighthouse for the Blind
by _____

_____     Date: _____
Angela Griffith

_____     Date: ___6/25/14_____
Lisamaria Martinez

_____     Date: _____
Josh Saunders

_____     Date: _____
Shana Ray

_____     Date: _____
Jennifer Westbrook

_____     Date: _____
Redbox Automated Retail, LLC
by Mark Horak
President

_____     Date: _____
Save Mart Supermarkets
by Shawnte Priest
Director of Regulatory Law and Compliance

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed,

_A. L. Griffith_  Date: _6/25/2014_
Lighthouse for the Blind
by _____

_____  Date: _____
Angela Griffith

_____  Date: _____
Lisamaria Martinez

_____  Date: _____
Josh Saunders

_____  Date: _____
Shana Ray

_____  Date: _____
Jennifer Westbrook

_____  Date: _____
Redbox Automated Retail, LLC
by Mark Horak
President

_____  Date: _____
Save Mart Supermarkets
by Shawnte Priest
Director of Regulatory Law and Compliance

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed,


_____          Date: _____
Lighthouse for the Blind
by _____


_____          Date: _____
Angela Griffith


_____          Date: _____
Lisamaria Martinez


_____          Date: _____
Josh Saunders

(signature)

_____          Date: 6/26/2014
Shana Ray


_____          Date: _____
Jennifer Westbrook


_____          Date: _____
Redbox Automated Retail, LLC
by Mark Horak
President


_____          Date: _____
Save Mart Supermarkets
by Shawnte Priest
Director of Regulatory Law and Compliance

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed,

_____          Date: _____
Lighthouse for the Blind
by _____


_____          Date: _____
Angela Griffith


_____          Date: _____
Lisamaria Martinez

_____          Date: 6/26/2014
Josh Saunders


_____          Date: _____
Shana Ray


_____          Date: _____
Jennifer Westbrook


_____          Date: _____
Redbox Automated Retail, LLC
by Mark Horak
President


_____          Date: _____
Save Mart Supermarkets
by Shawnte Priest
Director of Regulatory Law and Compliance

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed,

_____  Date: _____

Lighthouse for the Blind
by _____

_____  Date: _____

Angela Griffith

_____  Date: _____

Lisamaria Martinez

_____  Date: _____

Josh Saunders

_____  Date: _____

Shana Ray

_____  Date: 06/25/14

Jennifer Westbrook

_____  Date: _____

Redbox Automated Retail, LLC
by Mark Horak
President

_____  Date: _____

Save Mart Supermarkets
by Shawnte Priest
Director of Regulatory Law and Compliance

*Lighthouse for the Blind and Visually Impaired, et al., v. Redbox Automated Retail, LLC, et Al.,*
Case No. C12-00195 PJH
CLASS SETTLEMENT AGREEMENT AND RELEASE                    27

06/25/2014   4:53PM (GMT-05:00)

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed,

Date: _____

Lighthouse for the Blind
by _____

Date: _____

Angela Griffith

Date: _____

Lisamaria Martinez

Date: _____

Josh Saunders

Date: _____

Shana Ray

Date: _____

Jennifer Westbrook

Date: _____

Redbox Automated Retail, LLC
by Mark Horak
President

Date: 6.26.14

Save Mart Supermarkets
by Shawnte Priest
Director of Regulatory Law and Compliance

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed,

|                                          | Date: _____ |
| ---------------------------------------- | ------------------------------ |
| _____                 |                                |
| Lighthouse for the Blind                 |                                |
| by _____                      |                                |

|                                          | Date: _____ |
| ---------------------------------------- | ------------------------------ |
| _____                 |                                |
| Angela Griffith                          |                                |

|                                          | Date: _____ |
| ---------------------------------------- | ------------------------------ |
| _____                 |                                |
| Lisamaria Martinez                       |                                |

Date: _____

_____
Josh Saunders

Date: _____

_____
Shana Ray

Date: _____

_____
Jennifer Westbrook

Date: _____

_____
Redbox Automated Retail, LLC
by Mark Horak          APPROVED BY
President               REDBOX LEGAL
                              F.S.

Date: _____

_____
Save Mart Supermarkets
by Shawnte Priest
Director of Regulatory Law and Compliance

# EXHIBIT A

# CLAIM FORM

## Lighthouse v. Redbox, Case No. C-12-00195-PJH

**IT IS IMPORTANT THAT YOU REVIEW THE ACCOMPANYING INSTRUCTIONS BEFORE YOU BEGIN FILLING OUT THIS CLAIM FORM**

**FOR YOUR CLAIM TO BE CONSIDERED, YOU MUST COMPLETE THE FORM AND SUBMIT IT ON-LINE BY NOVEMBER 12, 2014 OR BY MAIL POST-MARKED NO LATER THAN NOVEMBER 12, 2014.**

**You may submit this form on-line at the settlement website www.lighthouseredboxsettlement.com. Go to the "Submit Claim Form Online" function on the settlement website and follow the instructions that appear.**

**You may also submit this form by mail by filling out the form, signing it at the bottom, and mailing it to:**

Lighthouse v. Redbox Claims Administrator
P.O. Box 43034
Providence, RI 02940-3034

YOU MUST COMPLETE THE ENTIRE CLAIM FORM AND SIGN IT UNDER PENALTY OF PERJURY OR YOUR CLAIM MAY BE DENIED

1.　　Full Name:

2.　　Current Address:

3.　　Email Address:

4.　　Home Telephone Number:

5.　　Day Time Telephone Number:

6.　　Social Security Number:

7.　　Age:

To have a valid claim, you must while in California have been legally blind and, between January 12, 2010 and November 12, 2014:

(1) Attempted to access DVD, Blu-ray, or video game rental services at a Redbox kiosk in California and been unable to due to the visual interface; or

(2) Had knowledge that Redbox kiosks in California utilize a visual user interface, and, as a result of that knowledge, been deterred from attempting to rent a DVD, Blu-ray disk, or video game from a Redbox kiosk in California on a particular occasion.

**For the following questions, numbers 9 and 10, please answer "yes" or "no."**

8.      Have you been legally blind at any time since January 12, 2010?


        YES_____                                    NO_____

For the purposed of this claims process, legally blind persons are those with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200 in the better eye, or they have a visual field limitation such that the widest diameter of the visual field, in the better eye, subtends an angle no greater than 20 degrees, as measured with a Goldmann III4e or equivalent size stimulus. Some people who meet this definition have limited vision. Others have no vision.

9.      You attempted to access DVD, Blu-ray, or video game rental services at a Redbox kiosk in California between January 12, 2010 and November 12, 2014 while you were legally blind?

        YES_____                                    NO_____

10.     Between January 12, 2010 and November 12, 2014, you were aware that Redbox kiosks in California utilize a visual user interface, and, as a result, were deterred from  renting a DVD, Blu-ray disk, or video game from a Redbox kiosk in California on a particular occasion?


        YES_____                                    NO_____



**I recognize that by submitting this claim either on-line or by mail, I am affirming under penalty of perjury that the information set forth in my claim is true and correct to the best of my knowledge and belief. Furthermore, by submitting this claim either on-line or by mail, I agree to waive any rights or causes of action arising from the disclosure of information provided herein.**

If you are under the age of 18 or submitting this form through a representative, please complete the following section. If not, go to the next heading to submit your claim on line. For claim forms submitted by mail, fill out and sign below:

_____          _____
            Signature                                      Date

For claim forms submitted on-line go to the SUBMIT ON-LINE button at the bottom of this form.

LEGAL122499888.1

**If claimant is under age 18:**

Name of Parent or Legal Guardian:

Address of Parent or Legal Guardian, if different from Claimant's:

_____

Day Time Telephone Number of Parent or Legal Guardian, if different from Claimant's:

_____

_____          _____
Signature of Parent or Legal Guardian                          Date

If a Designated Representative completed the form on behalf of a Claimant:

Name of Designated Representative:

Address of Designated Representative:

_____

Day Time Telephone Number of Designated Representative:

_____

_____          _____
Signature of Designated Representative                         Date

[SUBMIT ON-LINE]

LEGAL122499888.1

# EXHIBIT B

# CLAIM FORM INSTRUCTIONS

**Read Carefully <u>Before</u> You Complete the Attached Claim Form.**

1. To file a claim in this case, you must be an eligible member of the Settlement Class.

2. Eligible members of the Settlement Class include all legally blind individuals who, since January 12, 2010, have attempted to access the products or services available at Redbox kiosks located in California but who were unable to because of the visual interface, or who were aware that Redbox kiosks in California utilize a visual user interface, and who, as a result, were deterred from attempting to access the products or services of Redbox kiosks in California on a particular occasion., and who have not filled out an Opt-Out statement requesting to be excluded from the monetary relief portion of the case.

3. For the purposes of this claims process, legally blind persons are those with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200 in the better eye, or they have a visual field limitation such that the widest diameter of the visual field, in the better eye, subtends an angle no greater than 20 degrees, as measured with a Goldmann III4e or equivalent size stimulus. Some people who meet this definition have limited vision. Others have no vision.

4. You may be eligible to receive money if you are a member of the Settlement Class and submit a valid claim form. There is a damages fund of $1.2 million that will be shared among eligible claimants. No claimant can receive more than $4,000, and each eligible claimant's portion will be shared on a pro-rata basis if the number of eligible claimants exceeds three hundred (300). Therefore, you may receive less than $4,000.

5. Each person who wishes to make a claim must submit his or her own claim form.

6. You must answer all questions and fill in all applicable blanks on the claim form. Failure to complete the claim form may result in your claim being denied.

7. If you are preparing a written claim form to mail in, you may attach additional sheets if you need more space to answer questions or provide information. Write your full name and Social Security Number on each additional sheet.

8. If you are filing an online claim form, you must complete an online signature indicating that you are submitting the form under penalty of perjury and that the information on the form is true and correct. If you are preparing a written claim form to mail in, you must sign the form under penalty of perjury attesting that the information on the form is true and correct. Failure to sign the claim form may result in your claim being denied.

9. If you are under 18 years of age, your parent or legal guardian must also sign your claim form.

10. Your claim form must be **postmarked or submitted online** on or before November 12, 2014 or **your claim may be denied.** To ensure that you have a record of your claim and date of mailing, you should keep a copy of your signed claim form and, if you choose to mail the claim form, send it via certified mail and keep a copy of the postmarked certified mail receipt. However, you may also mail the claim form by ordinary first class mail. For your records and reference, please keep these instructions.

11. If you want further information about the settlement or have questions about these instructions or about how to complete the claim form, please contact the Claims Administrator, KCC LLC or Class Counsel. Contact information for KCC LLC and Class Counsel is listed below. **Do not contact the Court or the Clerk of Court**.

12. Filing this claim does <u>not</u> automatically guarantee that you will receive any award of cash. Your claim and the information you provide will be subject to review and verification by the Claims Administrator. You may be asked to provide additional information to support your claim. If you do not respond to a request for additional information by the date such response is due, your claim may be denied.

13. You do <u>not</u> need to have an attorney to help you submit a claim form. If you wish to contact Class Counsel, they will attempt to answer any questions you might have. Additionally, if you wish to consult with your own attorney, you may do so at your own expense.

14. It is your responsibility to keep the Claims Administrator advised of any change in your address. If you do not keep the Claims Administrator advised of your current address, any monetary award to which you may be entitled could be forfeited. Any change of address should be reported in writing along with your complete name and signature, Social Security Number, and former address to the Claims Administrator.

**Lighthouse v. Redbox Claims Administrator:**

Lighthouse v. Redbox Claims Administrator
P.O. Box 43034
Providence, RI 02940-3034

**Class Counsel:**

Disability Rights Advocates
2001 Center Street, 4th Floor
Berkeley, CA 94704-1204
(510) 665-8644

Law Offices of Jay Koslofsky
P.O. Box 9236
Berkeley, CA 94709
(510) 280-5627

# EXHIBIT C

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT**

**ATTENTION: ALL LEGALLY BLIND INDIVIDUALS WHO HAVE ATTEMPTED TO ACCESS THE DVD, BLU-RAY AND/OR VIDEO GAME RENTAL SERVICES AVAILABLE AT REDBOX KIOSKS IN CALIFORNIA SINCE JANUARY 12, 2010 OR WHO HAVE BEEN DETERRED FROM DOING SO DUE TO THE LACK OF FEATURES FOR BLIND USERS AT REDBOX KIOSKS SINCE JANUARY 12, 2010**

**YOU MAY HAVE A CLAIM UNDER THE SETTLEMENT DESCRIBED BELOW**

**READ THIS NOTICE AND INSTRUCTIONS CAREFULLY**

This notice is to inform you about the proposed settlement that would resolve the class action lawsuit *Lighthouse for the Blind and Visually Impaired, et al. v. Redbox Automated Retail, LLC, et al.*, Case No. 12-cv-00495-PJH (N.D. Cal.). The lawsuit alleges that Redbox Automated Retail, LLC ("Redbox") violated federal and California law by offering video rental services at self-service, touchscreen kiosks that blind persons cannot independently access because the kiosks utilize an exclusively visual user interface. Save Mart Supermarkets ("Save Mart") is also a defendant in this case. Redbox and Save Mart deny all liability in the case. The settlement, which must be approved by the Court, would resolve the lawsuit.

**I.       SUMMARY OF THE PROPOSED SETTLEMENT**

Under the settlement agreement, Redbox will modify all of its kiosks in California so that legally blind customers will be able to independently browse, select, pay for, and return media (including DVDs, Blu-ray discs, and video games) at the kiosks. The modifications will include the addition of a standard headphone jack, a tactile keypad, and text-to-speech output that will read the text and commands on the touchscreen aloud. Redbox will complete these modifications at all Redbox kiosks in California within thirty months of final approval of this settlement agreement or within eighteen months of the resolution of any appeals. Under the agreement, Redbox will also make accessibility improvements to redbox.com within eighteen months of final approval of the settlement to ensure that blind individuals using screen reading technology can browse available movies, browse kiosk locations, reserve movies for pick up, and register their email addresses on Redbox.com independently.

At this time, Redbox is providing a customer service phone line to remotely assist legally blind customers with browsing, renting, paying for, and returning movies or other media from Redbox kiosks, and Redbox will continue to provide this customer service phone line until the accessibility modifications to the kiosks are complete. Once Redbox completes the accessibility modifications to Redbox kiosks, the Lighthouse for the Blind and Visually Impaired ("Lighthouse") will maintain, for the remainder of the term of this settlement, a toll-free telephone number that will allow legally blind individuals to report questions, concerns, or complaints regarding the nonvisual user interfaces on Redbox kiosks in California.

In addition, the settlement includes a $1.2 million ($1,200,000) fund to pay valid claims submitted by eligible members of the class. Eligible members of the settlement class include legally blind persons who, between January 12, 2010 and the end of the claims period, attempted to access the services at a Redbox kiosk in California but were unable to do so due to the visual

user interface, or who were aware that Redbox kiosks use an exclusively visual interface and, as a result, were deterred from accessing the services of a Redbox kiosk in California on a particular occasion. Each eligible member of the class will be entitled to make one claim, which in no event will be worth more than $4,000. **Class members will receive less than $4,000** if the total value of valid claims exceeds the value of the settlement fund (that is, if there are over 300 claimants), in which case the value of all claims will be shared on a pro rata basis. If there is money left over after payment of all valid claims, the left-over funds will be donated to the Paul Longmore Institute at San Francisco State University.

The settlement also provides that the five named plaintiffs who served as class representatives will receive payments of $10,000 each. Finally, Disability Rights Advocates and the Law Offices of Jay Koslofsky ("Class Counsel"), the attorneys who represent the class, will be paid $690,000 in attorneys' fees for their work on the case, $35,000 in costs, and $75,000 for their future work monitoring compliance with the settlement and enforcing the agreement. Class Counsels' motion for attorneys' fees will be available at www.lighthouseredboxsettlement.com by October 29, 2014 or can be requested from Class Counsel (contact information below) after October 29, 2014.

## II. THE EFFECT OF THE SETTLEMENT ON THE RIGHTS OF CLASS MEMBERS

All class members will be bound by the terms of the settlement relating to the accessibility of Redbox kiosks in California if the settlement is approved by the Court. In other words, once the settlement is approved, all class members will release and forever discharge claims related to the accessibility of the kiosks or redbox.com for people who are legally blind or visually-impaired. However, class members may opt out of the monetary portion of the settlement. Class members who opt out of the monetary portion of the settlement will retain the right to file their own claims for damages against Redbox or Save Mart arising from access barriers they have faced at Redbox kiosks due to the visual interface. Class members who do not opt out of the monetary portion of the settlement may utilize the claims procedure described in Section IV below to submit claims for monetary damages.

## III. OBJECTING TO THE SETTLEMENT

You can ask the Court to deny approval of this settlement by filing an objection with the Court. You can't ask the Court to order a larger or different settlement; the Court can only approve or deny the proposed settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You must send written objections only to the Court. The Court must receive your objection by November 12, 2014 for it to be considered. All written objections and supporting papers must clearly identify the following case name and number: *Lighthouse for the Blind and Visually Impaired, et al. v. Redbox Automated Retail, LLC, et al.*, 12-cv-00495-PJH (N.D. Cal.).  You may file the objection in person or mail it to the Court at:

Class Action Clerk of the U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-1204

If you file an objection, you may also appear at the final approval hearing which will address the settlement's fairness. You may appear at the hearing either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. The hearing is scheduled for December 17, 2014 at 9 a.m., before Judge Phyllis Hamilton at the Oakland Federal Courthouse, Courtroom 3, Third Floor, 1301 Clay Street, Oakland, CA 94612. The date of the final approval hearing may change without further notice to the class. You should check the settlement website at www.lighthouseredboxsettlement.com, or the U.S. Court's Public Access website at PACER.gov to get the most current information concerning the date of the final approval hearing. To be heard at the hearing, you must include notice of your intent to appear at the hearing with your written objection.

## IV.    SUBMITTING A CLAIM FOR MONEY DAMAGES

You may be eligible for monetary relief under the settlement if you are legally blind and you attempted but were unable to access the goods and services available at Redbox kiosks in California on or after January 12, 2010 due to the kiosks' visual user interface, or if you were aware that Redbox kiosks in California utilize a visual user interface, and, as a result, were deterred from accessing the goods and services of a Redbox kiosk in California on a particular occasion on or after January 12, 2010. There is a damages fund of $1.2 million available for all claimants. No claimant can receive more than $4,000, and each eligible claimant's portion will be shared on a pro-rata basis if the number of eligible claimants exceeds three hundred (300). Therefore, you may receive less than $4,000.

You must submit a valid claim form to recover monetary compensation under this settlement. You may complete and submit a claim form on the settlement website at www.lighthouseredboxsettlement.com or by requesting a claim form from KCC LLC, the claims administrator, by phone, letter, fax, or email at:

Lighthouse v. Redbox Claims Administrator
P.O. Box 43034
Providence, RI 02940-3034
(415) 798-5900
RedboxSettlement@kccllc.com
(fax to be provided for claims)

All claims submitted online must be submitted by November 12, 2014. All claims submitted by mail must be postmarked no later than November 12, 2014.

## V.    OPTING OUT OF THE DAMAGES PORTION OF THE SETTLEMENT

You have the right to opt out of the damages portion of the settlement. If you opt out, you will not receive any monetary compensation from this settlement. Class members who opt out of

the monetary portion of the settlement, however, will retain the right to file their own claims for damages against Redbox or Save Mart arising from access barriers they have faced at Redbox kiosks in California due to the visual interface. You may complete and submit an opt-out request at www.lighthouseredboxsettlement.com, or you may mail a completed opt-out request to the claims administrator at the address listed in Section IV.

All requests to opt out must be made by November 12, 2014. Requests to opt out may be made only through www.lighthouseredboxsettlement.com or by timely mailing an opt-out request to Lighthouse v. Redbox Claims Administrator, P.O. Box 43034, Providence, RI 02940-3034. Please note that if the settlement is approved, all members of the class who do not properly opt out will be bound by the monetary damages portion of the settlement.

## VI.    FURTHER INFORMATION

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.lighthouseredboxsettlement.com, contact class counsel using the information below, access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or visit the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

To obtain a copy of this notice in alternate accessible formats, contact Class Counsel using the information below.

## VII.   CONTACT INFORMATION

Please do not contact the Court, the Court clerk's office, or Defense Counsel with questions about this settlement or the claims process. Any questions must be directed to class counsel at (510) 665-8644, or the address below.

> Class Counsel:
> Michael Nunez, Esq.
> Disability Rights Advocates
> 2001 Center Street, Fourth Floor
> Berkeley, CA 94704
>
> Defendants' Counsel:
> Sue. J. Stott, Esq.
> Perkins Coie LLP
> Four Embarcadero Center, Suite 2400
> San Francisco, CA 94111-4131
>
> Amanda J. Beane, Esq.
> Perkins Coie LLP
> 1201 Third Avenue, Suite 4900

Seattle, WA 98101

# EXHIBIT D

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT**

**ATTENTION: ALL LEGALLY BLIND INDIVIDUALS WHO HAVE ATTEMPTED TO ACCESS THE DVD, BLU-RAY AND/OR VIDEO GAME RENTAL SERVICES AVAILABLE AT REDBOX KIOSKS IN CALIFORNIA SINCE JANUARY 12, 2010 OR WHO HAVE BEEN DETERRED FROM DOING SO DUE TO THE LACK OF FEATURES FOR BLIND USERS AT REDBOX KIOSKS SINCE JANUARY 12, 2010**

**YOU MAY HAVE A CLAIM FOR MONETARY DAMAGES UNDER THE SETTLEMENT DESCRIBED BELOW**

This notice is to inform you that you may have a claim for monetary damages under the proposed settlement that would resolve the class action lawsuit *Lighthouse for the Blind and Visually Impaired, et al. v. Redbox Automated Retail, LLC, et al.*, Case No. 12-cv-00495-PJH (N.D. Cal.). The lawsuit alleges that Redbox Automated Retail, LLC ("Redbox") violated federal and California law by offering video and game rental services at self-service, touchscreen kiosks in California that legally blind persons cannot independently access. Save Mart Supermarkets ("Save Mart") is also a defendant in the case. Redbox and Save Mart deny all liability. The proposed settlement would require that Redbox add tactile controls, headphone jacks, and text-to-speech output to all of its touchscreen video rental kiosks in California so that legally blind individuals can independently access Redbox kiosks in California.

You may be entitled to payment of money as part of this settlement. There is a damages fund of $1.2 million that will be shared among eligible claimants. You may be eligible to receive money if you are legally blind and you attempted but were unable to access the goods and services available at Redbox kiosks in California on or after January 12, 2010 due to the kiosks' visual user interface, or if you were aware that Redbox kiosks in California utilize a visual user interface, and, as a result, were deterred from accessing the goods and services of a Redbox kiosk in California on a particular occasion on or after January 12, 2010. No claimant can receive more than $4,000, and each eligible claimant's portion will be shared on a pro-rata basis if the number of eligible claimants exceeds three hundred (300). Therefore, you may receive less than $4,000.

To make a claim, you must submit a claim form by the claims deadline. You can obtain a claim form from www.lighthouseredboxsettlement.com or by contacting the Claims Administrator using the information below. Claim forms submitted electronically must be submitted no later than November 12, 2014; printed claim forms, which should be mailed to the Claims Administrator at the address below, must be postmarked no later than November 12, 2014.

You also have the right to opt out of the damages portion of the settlement and the right to object to the settlement. The settlement website www.lighthouseredboxsettlement.com contains a more detailed notice with procedures for opting out of the damages portion of the settlement and for objecting to the settlement, and a complete copy of the settlement agreement.

Any questions about the settlement, including requests for documents in alternate accessible formats, should be directed to class counsel using the contact information below.

**Claims Administrator:**
Lighthouse v. Redbox Claims Administrator
P.O. Box 43034
Providence, RI 02940-3034
Phone: (415) 798-5900

**Class Counsel:**
Disability Rights Advocates
2001 Center Street, 4th Floor
Berkeley, CA 94704
Phone: (510) 665-8644

# EXHIBIT E

1
LAURENCE PARADIS (California Bar No. 122336)
STUART SEABORN (California Bar No. 198590)
2
MICHAEL S. NUNEZ (California Bar No. 280535)
DISABILITY RIGHTS ADVOCATES
3
2001 Center Street, Third Floor
Berkeley, CA 94704
4
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
5
TTY:          (510) 665-8716

6
JAY KOSLOFSKY (California Bar No. 97024)
LAW OFFICES OF JAY KOSLOFSKY
7
P.O. Box 9236
Berkeley, CA 94709
8
Telephone:    (510) 280-5627
Fax:          (510) 845-3707
9
Attorneys for Plaintiffs
10
(additional attorneys listed on next page)
11
UNITED STATES DISTRICT COURT
12
NORTHERN DISTRICT OF CALIFORNIA
13
OAKLAND DIVISION
14

15
LIGHTHOUSE FOR THE BLIND AND
16
VISUALLY IMPAIRED, on behalf of
itself and all others similarly situated,
17
ANGELA GRIFFITH, on behalf of herself
and all others similarly situated, LISA
18
MARIA MARTINEZ, on behalf of herself
and all others similarly situated, JOSH
19
SAUNDERS, on behalf of himself and all
others similarly situated, SHANA RAY, on
20
behalf of herself and all others similarly
situated, and JENNIFER WESTBROOK,
21
on behalf of herself and all others similarly
situated,
22
                        Plaintiffs,
23
        v.
24
REDBOX AUTOMATED RETAIL, LLC,
25
AND SAVE MART SUPERMARKETS,
26
                        Defendants.
27

28

No. 12-cv-00195 PJH

**(PROPOSED) ORDER GRANTING
MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT;
CERTIFYING SETTLEMENT CLASS;
DIRECTING ISSUANCE OF
SETTLEMENT NOTICE; AND
SCHEDULING OF HEARING ON FINAL
APPROVAL**

Sue Stott (Bar No. 91144)
SStott@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:  415.344.7000
Facsimile:  415.344.7050

Amanda J. Beane (*pro hac vice*)
ABeane@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Defendants

REDBOX AUTOMATED RETAIL, LLC and SAVE MART SUPERMARKETS

1

2      WHEREAS, the Parties in the above-captioned litigation have advised the Court that they

3  have settled the litigation, the terms of which have been memorialized in a settlement agreement

4  (hereafter "Settlement Agreement").

5      WHEREAS, the parties have applied to this Court through a joint motion for an order (1)

6  certifying the proposed class for settlement purposes only, (2) granting preliminary approval of

7  the Agreement resolving all claims in the above-captioned matter, (3) directing notice to the

8  settlement class, and (4) setting a fairness hearing; and

9      WHEREAS, the Court has read and considered the Joint Motion for Preliminary

10  Approval, the points and authorities and declarations submitted therewith, the proposed

11  Settlement Agreement, and all of the supporting documents; and good cause appearing:

12      NOW, THEREFORE, IT IS HEREBY ORDERED:

13  1. This Order incorporates by reference the definitions in the Settlement Agreement and all

14     terms defined therein shall have the same meaning in this Order as set forth in the

15     Settlement Agreement.

16  2. The Joint Motion for Preliminary Approval of the Agreement ("Joint Motion") is granted.

17     All pending pretrial deadlines and the trial date are hereby vacated.  It appears to this

18     Court on a preliminary basis that the Settlement Agreement is fair, adequate and

19     reasonable.

20  3. The proposed Settlement Class is hereby preliminarily certified pursuant to FRCP 23(a)

21     and (b)(3) for purposes of settlement.  The Settlement Class is defined as:

22

23         All Legally Blind individuals who, due to the visual interface utilized at the
           Redbox Kiosks located in California, have attempted but were unable to access the
           products or services available at Redbox Kiosks located in California, or were
24         deterred from accessing those products or services at the Redbox Kiosks in
           California, between January 12, 2010 and November 12, 2014.  "Legally Blind"
25         individuals include all persons with visual impairments who meet the legal
           definition of blindness in that they have a visual acuity with correction of less than
26         or equal to 20 x 200 in the better eye, or they have a visual field limitation such
           that the widest diameter of the visual field, in the better eye, subtends an angle no
27         greater than 20 degrees, as measured with a Goldmann III4e or equivalent size
           stimulus.  Some people who meet this definition have limited vision. Others have
28         no vision.

4. Certification of the settlement class shall be solely for settlement purposes and without prejudice in the event that the Agreement is not finally approved by this Court or otherwise does not take effect. Certification of the settlement class shall be vacated and shall have no effect in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.

5. The Court hereby appoints and designates Named Plaintiffs Angela Griffith, Lisamaria Martinez, Josh Saunders, Shana Ray and Jennifer Westbrook as representatives of the Settlement Class.

6. The Court hereby appoints and designates the Named Plaintiffs' attorneys of record as Class Counsel for the Settlement Class.

7. Notice of the proposed Settlement Agreement shall be given to class members.

The Long Form Notice attached as Exhibit C to the Agreement and the Short Form Notice attached as Exhibit D to the Agreement are hereby approved as to form. Within 14 days after Preliminary Approval, by August 13, 2014, the Parties shall distribute the Notice of the proposed Settlement Agreement advising the Class of the terms of the proposed Settlement Agreement and their right to object to the proposed Settlement Agreement. This Notice shall be distributed as follows:

a) Class Counsel and Defendants shall ensure that the Long Form Notice and Short Form Notice shall be posted on the Settlement Website for a period of 90 days. The Settlement website shall also contain access to the Claim Form (in a form materially identical to the Claim Form attached as Exhibit A to the Settlement Agreement) and contain instructions for completing Claims Forms (in a form materially identical to the Claim Form Instructions attached as Exhibit B to the Settlement Agreement).

b) Defendants shall provide the Notice to any person that has complained to Redbox or Save Mart about the accessibility of the Kiosks in California for the blind or visually impaired, if any, and to the extent Redbox or Save Mart is reasonably

1

2        aware of such complaint and has either an email address or mailing address for

3        such person(s).  If Redbox or Save Mart has an email address for any person

4        requiring notice under this Section, the Notice shall be provided by email in an

5        accessible electronic format, which are electronic formats, including Microsoft

6        Word Documents, properly formatted PDF files, RTF files, and text files, that can

7        be read using screen reading technology.  If Redbox or Save Mart has a mailing

8        address for anyone requiring notice under this Section, the mailing addresses for

9        these individuals shall be provided to Class Counsel, and Class Counsel shall mail

10        to each individual through U.S. mail hard copies of the Notice in an alternate

11        accessible format.  For purposes of this Section "alternate accessible format" refers

12        to Braille documents, large print documents, audio recordings, or other formats

13        that legally blind individuals can independently read.

14    c)    Class Counsel shall post the Long Form Notice and Short Form Notice on the

15        website of Disability Rights Advocates for a period of 90 days;

16    d)    Class counsel shall electronically mail the Long Form Notice to the following

17        email list serves, which exist to provide information relevant to blind Californians:

18        nfbc-info@nfbnet.org, cabs-talk@nfbnet.org, and the California Council of the

19        Blind's email list serve.

20    e)    Class Counsel shall electronically mail the Long Form Notice to the following

21        organizations serving blind persons in California:

22  Lions Center for the Blind

23  2115 Broadway
Oakland, CA 94612

24  Phone: (510) 450-1580
Website: http://www.lbcenter.org/

25

26  Vista Center for the Blind and Visually Impaired
2470 El Camino Real, Suite 107

27  Palo Alto, CA 94306
Phone: (650) 858-0202

28  Toll-Free phone: (800) 660-2009
Fax: 650-858-0214

Website: http://www.vistacenter.org/

Santa Clara Valley Blind Center
101 North Bascom Avenue
San Jose, CA 95128
Phone: 408-295-4016
Fax: 408-295-1398
Website: www.visionbeyondsight.org

San Francisco - Independent Living Resource Center San Francisco (ILRC-SF)
649 Mission Street, 3rd Floor
San Francisco, CA 94105
Phone: (415) 543-6222
Fax: (415) 543-6318
Website: http://www.ilrcsf.org/

Santa Clara Valley Blind Center
101 North Bascom Avenue
San Jose, CA 95128
Tel: 408-295-4016
Fax: 408-295-1398
Website: www.visionbeyondsight.org

San Jose - Silicon Valley Independent Living Center (SVILC)
2202 N. First Street
San Jose, CA 95131
Phone: (408) 894-9041
Fax: (408) 894-9050
TDD: (408) 894-9012
Website: http://www.svilc.org/

San Mateo - Center for Independence of Individuals with Disabilities (CID)
1515 South El Camino, Suite 400
San Mateo, CA 94402
Phone: (650) 645-1780
Fax: (650) 645-1785
Website: http://www.cidsanmateo.org/

East Bay Center for the Blind
2928 Adeline Street
Berkeley, CA 94703-2503
Phone: (510) 843-6935
Fax: (510) 843-6006
Website: http://eastbaycenterfortheblind.org/

The Hatlen Center for the Blind
2430 Road 20 #B112
San Pablo, CA 94806-3704

Phone: (510) 234-4984
Fax: (510) 234-4986
Website: http://www.hcblind.org/about/

California Department of Rehabilitation: Orientation Center for the Blind
400 Adams Street
Albany, CA 94706
Phone: (510) 559-1208
Website: http://www.dor.ca.gov/OCB/index.html

Berkeley - Center for Independent Living (CIL)
3075 Adeline Street, Ste. 100
Berkeley, CA 94703
Phone: (510) 841-4776
Fax: (510) 841-6168
Website: http://www.cilberkeley.org/

Concord - Independent Living Resources of Solano & Contra Costa Counties (ILR)
1850 Gateway Blvd., Suite 120
Concord, CA 94520
Phone: (925) 363-7293
Fax: (925) 363-7296
Website: http://www.ilrscc.org/

Hayward - Community Resources for Independent Living (CRIL)
439 A Street
Hayward, CA 94541
Phone: (510) 881-5743
Fax: (510) 881-1593
Website: http://crilhayward.org/

Marin Center for Independent Living (MCIL)
710 Fourth Street
San Rafael, CA 94901
Phone: (415) 459-6245
Fax: (415) 459-7047
Website: http://www.marincil.org/

Society for the Blind
1238 S Street
Sacramento, CA 95811
Phone: (916) 452-8271
Fax: (916) 492-2483.
Website: http://www.societyfortheblind.org

Blind & Visually Impaired Center of Monterey County
225 Laurel Avenue
Pacific Grove, CA 93950

Local Telephone: (831) 649-3505
Toll Free Telephone: (800) 404-3505
Website: http://www.blindandlowvision.org

California School for the Blind
500 Walnut Avenue
Fremont, CA 94536
Phone: (510) 794-3800
Website: http://www.csb-cde.ca.gov

Community Center for the Blind
130 West Flora Street
Stockton, CA 95202
Phone: (209) 466-3836
Website: http://www.communitycenterfortheblind.org/

Chico: Independent Living Services of Northern California (ILSNC)
The Jennifer Roberts Building
1161 East Avenue
Chico, CA 95926
Phone: (800) 464-8527
Fax: (530) 893-8574
VP/TTY: (530) 893-8527
Website: http://ilsnc.org/

Santa Rosa - Disability Services & Legal Center (DSLC)
521 Mendocino Ave
Santa Rosa, CA 95401
Phone: (707) 528-2745
Fax: (707) 528-9477
TTY: (707) 528-2151
Website: http://www.disabilityserviceandlegal.org/

Center for the Blind & Visually Impaired
1124 Baker Street
Bakersfield, CA 93305
Phone: (661) 322-5234
Website: www.cbvi.org

Auburn - Placer Independent Resource Services (PIRS)
11768 Atwood Road, Suite 29
Auburn, CA 95603
Phone: (530) 885-6100
Fax: (530) 885-3032
Website: http://www.pirs.org/

Bakersfield - Independent Living Center of Kern County (ILCKC)
5251 Office Park Drive, Ste. 200

Bakersfield, CA 93309
Phone: (661) 325-1063
Fax: (661) 325-6702
Website: http://www.ilcofkerncounty.org/

Fresno - Resources for Independence, Central Valley (RICV)
3008 North Fresno Street
Fresno, CA 93703
Phone: (559) 221-2330
Fax: (559) 221-2340
TTY: (559) 221-2342
Website: http://www.ricv.org/

Salinas - Central Coast Center for Independent Living (CCCIL)
318 Cayuga St. Suite 208
Salinas, CA 93901
Phone: (831) 757-2968
Fax: (831) 757-5549
TTY: (831) 757-3949
Website: http://www.cccil.org/

San Diego Center for the Blind and Vision Impaired
5922 El Cajon Boulevard
San Diego, CA 92115
Phone: (619) 583-1542
http://www.sdcb.org/

Braille Institute of America
741 North Vermont Avenue
Los Angeles, CA 90029
Local Telephone: (323) 663-1111
Toll Free Telephone: (800) 272-4553
Website: http://www.brailleinstitute.org

Claremont - Services Center for Independent Living (SCIL)
107 Spring Street
Claremont, CA 91711
Phone: (909) 621-6722
Fax: (909) 445-0727
Website: http://scil-ilc.org/

Downey - Southern California Rehabilitation Services (SCRS)
7830 Quill Drive, Suite D
Downey, CA 90242
Phone: (562) 862-6531
Fax: (562) 923-5274
Website: http://scrs-ilc.org/

Garden Grove - Dayle McIntosh Center (DMC)
13272 Garden Grove Blvd.
Garden Grove, CA 92843
Phone: (714) 621-3300
Fax: (714) 663-2094
Website: http://www.daylemc.org/

Long Beach - Disabled Resource Center (DRC)
2750 East Spring Street, #100
Long Beach, CA 90806-2249
Phone: (562) 427-1000
Fax: (562) 427-2027
Website: http://www.drcinc.org/

Riverside - Community Access Center (CAC)
6848 Magnolia Avenue, Suite 150
Riverside, CA 92506
Phone: (951) 274-0358
Fax: (951) 274-0833
TTY: (951) 274-0834
Website: http://www.ilcac.org/

San Bernardino - Rolling Start, Inc. (RSI)
570 West 4th Street, Suite 107
San Bernardino, CA 92401
Phone: (909) 884-2129
Fax: (909) 386-7446
TDD: (909) 884-7396
Website: http://www.rollingstart.org/contact.html

San Diego - Access to Independence San Diego (A2iSD)
8885 Rio San Diego Drive, Ste. 131
San Diego, CA 92108
Phone: (619) 293-3500
Fax: (619) 293-3508
TDD: (619) 293-7757
Website: http://www.rehab.cahwnet.gov/ILS/ILC-A2ISD.html

Santa Barbara - Independent Living Resource Center (ILRC)
423 West Victoria Street
Santa Barbara, CA 93101
Phone: (805) 963-0595
Fax: (805) 963-1350
Website: http://www.ilrc-trico.org/

Junior Blind of America
5300 Angeles Vista Boulevard
Los Angeles, CA 90043

Phone: (323) 295-4555
Website: http://www.juniorblind.org/site/

Guide Dogs for the Blind
350 Los Ranchitos Road,
San Rafael, CA 94903
Phone: (415) 499-4000
Fax: (415) 499-403
Website: http://www.guidedogs.com/site/PageServer

Guide Dogs of the Desert
60740 Dillon Road
Whitewater, CA 92282
Phone: (760) 329-6257 or (888) 883-0022
Fax: (760) 329-2866
Website: http://guidedogsofthedesert.org/contact.html

Guide Dogs of America
13445 Glenoaks Boulevard
Sylmar, CA 9134
Phone: (818) 362-5834
Fax: (818) 362-6870
Website: http://www.guidedogsofamerica.org/

Matilda Ziegler Magazine for the Blind
Email: Editor@matildaziegler.com
Website: http://www.matildaziegler.com/about/

AFB AccessWorld Magazine
Email: lhuffman@afb.net
Website: http://www.afb.org/aw/contact_aw.asp

8. The Court finds that the forms of notice to Class Members regarding the proposed

Settlement Agreement, including the methods of dissemination to the proposed Settlement

Class in accordance with the terms of this Order, meet the requirements for due process,

the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, and

constitute the best notice practicable under the circumstances.

9. Class Counsel shall file its motion for reasonable fees and costs no later than October 29,

2014 and shall provide instructions for accessing the motion for reasonable fees and costs

and any exhibits to that motion on the Settlement Website and in the Notice to the

Settlement Class.

1

2    10. No later than fourteen (14) days before the final fairness hearing described below, Class

3           Counsel shall file a sworn statement evidencing compliance with the notice provisions of

4           this order.

5    11. A hearing (the "Fairness Hearing") shall be held before this Court on _____ [the

6           parties propose December 17, 2014], at _____ in the United States District Court for

7           the Northern District of California (Oakland Courthouse), located at 1301 Clay Street,

8           Oakland, CA, 3rd Floor, Courtroom 3, to determine whether the Agreement shall be

9           granted final approval, and to address any related matters, including Class Counsel's

10          motion for an award of reasonable attorneys' fees and costs.

11    12. The Fairness Hearing may, from time to time and without further notice to the Settlement

12          Class (except those who have filed timely objections or entered appearances), be

13          continued or adjourned by order of the Court.

14    13. Members of the Settlement Class may register their objections to the Agreement by filing

15          written objections with this Court. Objections and accompanying verification must be

16          received by November 12, 2014. Members of the Settlement Class who also wish to

17          appear at the Fairness Hearing and object to the Agreement in person must so state at the

18          time they file their written objections. Any Settlement Class member who does not make

19          his or her objection in the manner provided for in this Order shall be deemed to have

20          waived such objection.

21    14. Members of the Settlement Class may not opt out of the settlement of the injunctive and

22          declaratory relief claims. Members of the Settlement Class may opt out of the damages

23          portion of the Agreement by visiting the Settlement Website and following the

24          instructions on that website for completing and submitting an on-line opt-out statement or

25          by submitting a written opt-out statement to the Administrator identified in Paragraph 16

26          below by November 12, 2014.

27    15. Any member of the Settlement Class who does not opt out in the manner provided by the

28          Agreement will be bound by the Final Judgment dismissing the Action with prejudice.

16. Kurtzman Carson Consultants LLC ("KCC" and/or "Administrator") is hereby appointed as Administrator for opt-out submissions and administration of damages claims under the Agreement. The parties and KCC will administer damages claims as provided for under the Agreement. KCC shall maintain the Settlement Website and shall keep a written record of any individuals who opt out of the damages portion of the Agreement. KCC shall serve copies of any opt-out statements it receives on Class Counsel and Counsel for Redbox not later than three (3) business days after receipt thereof and shall file the opt-out statements with the Clerk of the Court not later than ten (10) business days prior to the date set for the Final Approval hearing.

17. All responses to objections shall be filed with the Court and served by mail on the Parties' Counsel and on any objectors no later than fourteen (14) days before the Fairness Hearing.

18. Counsel for the parties is hereby authorized to utilize all reasonable procedures in connection with the administration of the Agreement which are not materially inconsistent with either this Order or the terms of the Agreement.


IT IS SO ORDERED:

Dated: _____

_____
PHYLLIS J. HAMILTON
Judge of the United States District Court
Northern District of California