LAURENCE W. PARADIS (California Bar No. 122336)
STUART SEABORN (California Bar No. 198590)
MICHAEL S. NUNEZ (California Bar No. 280535)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Fourth Floor
Berkeley, California  94704-1204
Telephone:      (510) 665-8644
Facsimile:       (510) 665-8511
TTY:              (510) 665-8716

JAY KOSLOFSKY (California Bar No. 97024)
LAW OFFICES OF JAY KOSLOFSKY
P.O. Box 9236
Berkeley, CA 94709
Telephone: (510) 280-5627
Fax: (510) 845-3707

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIGHTHOUSE FOR THE BLIND AND VISUALLY IMPAIRED, on behalf of itself and all others similarly situated, ANGELA GRIFFITH, on behalf of herself and all others similarly situated, LISAMARIA MARTINEZ, on behalf of herself and all others similarly situated, JOSH SAUNDERS, on behalf of himself and all others similarly situated, SHANA RAY, on behalf of herself and all others similarly situated, and JENNIFER WESTBROOK, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>REDBOX AUTOMATED RETAIL, LLC, AND SAVE MART SUPERMARKETS,,<br><br>        Defendants. | Case No.: C12-00195 PJH<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    December 17, 2014<br>Time:   9:00 a.m.<br>Place:  Courtroom 3- 3rd Floor, 1301 Clay Street, Oakland, CA 94612<br><br>Judge:  Hon. Phyllis J. Hamilton |

# TABLE OF CONTENTS

I. Introduction .................................................................................................................. 2

II. Summary of Plaintiffs' Fees and Costs ...................................................................... 4

III. Factual Background .................................................................................................... 4

IV. Plaintiffs Are Entitled to Recover All Reasonable Attorneys Fees and Costs for their Work on This Matter ............................................................................ 6

    A. The Law Provides for An Award of Attorneys' Fees to Plaintiffs ........................ 6

    B. Plaintiffs Are Prevailing Parties for the Purposes of Fee Recovery ...................... 7

    C. Plaintiffs' Lodestar Is Reasonable ........................................................................ 8

        1. Appropriate Hourly Rates Are Those Charged by San Francisco Bay Area Attorneys of Comparable Experience Who Handle Complex Litigation. ................................................................. 8

        2. The Rates Requested by Class Counsel Are Reasonable ......................... 10

        3. All Hours Included in the Lodestar Were Reasonably Required ............................................................................................... 11

    D. Plaintiffs Are Entitled to Reasonable Fees and Costs for Monitoring Compliance with the Settlement ...................................................... 12

    E. Plaintiffs Are Entitled to Their Litigation Costs and Expenses .......................... 12

V. Conclusion ................................................................................................................ 13

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# TABLE OF AUTHORITIES

**Cases**

*Barrios v. California Interscholastic Federation*,
   277 F.3d 1128 (9th Cir. 2002) ............................................................................................... 7

*Bernardi v. Yeutter*,
   951 F.2d 971 (9th Cir. 1991) ................................................................................................. 9

*Blum v. Stenson*,
   465 U.S. 886 (1984) ............................................................................................................... 8

*Brantley v. Maxwell Jolly*,
   C 09-03798 (N.D. Cal. 2009) ............................................................................................... 10

*Cabrales v. City of Los Angeles*,
   935 F.2d 1050 (9th Cir. 1991 ................................................................................................. 8

*Chalmers v. City of Los Angeles*,
   796 F.2d 1205 (9th Cir. 1986) ............................................................................................... 8

*Communities Actively Living Independent and Free et al. v. City and County of Los Angeles*,
   Case No. 09-cv-00287-CBM-RZ (C.D. Cal., Jun. 10, 2013) ................................................. 9

*Davis v. City and County of San Francisco*,
   976 F.2d 1536 (9th Cir. 1992) ............................................................................................... 8

*Enyart v. National Conference of Bar Examiners*,
   Case No. 3:09-cv-05191-CRB (N.D. Cal., May 15, 2012) .................................................... 9

*Gates v. Deukmejian*,
   987 F.2d 1392 (9th Cir. 1992) ............................................................................................... 8

*Gates v. Rowland*,
   39 F.3d 1439 (9th Cir. 1994) ............................................................................................... 12

*Henderson v. Mangrobang*,
   Alameda County Superior Court, Case No. 2002-069631, ................................................. 11

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ........................................................................................................... 6, 8

*Ketchum v. Moses*,
   24 Cal.4th 1122 (2001) .......................................................................................................... 8

*Lovell v. Chandler*,
   303 F.3d 1039 (9th Cir. 2002) ............................................................................................. 13

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
   478 U.S. 546 (1986) .......................................................................................................... 8, 12

*Richard S. v. Dep't of Developmental Servs.*,
   317 F.3d 1080 (9th Cir. 2003) ............................................................................................... 7

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*United Spinal Association et al. v. Board of Elections in the City of New York et al.*,
   Case No. 10-cv-05653 (S.D.N.Y.) .......................................................................................... 11

**Statutes**

42 U.S.C. § 12205 ............................................................................................................... 1, 6

California Civil Code § 54.3(a) ........................................................................................... 1, 6

California Civil Code 52(a) ................................................................................................. 1, 6

**Rules**

Fed. R. Civ. P. 54(d)(1) ........................................................................................................... 13

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on December 17, 2014, Plaintiffs will move the Court for approval of reasonable attorneys' fees and costs pursuant to the Settlement Agreement ("Agreement") entered into between the parties on June 26, 2014.  The total amount Plaintiffs request for approval for all fees and costs in this litigation, including future monitoring through the three-and-a-half year term of the settlement agreement is $800,000.  Defendants do not oppose this Motion.

Plaintiffs are entitled to their reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205, California Civil Code 52(a), and California Civil Code § 54.3(a). This motion is based on the supporting Memorandum of Points and Authorities; Declaration of Laurence Paradis in Support of Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs; Declaration of Jay B. Koslofsky in Support of Plaintiffs' Motion for Reasonable Fees and Costs; Declaration of William Alderman in Support of Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs; and all other papers on file in the case.

Dated: October 29, 2014    Respectfully submitted,

DISABILITY RIGHTS ADVOCATES

_____

Michael Nunez
Attorneys for Plaintiffs

---

*Lighthouse for the Blind, et al., v. Redbox Retail, et al.,* **Case No.: C12-00195 PJH**
**MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**　　　　　　　　　　　1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In this case of first impression, Plaintiffs secured unprecedented access for a class of legally blind persons to the DVD and video-game rental services offered at over 4000 Redbox self-service kiosks throughout the State. This case is the only class action of which Class Counsel is aware to utilize state and federal accessibility laws to challenge the barriers blind consumers face when attempting to use the exclusively-visual, touchscreen interfaces on self-service retail kiosks, which, along with internet sales, have become the retail industry's preferred way to reach consumers. Thus, the litigation was novel and presented significant risks, and negotiating a settlement required a substantial amount of effort and lawyering skill.

Plaintiffs brought this action in January 2012 on behalf of blind persons seeking full and equal access to Redbox's self-service DVD and video-game rental kiosks in California. Nearly three years after the case was filed, the parties have entered into a settlement agreement that resolves all of the issues raised by the Plaintiff Class in the Complaint. The settlement agreement is the product of over eighteen months of arms-length negotiations, including six in-person mediation sessions and substantial exchanges of information among the parties to determine the most technically feasible relief for the class. The settlement requires Defendant Redbox Automated Retail, LLC ("Redbox") to make its entire fleet of video rental kiosks in California accessible to Plaintiffs and other blind individuals. The settlement also requires Redbox to improve the accessibility of its website for legally blind customers and to establish a $1.2 million class damages fund that will provide damages awards of up to $4,000 per each eligible claimant.

In addition to comprehensive injunctive relief and monetary relief, the settlement includes an agreement by Defendants to pay attorneys' fees and costs to Class Counsel for their work on this matter. Under the terms of the settlement agreement, Redbox has agreed to pay Class Counsel a total of $765,000 in attorneys' fees and $35,000 in costs. This amount includes $690,000 for work done by Class Counsel from the inception of the case through final approval of the settlement agreement by the Court and $75,000 for monitoring and enforcing the

1  agreement through its three-and-a-half year term after final approval.  Class Counsel are
2  Disability Rights Advocates and the Law Office of Jay B. Koslofsky.

3       As a part of the parties' arms-length negotiations, the parties did not even discuss
4  attorneys' fees and costs until after negotiating system-wide injunctive relief for the class.
5  Additionally, the attorneys' fees and costs are entirely separate from the $1.2 million class
6  damages fund and do not alter in any way the amount of the class damages fund or the relief
7  individual class members can obtain from the class fund.

8       The agreed-upon amount of attorneys' fees and costs is far below the total lodestar Class
9  Counsel would be entitled to recover in a contested fee motion.  As of October 27, 2014, Class
10 Counsel's total lodestar was $1,179,605.50 using Class Counsel's current hourly billing rates.
11 *See* Declaration of Laurence Paradis in Support of Plaintiffs' Motion for Reasonable Attorneys'
12 Fees and Costs ("Paradis Decl."), ¶ 16; Declaration of Jay B. Koslofsky in Support of Plaintiffs'
13 Motion for Reasonable Attorneys' Fees and Costs (Koslofsky Decl.) ¶ 2.  Class Counsel also
14 anticipate that they will spend additional hours to obtain final approval of the settlement.  Paradis
15 Decl. ¶ 16; Koslofsky Decl. ¶¶ 2, 8.  The total estimated lodestar for such additional work to get
16 to final approval is approximately $48,625. Paradis Decl. ¶ 17; Koslofsky Decl. ¶ 8.

17      If this motion was submitted as a contested motion, Class Counsel contend that they
18 would be entitled to their full fees and costs.  Indeed, Class Counsel achieved comprehensive
19 relief for the class and the Named Plaintiffs, despite the risks involved.  However, Class Counsel
20 agreed to accept an amount below the full amount they would otherwise claim to reach a
21 resolution in this matter.

22      Because the parties negotiated a resolution to Plaintiffs' request for fees and costs as part
23 of the settlement agreement in this case, Defendants agreed not to oppose this motion.[1]
24 Therefore, Plaintiffs respectfully request that the Court grant their unopposed Motion for
25 Reasonable Attorneys' Fees and Costs and approve the full amount of $800,000 in fees and costs
26 for work in this matter and future monitoring work.

---

[1] Defendants have agreed, for purposes of settlement only, not to contest this motion or the agreed-upon amounts for attorneys' fees and costs requested in the motion.

*Lighthouse for the Blind, et al., v. Redbox Retail, et al.,* **Case No.: C12-00195 PJH**
**MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**                          **3**

## II. SUMMARY OF PLAINTIFFS' FEES AND COSTS

Attorneys' fees and costs were allocated as follows under the terms of the Settlement Agreement: $610,000.00 for work done through February 20, 2014: $80,000.00 for work done from February 21, 2014 through Final Approval: $75,000.00 for future monitoring work; and $35,000.00 for costs advanced by Class Counsel.

The tables below summarize the fees and costs incurred by Class Counsel through October 27, 2014 using counsel's current hourly rates.

| Description | Hours | Total Fees |
| --- | --- | --- |
| Lodestar fees using Class Counsel's current rates | 2,100 | $1,179,606.50 |
| Costs | N/A | $60,591.16 |
| Total | 1,571.8 | $1,240,196.66 |

Thus, the agreed-upon amount of fees and costs is far below what Plaintiffs would otherwise seek in the context of a contested motion using Class Counsel's current hourly rates. For example, the $278,815 in fees incurred by Class Counsel between February 21, 2014 and final approval are already far more than the $80,000 allocated for that period.

## III. FACTUAL BACKGROUND

The background facts are described in detail in the parties' Joint Motion for Preliminary Approval of Settlement (Docket No. 73) and will not be restated here. Plaintiffs will briefly summarize only those facts that are relevant to the Court's evaluation of Plaintiffs' request for reasonable attorneys' fees and costs.

This action required a significant amount of attorney time and resources. To develop this case, Class Counsel undertook an extensive investigation into the barriers reported by Plaintiffs at Redbox's self-service kiosks and the availability of possible accessibility solutions for such barriers. Class Counsel interviewed members of the blind community about the actual effects of accessibility barriers caused by the visual interface on the Redbox kiosks and conducted

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Lighthouse for the Blind, et al., v. Redbox Retail, et al.,* **Case No.: C12-00195 PJH**
**MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**     **4**

independent research into the feasibility of technical modifications proposed by the Plaintiffs. Class Counsel also devoted significant time to development of Plaintiffs' legal claims, in large part due to the scarcity of precedent addressing the coverage of self-service retail kiosks under state and federal disability access laws.

After litigating Defendant Save Mart's motion to dismiss and promulgating initial discovery requests, the parties engaged in extensive settlement negotiations that spanned over eighteen months. These settlement discussions consisted of six day-long mediation sessions before third-party mediators (three sessions with Catherine Yanni of JAMS and three sessions with former California Court of Appeals Justice James R. Lambden), multiple meetings involving the parties' technical experts, a meeting with Redbox's CEO and executives from Redbox's parent company, and numerous other teleconferences between the parties. Plaintiffs' counsel devoted additional time to preparing Plaintiffs for settlement meetings, drafting proposals and responding to Defendants' proposals, and investigating technical issues in consultation with Plaintiffs' technical consultant.

After sixteen months of extensive negotiations, the parties first reached an agreement on the injunctive component of the settlement agreement in November, 2013, before continuing to mediate the monetary component.  The parties reached a tentative agreement on key terms of a comprehensive settlement on February 20, 2014.  Class Counsel then dedicated significant time and resources finalizing the terms of the settlement, preparing the joint motion for preliminary approval, which included a motion to certify the settlement class, and developing a comprehensive notice plan designed to meet the unique needs of the settlement class -- which is made up entirely of persons who are legally blind, and for whom traditional forms of notice such as printed mailings and other print media are insufficient.  Class Counsel will also dedicate additional time and resources to securing final approval of the settlement agreement and monitoring Redbox's compliance with the terms of the settlement agreement following final approval.

The result of Class Counsel's efforts is a groundbreaking, comprehensive settlement that will provide Plaintiffs with the entirety of relief that they sought at the inception of this action,

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

and that will serve as a model for other businesses providing services through touchscreen kiosks. After Redbox modifies its kiosks in California by adding tactile controls, headphone jacks, and text-to-speech output, Plaintiffs and the Settlement Class will be able to independently rent and return movies and other media at the kiosks. In addition, Plaintiffs and other class members will be able to use Redbox.com to create Redbox accounts, locate Redbox kiosks, and reserve movies for pick-up. This settlement is the first in which a private business has agreed to make a state-wide fleet of thousands of interactive touchscreen kiosks accessible to blind individuals.

As discussed above, the parties did not discuss attorneys' fees and costs until after agreement had been reached on a statewide accessibility solution that will provide access for the Plaintiff class to all of the more than 4000 Redbox kiosks in California. The fees and costs are also entirely separate from the $1.2 million class damages fund and have no effect on the amount of the fund or the amount individual class members will receive from the fund.

The agreed-upon figure of $800,000 for total fees and costs includes $690,000 for work done from the inception of the case through final approval of the class action settlement agreement, $35,000 in costs, and $75,000 for monitoring Redbox's compliance with the Agreement during its three-and-a-half year term. These amounts are more than reasonable in light of the complexity of the work and significance of the results for the settlement class.

## IV. PLAINTIFFS ARE ENTITLED TO RECOVER ALL REASONABLE ATTORNEYS FEES AND COSTS FOR THEIR WORK ON THIS MATTER

### A. **The Law Provides for An Award of Attorneys' Fees to Plaintiffs**

Plaintiffs are entitled to an award of attorneys' fees and costs under 42 U.S.C. § 12205, California Civil Code § 52(a), and California Civil Code § 54.3(a). "[A] prevailing plaintiff [under statutes with fee-shifting provisions] should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotations and citations omitted). Here, through the litigation and resulting settlement agreement, Plaintiffs have achieved all the relief sought in the Complaint. Plaintiffs have thus prevailed for the purposes of recovering fees and costs and there are no special

1 circumstances which would render such an award unjust.

2      This was a high-risk case of first impression. Class Counsel are aware of no other putative class actions that have been brought under Title III of the ADA seeking full and equal nonvisual access to self-service, touchscreen retail kiosks. Due to the novel legal and technical issues that this case presented, Class Counsel expended substantial time and resources developing the litigation and negotiating and finalizing a settlement in this action. In light of the complexity of the claims and the relief achieved, Plaintiffs' expenditure of time and resources was both reasonable and necessary. Plaintiffs are thus entitled under applicable law to recover reasonable attorneys' fees and costs.

### B.    Plaintiffs Are Prevailing Parties for the Purposes of Fee Recovery

     Plaintiffs are prevailing parties for the purpose of fee and cost recovery when they achieve a change in the legal relationship between the parties through a judgment or a judicially enforceable settlement. *Richard S. v. Dep't of Developmental Servs.*, 317 F.3d 1080, 1086-88 (9th Cir. 2003); *see also Barrios v. California Interscholastic Federation*, 277 F.3d 1128, 1134 (9th Cir. 2002) ("a plaintiff 'prevails' when he or she enters into a legally enforceable settlement agreement against the defendant"). "[P]revailing party status is determined by inquiring whether plaintiffs' actual relief on the merits of [their] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Richard S.*, 317 F.3d at 1087 (internal quotations and citations omitted). The settlement obtained by Plaintiffs in this case unquestionably meets this standard.

     Plaintiffs negotiated a legally binding and judicially enforceable settlement agreement in this case that achieves all of the relief sought in the Complaint and that will benefit all blind persons who wish to access Redbox's DVD, Blu-ray, and game rental services in California for years to come. Redbox's services were not accessible to blind customers before the litigation and they will become accessible as a result of the judicially enforceable settlement agreement achieved through the litigation. The settlement agreement also provides for significant monetary benefits to the class with a monetary settlement fund of $1.2 million. Plaintiffs have thus achieved a significant change in the relationship between the parties for purposes of recovering

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  their fees and costs in the case.

2      **C.**    **Plaintiffs' Lodestar Is Reasonable**

3      To calculate the amount of reasonable attorneys' fees, courts multiply the number of hours reasonably expended by the reasonable hourly rates to obtain the "lodestar." *See Hensley*, 461 U.S. at 433-34. The "resulting product *is presumed* to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986) (original emphasis, internal quotations omitted); *accord*, *Ketchum v. Moses*, 24 Cal.4th 1122, 1131-32 (2001). Where, as here, the plaintiff obtained excellent results, the "attorney should recover a fully compensatory fee . . . encompass[ing] all hours reasonably expended on the litigation. . . ." *Hensley*, 461 U.S. at 435; *see also Cabrales v. City of Los Angeles*, 935 F.2d 1050, 1052-53 (9th Cir. 1991).

        1.    <u>Appropriate Hourly Rates Are Those Charged by San Francisco Bay Area Attorneys of Comparable Experience Who Handle Complex Litigation.</u>

    In the Ninth Circuit, "[r]easonable fees are . . . 'to be calculated according to the prevailing market rates in the relevant community.'" *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1545-46 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). The Ninth Circuit determines the reasonable hourly rate by looking at the prevailing market rate "for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The "relevant community" is the forum district for the action in which fees are sought. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). Here, the relevant community is the San Francisco Bay Area and the reasonableness of rates charged should be determined by reference to the rates charged by Bay Area attorneys with commensurate skill, experience, and reputation.

    Moreover, attorneys' fee awards in complex civil rights cases are "governed by the same standards which prevail in other types of *equally complex federal litigation*. . . ." *Hensley,* 461 U.S. at 430 n. 4 (complex civil rights case compared with complex antitrust litigation for

/ / /

*Lighthouse for the Blind, et al., v. Redbox Retail, et al.,* **Case No.: C12-00195 PJH**
**MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**     **8**

purposes of awarding attorney's fees) (emphasis added); *Bernardi v. Yeutter*, 951 F.2d 971, 974 (9th Cir. 1991). Therefore, to determine applicable rates, the relevant inquiry is whether attorneys in the Bay Area with commensurate skill, experience, and reputation in handling *complex litigation* charge rates comparable to those sought by Plaintiffs in this equally-complex, civil-rights class action. Plaintiffs provide the Court in their supporting papers filed concurrently with this motion a summary of the fees incurred in this case using their current rates. *See* Paradis Decl. Exh. B; Koslofsky Decl. ¶ 2. These documents clearly indicate that the agreed upon amount for work done through final approval of the settlement agreement ($725,000 in attorneys' fees and costs) will be well below the Lodestar, which, nearly two months before final approval, is far higher than that amount (as of October 27, 2014 the Lodestar for the case was 1,179,605.50). Paradis Decl. ¶ 16; Koslofsky Decl. ¶ 2.

Plaintiffs and the class were represented by Disability Rights Advocates ("DRA"), one of the leading disability rights law firms in the country. DRA is headquartered in the San Francisco Bay Area and specializes in complex litigation on behalf of people with disabilities. Paradis Decl. at ¶ 8. DRA has regularly and recently been awarded rates based on the rates charged by the major Bay Area law firms that handle complex litigation. *See e.g.*, *Enyart v. National Conference of Bar Examiners*, Case No. 3:09-cv-05191-CRB (N.D. Cal., May 15, 2012); *Communities Actively Living Independent and Free et al. v. City and County of Los Angeles*, Case No. 09-cv-00287-CBM-RZ (C.D. Cal., Jun. 10, 2013) (hereafter "*CALIF*"); *id*. at ¶ 24 and Exhs. D and E. Prior fee awards have approved DRA's historical rates on multiple occasions, including the rates for 2012 and 2011. *Id.*

The Law Offices of Jay B. Koslofsky also represented Plaintiffs and the class. Mr. Koslofsky, the firm's principal attorney, has extensive experience litigating class-action civil rights cases, including disability rights actions. Koslofsky Decl. ¶¶ 4-5.

Plaintiffs also submit the declaration of William Alderman, a seasoned Bay Area securities litigator with significant experience and expertise regarding prevailing billing rates for Bay Area attorneys who handle complex litigation. Mr. Alderman is the co-author of the chapter entitled "Fee Arrangements" in West Group's treatise, "Successful Partnering Between Inside

and Outside Counsel." *See* Declaration of William Alderman in Support of Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs ("Alderman Decl."), ¶ 9. Mr. Alderman's declaration confirms that the rates requested by Class Counsel are well within the range of market rates for Bay Area attorneys who handle comparable, complex litigation. *Id.* at ¶¶ 13-14.

### 2. <u>The Rates Requested by Class Counsel Are Reasonable</u>

The rates requested by Class Counsel are reasonable when taking into account the skill of the attorneys involved in this litigation and are well within the range of rates for attorneys in the San Francisco Bay Area of comparable skill, qualifications, reputation, and experience who are paid hourly in non-contingent cases. Alderman Decl. ¶ 13.

The requested 2014 hourly rate of $845 for Laurence Paradis is reasonable given his extensive legal experience and exhaustive knowledge of disability rights law and litigation strategy. *Id*. at ¶ 14. Paradis Decl. at ¶¶ 4-6. Mr. Paradis is a graduate of Harvard Law School and has specialized in disability rights litigation for over 20 years. Paradis Decl. at ¶ 4-5. He is the Co-Director of Litigation at DRA and is considered one of the foremost experts nationally on civil rights and disability law. Mr. Paradis has been lead counsel in a number of groundbreaking cases throughout his career and received the California Attorney of the Year award from California Lawyer Magazine in 2003 and 2011 and the Trial Lawyer of the Year Award from the San Francisco Trial Lawyers Association for his work on precedent setting disability rights cases. *Id.* At ¶¶ 5-6. Mr. Paradis's 2012 hourly rate of $800 was approved by a court in the Central District of California – the most recent fee application to address his rate. *See* Paradis Decl. Exh. C.

Jay Koslofsky's requested hourly rate of $825 is consistent with rates for other attorneys with similar skill and experience. Mr. Koslofsky has over 35 years of experience representing plaintiffs in civil rights cases and extensive experience litigating class actions. Koslofsky Decl. ¶¶ 3-5. Mr. Koslofsky is also experienced with disability litigation, having served as a Senior Attorney and Managing Attorney at Disability Rights California. *Id.* At ¶ 4. In that role, Mr. Koslofsky was counsel in *Brantley v. Maxwell Jolly*, C 09-03798 (N.D. Cal. 2009), a class action that successfully secured an injunction to prevent statewide budget cuts to California's Medicaid

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

program. *Id.* At ¶ 5.  Mr. Koslofsky was also class counsel in *Henderson v. Mangrobang*, Alameda County Superior Court, Case No. 2002-069631, a housing discrimination class action on behalf of tenants with disabilities.  *Id.*

Stuart Seaborn's requested 2014 hourly rate of $675 is also reasonable.  Mr. Seaborn is a Senior Staff Attorney at DRA and the former Managing Attorney at the Sacramento Regional Office of Disability Rights California.  Paradis Decl. ¶ 27.  Mr. Seaborn received his law degree from University of California, Los Angeles in 1998 and has been litigating complex civil rights cases for over fifteen years.  *Id.*  He is lead counsel in *United Spinal Association et al. v. Board of Elections in the City of New York et al.*, Case No. 10-cv-05653 (S.D.N.Y.), a ground-breaking voting-rights case that was recently affirmed by the Second Circuit Court of Appeals, resulting in an injunction to remove accessibility barriers at all 1,300 polling sites in New York City.  *Id.*

The requested rates for the other attorneys at DRA who worked on the litigation are also reasonable. Alderman Decl., ¶¶ 13-14.  The requested rates range from $690 per hour for a 1999 graduate of University of California, Berkeley School of Law to $350 per hour for a 2011 graduate of Stanford Law School.  Paradis Decl., ¶¶ 26, 28.  Additionally, Class Counsel's requested hourly rates for litigation assistants, paralegals, and summer associates are reasonable and range from $195 to $270 per hour.  *Id.* At ¶ 29; Alderman Decl., ¶ 13.

### 3. <u>All Hours Included in the Lodestar Were Reasonably Required</u>

This case has involved a significant commitment of time by Class Counsel over more than three years, and the work is ongoing. Class Counsel devoted a reasonable amount of time to develop the case and the legal and factual theories, prepare the complaint, litigate Defendant Save Mart's Motion to Dismiss, and prepare Plaintiffs' first discovery requests in light of the novel claims and the unique technical issues that were central to the desired relief for the Plaintiff Class.

In settlement negotiations, Class Counsel committed a reasonable amount of time necessary to obtain the results achieved in light of the complexity of the access barriers at issue and the significant exchanges of information with Defendants that were necessary to assess the feasibility of the relief sought by the Plaintiff Class. Class Counsel prepared for and attended six

day-long mediation sessions, two additional in-person meetings with Defendants, and numerous telephonic conferences with Defendants. Class counsel also took the lead in drafting the settlement agreement, the motion for preliminary approval and supporting papers, the class notices, the claim forms, and other papers jointly filed with the court.

Moreover, Class Counsel expended only as much time as was needed to fully protect the interests of the class and to successfully litigate and settle this matter. At all times throughout this case, work was assigned to individuals within DRA and the Law Offices of Jay Koslofsky according to their expertise and level of experience, and only a core group of three to four attorneys at worked on the matter at all stages of the litigation and settlement negotiations. *See* Paradis Decl. ¶ 18.

### D. **Plaintiffs Are Entitled to Reasonable Fees and Costs for Monitoring Compliance with the Settlement**

Plaintiffs are entitled to reasonable fees and costs for monitoring compliance with the settlement. *See Delaware Valley Citizens' Council*, 478 U.S. at 558-59 (post-judgment monitoring is compensable activity for which counsel is entitled to a reasonable fee.); *see also Gates v. Rowland*, 39 F.3d 1439, 1449-50 (9th Cir. 1994) (court affirming fee award which includes fees and costs for monitoring work.). Here the parties have agreed to designate $75,000 of the total amount designated for fees and costs in the settlement agreement for monitoring Redbox's compliance with the terms of the settlement over the three-and-a-half year implementation period. Monitoring activities will include reviewing the design of the prototype for the accessibility modifications to the Redbox kiosks, reviewing the reports from the Lighthouse for the Blind regarding field testing of the accessibility solutions, and responding to inquiries from class members and community organizations about the impact of the settlement and the relief for the class. Class counsel anticipate that their total fees and costs for monitoring work during the oversight period will exceed the $75,000 Class Counsel will receive under the terms of the settlement agreement for monitoring. *See* Paradis Decl. at ¶ 17.

### E. **Plaintiffs Are Entitled to Their Litigation Costs and Expenses**

Unless otherwise provided by law or court order, "costs – other than attorneys' fees – should be

1  allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  Here, Class Counsel have incurred

2  $60,591.16 in reimbursable costs. Paradis Decl., ¶ 30 and Exh. F.  The requested costs properly

3  include the expenses of experts. *See Lovell v. Chandler*, 303 F.3d 1039, 1058-1059 (9th Cir.

4  2002) (ADA authorizes award of expert witness fees to prevailing plaintiffs).  The total costs and

5  expenses at issue are reasonable given the highly technical nature of the relief sought in the

6  litigation and the extensive negotiations that led to the settlement agreement in this case.

7  Plaintiffs' litigation costs and expenses are itemized in Exhibit F attached to the Declaration of

8  Laurence Paradis.

9  **V.  CONCLUSION**

10  For the reasons discussed above, Plaintiffs respectfully request that the Court enter an

11  order approving the amount of $800,000 in attorneys' fees and costs to be paid to Class Counsel

12  for their work on this matter, including future work monitoring Defendant Redbox's compliance

13  with the terms of the settlement agreement.

16  Dated: October 29, 2014                    DISABILITY RIGHTS ADVOCATES

19                                             _____
                                               Michael Nunez
                                               Attorneys for Plaintiffs